UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY §<br>§<br>PLAINTIFF, §<br>§<br>v. §<br>§<br>LILLIAN MILLS, in her official capacity §<br>as Dean of the McCombs School of §<br>Business at the University of Texas at §<br>Austin; ETHAN BURRIS, in his official §<br>capacity as Senior Associate Dean for §<br>Academic Affairs of the McCombs School §<br>of Business at the University of Texas- §<br>Austin; and SHERIDAN TITMAN, in his §<br>official capacity as Finance Department §<br>Chair for the McCombs School of §<br>Business at the University of Texas- §<br>Austin, §<br>§<br>DEFENDANTS. §<br>§ | Case No. 1:23-CV-129-LY |

**DEFENDANTS' UNOPPOSED EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING AND PERMANENT INJUNCTION RESPONSE**

Defendants Lillian Mills, Ethan Burris, and Sheridan Titman (collectively, "UT" and "Defendants") file their Unopposed Emergency Motion for Extension of Time to File Responsive Pleading and Preliminary Injunction Response (the "Motion") and would respectfully show as follows:

**I.
INTRODUCTION**

1.      Cause exists to grant Defendants a brief extension of time to file (1) a responsive pleading to Plaintiff's Original Complaint (the "Complaint") and (2) their response to Plaintiff's

Motion for Preliminary Injunction (the "PI"). Both filings are presently due on Friday, March 3, 2023.

2. Defendants were able to engage Jackson Walker LLP ("Jackson Walker") as counsel only two days ago. Counsel for Defendants require additional time to review the Complaint, investigate the facts and claims alleged, and confer with their clients to prepare a responsive pleading. Likewise, counsel requires additional time to properly investigate the allegations contained in the Complaint and PI in order to present a complete factual record and legal arguments for the Court to consider when ruling on the PI. This extension of time is not sought merely for delay, but so that justice may be done.

3. Defendants request the Court grant leave and extend the time for filing Defendants' responsive pleading and response to the PI by eleven days, creating a new due date of Tuesday March 14, 2023.

4. Counsel for Defendants have conferred with counsel for Plaintiff who stated that Plaintiff is unopposed to this extension request.

## II.
## BACKGROUND

5. This case is in its infancy. Plaintiff Richard Lowery filed his Complaint on February 8, 2023. Lowery asserts various claims under 42 U.S.C. § 1983 against UT, alleging violations of his First Amendment rights.

6. Defendants were served with their summons on February 13, 2023. On February 17, 2023, Lowery filed the PI. UT waived service of the PI and received it that same day. Lowery's Complaint and PI ask this Court to enjoin Defendants from engaging in certain conduct based upon his view that such conduct violates his First Amendment rights. Lowery's allegations against UT

warrant a thorough investigation, and UT should be given time to provide the Court a thorough response.

7. Notably, at the time UT accepted service of the PI, UT had requested representation from the Office of the Attorney General. UT informed the Plaintiffs that their request had yet to receive a response from that office.

8. On February 27, 2023, four days before the deadlines, UT received authorization from the Office of the Attorney General to retain outside counsel, and Jackson Walker was finalized as counsel late in the day on February 28, 2023. Thus, Jackson Walker could not reasonably begin work on this case until yesterday, March 1, 2023, leaving less than three full days to prepare both a responsive pleading and a response to Plaintiff's PI.

9. Between the Complaint, PI, and the exhibits attached thereto, Plaintiff has served close to 140 pages of facts, arguments, and exhibits that need to be reviewed and investigated.

## III.
## ARGUMENT AND AUTHORITIES

10. Ordinarily, a defendant's responsive pleading to a plaintiff's original complaint is due within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Local Rule CV-7(D)(2) provides that a response to "other motions," such as a motion for preliminary injunction, is due no later than 14 days after its filing.

11. However, the Court is free to extend the time to file a responsive pleading or response "for good cause" if such a request is made before the original time expires. Fed. R. Civ. P. 6(b). A motion for extension of time "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Bakri v. Nautilus Ins. Co.*, No. 3:21-CV-2001-N, 2023 WL 1805142, at *1 (N.D. Tex. Feb. 7, 2023) (citing 4B CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2008)).

12. The Court should grant such an extension here. Jackson Walker requires time to thoroughly review Plaintiff's filings, investigate the facts and legal claims alleged, and prepare a thorough and complete responsive pleading. Moreover, counsel needs time to interview the Defendants and any possible witnesses, gather exhibits, and research the relevant law before being able to properly respond to the PI. The eleven days requested will allow counsel to provide Defendants the representation to which they are entitled.

13. Courts routinely grant extensions of time where a state-government defendant needed time to obtain and engage representation that encroached upon the deadline for its responsive pleading. *See Patrick v. N.J. State Prison*, No. 18-17324-FLW, 2023 WL 1420444, at *1 & n.1 (D.N.J. Jan. 31, 2023) (granting 60-day extension where attorney general's office was "engaged in the process of determining representation for the various individual defendants"); *Gough v. Sines*, No. RBD-20-3349, 2022 WL 204639, at *2 (D. Md. Jan. 24, 2022) (extending answer deadline for defendant who had "requested representation from the Office of the Attorney General and was awaiting a determination from that office regarding whether they would represent him"); *Moquin v. Wise*, No. ELH-18-1107, 2020 WL 6263423 (D. Md. Oct. 22, 2020) (granting 60-day extension when defendant's answer deadline would otherwise expire while "the Office of the Maryland Attorney General was in the process of investigating whether it would represent him in this suit"); *Brown v. New Jersey*, No. 09-434-JBS-AMD, 2009 WL 1411099, at *2 (D.N.J. May 18, 2009) (granting 60-day extension of answer deadline when deputy attorney general was not assigned to represent defendants until after their answer deadline had passed); *Morehouse v. Vasqus*, No. 17-CV-4836-KMK, 2018 WL 4211320, at *1 n.1 (S.D.N.Y. Sept. 4, 2018) (extending

answer deadline for defendant "who is not currently represented by the New York Attorney General's Office"); *Albritton v. Morris*, No. 13-CV-3708, 2016 WL 1267799, at *8 (S.D.N.Y. Mar. 3, 2016) (extending answer deadline "until 30 days after the last-named Defendant had been served and requested representation from the Office of the Attorney General").

14. Finally, there is neither bad faith on behalf of the Defendants, nor prejudice to the Plaintiff, to warrant denial of this motion. Counsel for Defendants are filing this Motion promptly after their representation was finalized. And Defendants promptly sought representation from the Office of the Attorney General before needing to seek outside counsel. Plaintiff will suffer no prejudice from the requested extension of time given that he is unopposed to the requested relief.

## IV.
## PRAYER

Defendants respectfully request the Court grant leave and extend the current deadlines, creating a new due date of March 14, 2023, for the responsive pleading to Plaintiff's Original Complaint and for the response to Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

JACKSON WALKER LLP

By: */s/ Charles L. Babcock*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on March 1 & 2, 2023, I corresponded via email with Plaintiff's counsel to discuss the subject of this motion. On March 2, 2023, Plaintiff's counsel stated that Plaintiff is unopposed to an extension of the current deadlines to Tuesday, March 14, 2023.

*/s/ Joel R. Glover*
Joel R. Glover

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

*/s/ Joel R. Glover*
Joel R. Glover