# Exhibit 14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **Richard Lowery**, on behalf of himself and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>**Texas A&M University System**; **Tim Leach**, in his official capacity as chairman of the Board of Regents of the Texas A&M University System; **Bill Mahomes**, in his official capacity as Vice Chairman of the Board of Regents of the Texas A&M University System; **Robert L. Albritton**, **James R. Brooks**, **Jay Graham**, **Michael A. Hernandez III**, **Elaine Mendoza**, **Michael J. Plank**, **Cliff Thomas**, and **Demetrius L. Harrell Jr.**, each in their official capacities as members of the Board of Regents of the Texas A&M University System; **Annie S. McGowan**, in her official capacity as Vice President and Associate Provost for Diversity at Texas A&M University; **N.K. Anand**, in his official capacity as Vice President for Faculty Affairs at Texas A&M University,<br><br>               Defendants. | Case No. 4:22-cv-3091 |

## CLASS-ACTION COMPLAINT

Federal law prohibits universities that accept federal funds from discriminating on account of race or sex. *See* 42 U.S.C. § 2000d (Title VI); 20 U.S.C. § 1681 (Title IX). The Texas A&M University System is flouting these requirements by using race and sex preferences in faculty hiring and compensation—a practice that violates the clear and unequivocal text of Title VI and Title IX, as well as the Equal Protection Clause

of the Fourteenth Amendment. The plaintiff brings suit to enjoin these discriminatory practices, and to ensure that all components of the Texas A&M University System comply with their obligations under federal anti-discrimination law.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Richard Lowery is a resident of Texas and an associate professor of finance at the University of Texas at Austin.

4. Defendant Texas A&M University System is located in College Station, Texas. It can be served at its Office of the General Counsel, located at 301 Tarrow Street, College Station, Texas 77840-7896.

5. Defendants Tim Leach, Bill Mahomes, Robert L. Albritton, James R. Brooks, Jay Graham, Michael A. Hernandez III, Elaine Mendoza, Michael J. Plank, Cliff Thomas, and Demetrius L. Harrell Jr. are chair, vice-chair, and members of the Board of Regents of the Texas A&M University System. Each of these defendants is sued in their official capacity.

6. Defendant Annie S. McGowan is Vice President and Associate Provost for Diversity at Texas A&M University. She is sued in her official capacity.

7. Defendant N.K. Anand is Vice President for Faculty Affairs at Texas A&M University. He is sued in his official capacity.

## STATEMENT OF FACTS

8. The Texas A&M University System, along with nearly every university in the United States, discriminates on account of race and sex when hiring its faculty, by

giving discriminatory preferences to female or non-Asian minorities at the expense of white and Asian men. This practice, popularly known as "affirmative action," has led universities to hire and promote inferior faculty candidates over individuals with better scholarship, better credentials, and better teaching ability.

9.   These race and sex preferences are patently illegal under Title VI and Title IX, which prohibit all forms of race and sex discrimination at universities that receive federal funds. But university administrators think they can flout these federal statutes with impunity because no one ever sues them over their discriminatory faculty-hiring practices and the Department of Education looks the other way.

10.   These discriminatory, illegal, and anti-meritocratic practices have been egged on by woke ideologues who populate the so-called diversity, equity, and inclusion offices at public and private universities throughout the United States. The existence of these offices is subverting meritocracy and encouraging wholesale violations of civil-rights laws throughout our nation's university system.

11.   On July 8, 2022, a memo was sent from the Texas A&M "office for diversity," to all deans at the university. The memo was signed by Annie McGowan, the vice president and associate provost for diversity, and N.K. Anand, the vice president for faculty affairs. The memo says:

> Effective July 1, 2021, Texas A&M was officially recognized as a Hispanic Serving Institution (HSI) by the United States Department of Education. As an HSI, Texas A&M is charged with expanding the capacity of low-income, first-generation Hispanic students, and other underserved students and their communities. Increasing opportunities for underserved students to interact and engage with faculty that share their ethnic, life, and cultural experiences are essential to achieving this goal. The presence of faculty of color is also integral to the University's mission to provide the highest quality of undergraduate and graduate education and develop new understandings through research and creativity.

