UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY §<br>§<br>PLAINTIFF, §<br>§<br>v. §<br>§<br>LILLIAN MILLS, in her official capacity §<br>as Dean of the McCombs School of §<br>Business at the University of Texas at §<br>Austin; ETHAN BURRIS, in his official §<br>capacity as Senior Associate Dean for §<br>Academic Affairs of the McCombs School §<br>of Business at the University of Texas- §<br>Austin; and SHERIDAN TITMAN, in his §<br>official capacity as Finance Department §<br>Chair for the McCombs School of §<br>Business at the University of Texas- §<br>Austin, §<br>§<br>DEFENDANTS. § | Case No. 1:23-CV-00129-LY |

**DEFENDANTS' RESPONSE TO THE MOTION FOR EXPEDITED DISCOVERY**

TABLE OF CONTENTS

DEFENDANTS' RESPONSE TO THE MOTION FOR EXPEDITED DISCOVERY ................................................. I

TABLE OF AUTHORITIES ........................................................................................................................ III

I.    INTRODUCTION ............................................................................................................................. 1

II.    BACKGROUND .............................................................................................................................. 1

III.    AS PLAINTIFF CONCEDES, COURTS PERMIT EXPEDITED DISCOVERY ONLY FOR "GOOD CAUSE" SHOWN UNDER FIVE COMMONLY APPLIED FACTORS. ........................................................ 5

    A.    FACTOR ONE: THE EXPEDITED DISCOVERY REQUEST CAME AFTER THE PENDING PRELIMINARY INJUNCTION RECORD WAS COMPLETE AND WEIGHS AGAINST DISCOVERY ........................................................................................................... 5

    B.    FACTOR TWO: THE BREADTH OF THE DISCOVERY WEIGHS AGAINST "GOOD CAUSE" ............................................................................................................................ 6

    C.    FACTOR THREE: PURPOSE OF EXPEDITED DISCOVERY DISFAVORS THE MOTION ............................................................................................................................... 8

    D.    FACTORS FOUR & FIVE: BURDEN ON DEFENDANTS AND HOW FAR IN ADVANCE DISCOVERY WAS REQUESTED WEIGHS AGAINST THE REQUESTED DISCOVERY ............ 8

IV.    THE COURT SHOULD NOT AUTHORIZE ANY DISCOVERY UNLESS IT FIRST DETERMINES THAT IT HAS JURISDICTION OVER THIS CASE. ................................................................................. 8

V.    ANY ORDERED DISCOVERY SHOULD APPLY TO BOTH PARTIES EQUALLY. ................................ 9

CONCLUSION ...................................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Williamson Cnty.*,
   2021 WL 4340514, Civ. No. 1-21-CV-615-LY (W.D.Tex., Sep. 23, 2021) .......................................8

*Bell v. Keating,*
   697 F.3d. 445,454 (7th Cir. 2012) ..................................................................................................3

*In re DePinho,*
   505 S.W.3d 621 (Tex. 2016)............................................................................................................9

*DIRECTV, LLC v. WNK Assocs.*,
   2022 U.S. Dist. LEXIS 228810, C.A. No. 6-22-CV-00423-JDK (E.D.Tex, Dec.
   20, 2022) ..........................................................................................................................................6

*In re FDIC*,
   58 F.3d 1055 (5th Cir. 1995)...........................................................................................................7

*In re FDIC*,
   58 F.3d 1060 (5th Cir. 1995)...........................................................................................................7

*Geter v. Fortenberry,*
   849 F.2d 1550 (5th Cir. 1988) ........................................................................................................9

*Jani-King of Miami, Inc. v. Liecht*,
   2023 U.S. Dist. LEXIS 34690, C.A. No. 3:23-CV-0389-B (N.D. Tex., Mar. 2,
   2023)..................................................................................................................................................6

*Laird v. Tatum,*
   408 U.S. 1 (1972).............................................................................................................................3