> ACES Plus was created to ensure promising faculty to come to Texas A&M. For the FY 23 and FY 24, the VP for Faculty Affairs will allocate a sum of $2 million for the ACES Plus Program. The funds will be used to provide 50% matching base salary and benefits, up to a maximum contribution of $100,000 (salary and fringe) for new mid-career and senior tenure-track hires **from underrepresented minority groups, that contribute to moving the structural composition of our faculty towards parity with that of the State of Texas**. Consistent with our land-grant mission, and as defined NIH policy, Texas A&M defines URMs as African Americans, Hispanic/Latino Americans, Native Americans, Alaskan Natives, and Native Hawaiians.

*See* Exhibit 1 (emphasis added).

12. Texas A&M's decision to set aside funds to supplement the salaries of faculty members from "underrepresented minority groups" is a flagrant violation of Title VI.

13. Texas A&M's proclaimed goal of establishing a faculty whose racial composition attains "parity with that of the state of Texas" seeks to achieve racial balancing, which is flatly illegal under Title VI and the binding precedent of the Supreme Court. *See Grutter v. Bollinger*, 539 U.S. 306, 330 (2003) ("[O]utright racial balancing . . . is patently unconstitutional.").

14. Texas A&M University has also established faculty-hiring lines that are reserved exclusively for members of "underrepresented" (read: non-Asian) racial minorities. On August 26, 2022, a faculty member at Texas A&M's business school e-mailed Shane A. Johnson, the head of the recruiting committee for the department of finance for 2022–23 academic year, after hearing that one of the faculty-hiring lines in the department of finance was being set aside for an "underrepresented" racial minority. *See* Exhibit 2 ("I heard from someone that one of our lines is reserved for an 'underrepresented minority.' Is that correct?").

15. Later that day, Professor Johnson e-mailed back confirming that this was indeed the case:

> The underrepresented line would potentially be a third position, so yes reserved, but not one of our "regular" positions.

Exhibit 2.

## FACTS RELATED TO STANDING

16. Professor Richard Lowery is an associate professor of finance at the University of Texas at Austin.

17. Professor Lowery stands "able and ready" to apply for a faculty appointment at Texas A&M University. *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003); *Northeast Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

18. But the racial preferences and set-asides established by Texas A&M prevent Professor Lowery from competing with other applicants for these faculty positions on an equal basis. This inflicts injury in fact. *See Gratz*, 539 U.S. at 261; *Jacksonville*, 508 U.S. at 666.

19. This injury is caused by Texas A&M's use of racial preferences and set-asides in faculty hiring, and it will be redressed by a declaratory judgment and injunction that bars the university from considering race or sex when appointing or compensating its faculty.

20. Professor Lowery sues on behalf of a class of all white and Asian men who stand "able and ready" to apply for faculty appointments at Texas A&M.

## COUNT 1—VIOLATIONS OF TITLE VI AND TITLE IX

21. Texas A&M University and its components are violating Title VI and Title IX by discriminating in favor of female and "underrepresented" minority faculty candidates and against white and Asian men.

22. Texas A&M University is a "program or activity" that "receives Federal financial assistance" within the meaning of Title VI and Title IX.

23. Professor Lowery therefore seeks declaratory and injunctive relief that prohibits the Texas A&M University System from discriminating on account of race and

sex in the appointment, promotion, and compensation of its faculty, and that compels the university system to appoint, promote, and compensate its faculty in a color-blind and sex-neutral manner.

24. Professor Lowery seeks this relief under Title VI, Title IX, 42 U.S.C. § 1983, and any other law that might supply a cause of action for the requested relief.

## COUNT 2—VIOLATIONS OF 42 U.S.C. § 1981

25. 42 U.S.C. § 1981(a) guarantees individuals the same right to make and enforce contracts without regard to race. *See* 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens").