*Laufer v. Patel*,
   2021 WL 327704, No. 1:20-cv-631-RP (W.D. Tex. 2021)...........................................................9

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992).........................................................................................................................9

*Netchoice v. Paxton*,
   2021 U.S. Dist. LEXIS 253993, No. 1:21-CV-840-RP (W.D. Tex., Oct. 22, 2021) ...................6

*Nieto v. San Perlita I.S.D.*,
   894 F.2d 174 (5th Cir. 1990)...........................................................................................................9

*In re Office of Inspector Gen.*,
   933 F.2d 276 (5th Cir. 1991) (per curiam)....................................................................................7

*Oyekwe v. Research Now Grp., Inc.*,
  2020 WL 1064868, No. 3:19-cv-1085-S-BN (N.D.Tex. Mar. 4, 2020) ................................. 7

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
  506 U.S. 139 (1993) .......................................................................................................... 9

*PA Advisors, LLC v. Google, Inc.*,
  2009 WL10741630, C.A. No. 2:07-CV-480 (E.D.Tex., Aug. 28, 2009) ............................. 8

*Pool v. City of Hous.*,
  586 F.Supp.3d 603 (S.D.Tex. 2022) ................................................................................... 3

*Speech First, Inc. v. Fenves*,
  979 F.3d 319 (5th Cir. 2020) .............................................................................................. 2

*Stockade Cos., LLC v. Kelly Rest. Grp., LLC*,
  2017 U.S. Dist. LEXIS 94097, No. 1:17-CV-143-RP (W.D. Tex. Jun. 19, 2017) .............. 6

*In re United States*,
  985 F.2d 510 (11th Cir. 1993)(per curiam) ........................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 30(d)(1) ............................................................................................................. 8

Defendants Lillian Mills, Ethan Burris, and Sheridan Titman (collectively "Defendants") respond to Plaintiff Richard Lowery's ("Plaintiff" or "Lowery") motion for expedited discovery (Dkt. 16) ("Motion") as follows:

## I. INTRODUCTION

The Motion should be denied because: 1) The Preliminary Injunction Record is complete with both sides submitting voluminous Declarations and Exhibits. The requested discovery is either duplicative of evidence already in the record or irrelevant to the preliminary injunction and to delay the PI argument for discovery will complicate the proceedings, waste the Court's time and resources and cost the Defendants unnecessary expense; 2) Plaintiff admits he must show "good cause" to obtain expedited discovery but does not address the five factors customarily used to measure that standard and, instead, advances vague, over-broad, off point and unpersuasive reasons to justify his motion; and 3) Defendants have filed a motion to dismiss for lack of jurisdiction and discovery should await its resolution especially when the lawsuit is against government officials acting in their official capacity who challenge subject matter jurisdiction based on sovereign immunity and lack of standing and ripeness.

## II. BACKGROUND

The Motion purports to be "in support of [Plaintiff's] Motion for Preliminary Injunction (Dkt. 8)" (Motion at 2)[1] but it is **already supported** by two Declarations and eighteen exhibits (totaling 113 pages) (Dkt. 8-1 through 8-20). Defendants' response, filed on an expedited basis at Plaintiff's insistence[2], completes the record and submits 21 exhibits, including four declarations (Dkt. 14) ("PI

---

[1] All references are to the ECF page.

[2] Defendants secured representation only three days before the PI response was due despite their diligence in obtaining counsel. Upon being retained the undersigned counsel sought a 30 day extension to investigate the facts, assemble a complete PI record, and prepare Defendants' response including a separate motion to dismiss. Lowery would not agree, claiming that he needed a resolution of the PI Motion as soon as possible. Defendants then asked for an extension of fourteen days, but Lowery would only agree to eleven. The Defendants' PI response, complete PI record and motion to dismiss were completed and filed within the eleven day extension.