26. 42 U.S.C. § 1981(a) protects whites (and Asians) on the same terms that it protects "underrepresented" racial minorities. *See McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 295 (1976) ("[T]he Act was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race.").

27. Texas A&M University is violating 42 U.S.C. § 1981(a) by discriminating in favor of "underrepresented" minorities in its faculty hiring, and against whites and Asians.

28. Professor Lowery therefore seeks declaratory and injunctive relief that prohibits the Texas A&M University System from discriminating on account of race in the appointment, promotion, and compensation of faculty, and that compels the university system to appoint, promote, and compensate faculty in a color-blind manner.

29. Professor Lowery seeks this relief under 42 U.S.C. § 1983, as well as the implied right of action that the Supreme Court has recognized to enforce 42 U.S.C. § 1981(a), and any other law that might supply a cause of action for the requested relief. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60 (1975).

## COUNT 3—EQUAL PROTECTION CLAUSE

30. As a public university, Texas A&M is subject to the commands of the Equal Protection Clause, which prohibits state universities from denying to any person the equal protection of the laws.

31. The Supreme Court has held that the Equal Protection Clause prohibits race and sex discrimination by state universities in all but the most compelling situations. *See Grutter v. Bollinger*, 539 U.S. 306 (2003); *United States v. Virginia*, 518 U.S. 515, 531 (1996) ("Parties who seek to defend gender-based government action must demonstrate an 'exceedingly persuasive justification' for that action.").

32. The holdings of *Fisher v. University of Texas at Austin*, 136 S. Ct. 2198 (2016), and *Grutter v. Bollinger*, 539 U.S. 306 (2003), which purport to permit racial preferences in the context of public-university student admissions, are inapplicable to faculty-hiring decisions.

33. In all events, Texas A&M's fixed set-asides for non-Asian racial minorities is a constitutionally forbidden quota that fails even if one were to assume that *Grutter* and *Fisher* govern a public university's faculty-hiring decisions. *See Grutter*, 539 U.S. at 328 ("[A] race-conscious admissions program cannot use a quota system").

34. Professor Lowery therefore seeks declaratory and injunctive relief that prohibits the Texas A&M University System from discriminating on account of race and sex in any manner outside the narrow context of student admissions.

35. Professor Lowery seeks this relief under 42 U.S.C. § 1983 and any other law that might supply a cause of action for the requested relief.

## DEMAND FOR RELIEF

36. Professor Lowery respectfully requests that the court:

    a. certify the class described in paragraph 20;

    b. declare that the Texas A&M University system is violating Title VI, Title IX, 42 U.S.C. § 1981(a), and the Equal Protection Clause by

  discriminating in favor of women and non-Asian racial minorities in the appointment, promotion, and compensation its faculty;

c.  permanently enjoin the Texas A&M University system from considering race or sex in the appointment, promotion, or compensation of its faculty;

d.  appoint a court monitor to oversee all decisions relating to the appointment, promotion, and compensation of faculty at the Texas A&M University system to ensure that these decisions are free from race and sex discrimination of any sort, and require that all decisions relating to the appointment, promotion, and compensation of faculty at the Texas A&M University system be pre-cleared by this Court;

e.  appoint a court monitor to oversee the "diversity office" at the Texas A&M University system to ensure that it does not aid or abet violations of the nation's civil-rights laws;

f.  award costs and attorneys' fees;

g.  grant all other relief that the Court deems just, proper, or equitable.

              Respectfully submitted.

              */s/ Jonathan F. Mitchell*

GENE P. HAMILTON        JONATHAN F. MITCHELL
Virginia Bar No. 80434       Mitchell Law PLLC
Vice-President and General Counsel   111 Congress Avenue, Suite 400
America First Legal Foundation    Austin, Texas 78701
300 Independence Avenue SE    (512) 686-3940 (phone)
Washington, DC 20003      (512) 686-3941 (fax)
(202) 964-3721         jonathan@mitchell.law
gene.hamilton@aflegal.org

              *Counsel for Plaintiff*
Dated: September 10, 2022     *and Proposed Class*