1

Response"). The PI Response also challenges the Court's subject matter jurisdiction on standing, ripeness and sovereign immunity grounds, as explained more fully in Defendants' contemporaneously filed Motion to Dismiss (Dkt. 15) ("Dismissal Motion"). This week Plaintiff filed a Reply Brief (Dkt. 17) and attached his additional nine page Declaration and a three page exhibit. (Dkt. 17-1 and 17-2) Thus, the PI Motion is fully briefed, contains a full record, and the issue of the Court's jurisdiction is before it.

The stage is therefore set for the Court to hear argument at a hearing based upon the papers, as it did in *Speech First, Inc. v. Fenves,* 979 F.3d 319 (5th Cir. 2020), decide whether it has jurisdiction, and, if it does, determine whether Plaintiff is entitled to injunctive relief. But despite claiming "irreparable harm" because "[he] has been self-censoring since August 2022" (PI Motion at 25), Plaintiff now seeks to delay consideration of the PI Motion including the jurisdictional issues until after Defendants and two non-parties produce documents and Plaintiff takes five depositions (including the two non-parties who are both "apex" witnesses (University President Jay Hartzell and Deputy to the President Nancy Brazil whose subpoenas will invite motion practice). Lowery asks that this discovery take place before May 1, 2023. Motion at 2–3. If this "expedited discovery" is allowed (and it should not be) Defendants would then be entitled to reciprocal discovery from Plaintiff and non-parties.

Even assuming the requested discovery relates to the PI Motion (it does not) and the discovery can be accomplished on the proposed schedule (unlikely), the deposition transcripts would not be available (unless Plaintiff or Defendants pay an expedited fee) until May 19, 2023 (following Plaintiff's proposed May 1 deposition deadline) and then, if either party uncovers something thought to be useful they would likely seek to supplement the PI Motion (and a motion to supplement might be opposed). This might lead to a request for further briefing with leave to file required. Thus, the PI Motion will not be ripe until sometime in the summer, almost a year after Lowery alleges that he reasonably

believed his speech was being chilled by Defendants. It is thus hard to credit Plaintiff's claim that "expedited discovery is particularly appropriate because of the expedited nature of injunction proceedings." Motion at 7. Here, through no fault of Defendants, Plaintiff has delayed five months and seventeen days between his claimed self-censorship and filing this suit, another nine days before moving for a preliminary injunction (with no claimed need for discovery) and now seeks further delay of *at least* another two months and eleven days for "expedited discovery" with almost certain additional delay associated with that discovery beyond Plaintiff's suggested May 1, 2023 date of completion. Plaintiff hardly seems to be in a hurry.

Moreover, what Lowery believed was a threat is not implicated in the requested expedited discovery. The record is already complete as to what he knew and therefore relied upon for his claimed self-censorship. Whether that reliance is objectively reasonable and thus a basis for an injunction as well as standing/ripeness and sovereign immunity is a matter of law for the Court. *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"); *Bell v. Keating*, 697 F.3d. 445,454 (7th Cir. 2012) ("[A] plaintiff's notional or subjective fear of chilling is insufficient to sustain a court's jurisdiction under Article III."); *Pool v. City of Houston,* 586 F.Supp.3d 603, 630 (S.D.Tex. 2022) ("To state a plausible First Amendment claim based on chilled speech, the plaintiffs must allege that they did not circulate petitions out of subjective and objectively reasonable fear that the City would enforce the unconstitutional Charter provisions against them.").

The inefficient use of the Court's time and waste of its resources under Plaintiff's proposed scheme is patent as is the unnecessary time and expense that will be incurred by Defendants. And it only gets worse after the PI Motion is ruled upon because, under Plaintiff's theory, merits discovery would begin in advance of a trial with the same witnesses being deposed a second time[3]. The Plaintiff

---

[3] There is, of course, the chance of an interlocutory appeal but that circumstance is not presently before the Court.

should be ordered to elect either a PI argument on the record he submitted to the Court and demanded of Defendants[4] or forego the PI Motion and combine the preliminary injunction request with his demand for a permanent injunction following a trial on the merits after appropriate, orderly discovery in the event Defendants' motion to dismiss is denied.

Even if the Court overlooks the impracticalities of Plaintiff's request, nevertheless, he is not entitled to expedited discovery because he must, as he concedes, demonstrate "good cause" (Motion at 6–7) ("Courts in this district generally use the 'good cause standard' (and) the burden of showing good cause is on the party requesting expedited discovery"). The Motion recites but does not apply the generally accepted factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose of the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See Id.* at 6.

The justifications for expedited discovery that Plaintiff does advance are insufficient. First, he argues that good cause is satisfied because the "information" is exclusively within the opposing parties' control (*Id.*) but whether Lowery has a subjective fear of censorship is something only he knows, *not* the Defendants. In his three Declarations filed with the Court in support of the PI Motion, Plaintiff has presumably provided whatever evidence he has on his claimed subjective fear. On August 22, 2022, when he claims he started self-censoring, he received an email from Defendant Titman and responded: "I consider this a threat". *See* Lowery Declaration (Dkt. 8-1 at 11). The Court can decide, without expedited discovery, whether this claimed threat and alleged fear is objectively reasonable in light of all the circumstances. Indeed, Plaintiff's just-filed PI Reply Brief (Dkt. 17) (attaching additional evidence) argues that his "chilling effect" claim is supported by "credible evidence" already in the record. *Id* at 2.

---

[4] *See* Footnote 2

Second, Plaintiff claims that "early discovery could help confirm that President Hartzell asked for Lowery to be silenced" (*id.*) but the discovery he seeks is immaterial to his First Amendment claim. Whatever Plaintiff hopes to learn now cannot change whether it was objectively reasonable for him to feel "chilled" last summer.

Third, Lowery also claims good cause is shown because "depositions will help to determine the contours of what the Defendants actually said to Carvalho and Lowery". (*Id.* at 8-9). But those witnesses have all testified about the conversations and their declarations are in the record.

Finally, Plaintiff says that "early discovery would help determine whether UT officials other than Madison Grove asked for Lowery's speech to be surveilled by police." (*Id.*) But again, the issue is what Plaintiff knew[5] not what some other unnamed UT official (not the Defendants) might have done or not unbeknownst to him. The suggestion that Lowery is under some sort of "police surveillance" is refuted in the record and amounts to nothing more than paranoid speculation. *See* Exhibit 18 to Defendants' Response (Dkt. 14). Lowery cannot be chilled by something he did not know.

Although ignored by Plaintiff, we discuss the commonly used five good cause factors in the following section.

### III. AS PLAINTIFF CONCEDES, COURTS PERMIT EXPEDITED DISCOVERY ONLY FOR "GOOD CAUSE" SHOWN UNDER FIVE COMMONLY APPLIED FACTORS.

#### A. FACTOR ONE: THE EXPEDITED DISCOVERY REQUEST CAME AFTER THE PENDING PRELIMINARY INJUNCTION RECORD WAS COMPLETE AND WEIGHS AGAINST DISCOVERY

The preliminary injunction record already before the Court is fully developed (at Plaintiff's request), demonstrating that discovery is unnecessary at this time. The sought after discovery is largely

---

[5] In fact, Lowery testified that he did not know about the Grove email until he received the results of a public information act request on October 10, 2022. These results included the email and this could not, therefore, have been the basis for his self-censorship two months earlier. *See* Lowery Declaration paragraphs 50-52 Dkt. 8-1 at 12.

5

duplicative of evidence already in the record and, to the extent it is not, irrelevant to Plaintiff's subjective fear which led him, he says, to self-censor. In any event, this factor generally comes into play either when a defendant needs discovery to respond to a pending PI motion or where no injunction motion is pending. *See, e.g., Netchoice v. Paxton,* 2021 U.S. Dist. LEXIS 253993, * 1, No. 1:21-CV-840-RP (W.D. Tex., Oct. 22, 2021)("Defendant seeks expedited discovery in advance of filing a response to [Plaintiff's] Motion for Preliminary Injunction." *Id* at *6); *Stockade Cos., LLC v. Kelly Rest. Grp., LLC,* 2017 U.S. Dist. LEXIS 94097 *6, No. 1:17-CV-143-RP (W.D. Tex. Jun. 19, 2017) ("A preliminary injunction is not pending …") Neither circumstance is applicable here. Even if the mere pendency of the PI Motion satisfies this factor (and it should not) it "is not conclusive". *Jani-King of Miami, Inc. v. Liecht,* 2023 U.S. Dist. LEXIS 34690 * 7, C.A. No. 3:23-CV-0389-B (N.D. Tex., Mar. 2, 2023).

## B.   FACTOR TWO: THE BREADTH OF THE DISCOVERY WEIGHS AGAINST "GOOD CAUSE"

As a preliminary matter Lowery does not attach proposed requests for production of documents nor does he supply subpoenas for the non-party witnesses[6]. As to the latter, Jay Hartzell, the University President and Nancy Brazil, the President's deputy, Plaintiff does not attempt to satisfy the showing necessary to depose high ranking public officers. *See Oyekwe v. Research Now Group, Inc.,* 2020 WL 1064868, * 2, No. 3:19-cv-1085-S-BN (N.D.Tex. Mar. 4, 2020) ("Although this Court is not subject to the Texas state court decisions applying the so-called Apex Doctrine …. [t]he law in this Court is clear, however, that a party seeking to depose a high-level executive must show that the executive have "unique personal knowledge" relevant to the claim. In addition, *the party must first utilize*

---

[6] These omissions are either fatal or weigh against the request. *See, e.g., DIRECTV, LLC v. WNK Assocs.,* 2022 U.S. Dist. LEXIS 228810 * 5-6, C.A. No. 6-22-CV-00423-JDK *(*E.D.Tex, Dec. 20, 2022) ("Plaintiff did not specifically identify what information it intends to seek from these third parties [and] … Plaintiff also does not attach the proposed subpoenas . . . . At best, Plaintiffs provides cursory arguments that expedited discovery will shed light … [and] unearth more evidence of Defendants' wrongdoing.").

6

*less intrusive means of obtaining the desired information, such as deposing a lower ranking employee or a 30(b)(6) witness."*) (emphasis supplied).

High-ranking state officials "have greater duties and time constraints than other witnesses." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)(per curiam)). For this reason, the Supreme Court has discouraged the practice of calling high-ranking officials as witnesses. *See, e.g., In re FDIC* at 1060. Accordingly, "it is a settled rule in this circuit that 'exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted.'" *Id* (quoting *In re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam)). And "it will be the rarest of cases . . . in which exceptional circumstances can be shown where the testimony is available from an alternative witness." *Id.* at 1062.

Lowery's claim that President Hartzell is "central" to his case, Motion at 3, 5, is belied by the facts that (1) there is no mention of Hartzell in the three allegations raised in the Complaint (see Complaint paras. 38-44, 52-54, and 56-59), and (2) Hartzell's alleged request isn't even mentioned in the PI motion, indeed Lowery only mentions Hartzell's name once in the entire argument section of the PI motion. Similarly, there is nothing "conspicuous" about the "absen[ce]" of a declaration from Hartzell. *Id* at 8. Only Defendants provided declarations. And the fact that no Defendant declaration mentions Hartzell is yet additional confirmation that discovery from Hartzell is unnecessary and would provide nothing relevant to either the self-chilling claim or the retaliation claim. Lowery's assertion to the contrary—that the absence of evidence related to Hartzell supports his request to demand discovery and a deposition from Hartzell—ignores reality. President Hartzell, he does directly supervise Lowery and, like the named Defendants, has taken no adverse action against Plaintiff.

Finally, Lowery's broad document requests seek electronically stored information (ESI) without complying with Federal Rules of Civil Procedure 26, 34 or 45. A similar request for expedited discovery was rejected in *Acosta v. Williamson County,* 2021 WL 4340514 *3, Civ. No. 1-21-CV-615-LY

7

(W.D.Tex., Sep. 23, 2021) (finding request for "copies of all documents, emails and electronic files" was "overly broad in light of its alleged intended purpose"). The cursory requests here seeking documents that "directly or indirectly" concern Lowery's speech (Motion at 2) are not only overbroad but also vague.

### C.  FACTOR THREE: PURPOSE OF EXPEDITED DISCOVERY DISFAVORS THE MOTION

Rather than pursue discovery that could be related to the PI, Lowery seeks discovery which will not advance the merits of his PI Motion. Lowery seeks not only documents related to any adverse employment action or credible justification for self-chilling, but rather, Lowery seeks everything related to any aspect of his speech. There is no basis for seeking such overbroad discovery, particularly on an expedited basis.

### D.  FACTORS FOUR & FIVE: BURDEN ON DEFENDANTS AND HOW FAR IN ADVANCE DISCOVERY WAS REQUESTED WEIGHS AGAINST THE REQUESTED DISCOVERY

Just as in *PA Advisors, LLC v. Google, Inc.,* 2009 WL10741630 *2, C.A. No. 2:07-CV-480 (E.D.Tex., Aug. 28, 2009) this discovery would unduly burden and prejudice defendant in preparation for this hearing. The Defendants are public employees as are the non-party targets of discovery. To engage in expedited discovery *at this* stage with no adequately demonstrated need is burdensome. After all, Lowery seeks to depose half of the 10 witnesses he is allowed under Rule 30 (a)(2)(A)(i) for slightly less than half the permitted time per witness F.R.C.P. 30(d)(1). There is little doubt that Plaintiff will want to depose all these witnesses again during "regular" discovery thus exposing them to two depositions. The Court should reject this undue burden on the Defendants, the University President and his deputy.

### IV. THE COURT SHOULD NOT AUTHORIZE ANY DISCOVERY UNLESS IT FIRST DETERMINES THAT IT HAS JURISDICTION OVER THIS CASE.

Defendants' pending motion to dismiss and their response to the motion for preliminary injunction demonstrate three fatal jurisdictional flaws in Lowery's lawsuit: he cannot create standing

by voluntarily reducing his speech, his claims are based upon a fear of future disciplinary conduct so they are not ripe, and sovereign immunity bars his retaliation claim because he seeks retrospective relief to address alleged past threats. Establishing jurisdiction is a threshold matter in any case. Accordingly, courts resolve jurisdictional issues before permitting plaintiffs to begin the discovery process. *E.g., Puerto Rico Aqueduct & Sewer Auth v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993) ("[T]he value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice."), *Laufer v. Patel*, 2021 WL 327704, *2, No. 1:20-cv-631-RP (W.D. Tex. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992) (ordering a stay of all discovery until the court ruled on the motion to dismiss based on the "threshold jurisdictional requirement" of standing); *In re DePinho*, 505 S.W.3d 621, 623, 625 (Tex. 2016) (holding that discovery is improper when a claim is not ripe and should be dismissed); *Nieto v. San Perlita I.S.D.*, 894 F.2d 174, 177 (5th Cir. 1990) (explaining that "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed.") (quotation omitted); and *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) ("[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense.").

## V. ANY ORDERED DISCOVERY SHOULD APPLY TO BOTH PARTIES EQUALLY.

Although the proposed expedited discovery is premature, at whatever point the Court enters a discovery order (following a determination that it has jurisdiction), it should apply equally to both parties. At a minimum, then, any order requiring Defendants to sit for depositions should require Lowery and other witnesses to do so on equal terms.

a

## CONCLUSION

The Court should deny Plaintiff's motion for expedited discovery and consider allowable discovery only after resolving Defendants' Motion to Dismiss. In the alternative, if the Court decides to permit discovery at this juncture then it should allow discovery on equal terms for both parties.

Respectfully submitted,

JACKSON WALKER LLP

By: */s/ Charles L. Babcock*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

*/s/ Charles L. Babcock*
Charles L. Babcock