UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>    *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>    *Defendants*. | Case No. 1:23-cv-00129-DAE-DH |

PLAINTIFF'S REPLY RE MOTION FOR EXPEDITED DISCOVERY

UT's officials are hiding something. They won't say whether Hartzell asked the Defendants to silence Lowery and they don't want to be asked about it. All five good-cause factors cut in Lowery's favor. *Stockade Cos. v. Kelly Rest. Grp., LLC*, No. 1:17-CV-143-RP, 2017 U.S. Dist. LEXIS 94097, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017).

1. **The requested discovery is targeted to help resolve factual disputes**

Defendants claim that Lowery's request for early discovery came too late, after the record was already "complete." Doc. #19 at 9-10. But Lowery's motion came a mere two days after Defendants filed their MPI response (Doc. #14), in which they first disputed Carvalho's testimony. *See* Doc. #16 at 3-5 (discussing evidence in detail). Defendants' response can be distilled down to this: we didn't threaten Lowery, and even if we did, we're allowed to threaten him.

Contrary to Defendants' protestations, Lowery has been clear about what he seeks: targeted production of communications and short depositions of key players. Doc. #16 at 2–3 (specifying requested discovery in 1 and 2).[1] If that discovery helps establish that Hartzell was upset about Lowery's speech or asked for him to be

---

[1] Defendants are confused about what discovery Lowery is seeking from Hartzell's deputy, Nancy Brazzil. Lowery is not asking to depose her, but he is asking that she be treated as a custodian for relevant communications, in the event Hartzell used her as a go-between. *See* Doc. #16 at 3 (¶ 2) (listing proposed deponents Hartzell, Mills, Burris, Titman, and Kothare; but not Brazzil); Doc. #16-1 (¶¶ 6–7) (explaining Brazzil's role as a fixer for Hartzell).

1

silenced, it would corroborate Carvalho's testimony about threats and Lowery's reasons for self-censoring; and assist this Court in resolving material factual disputes at the preliminary injunction hearing.[2] Similarly, the discovery could confirm that UT has an unwritten "civility code" that restricts Lowery's speech. Thus, the first factor (pendency of a preliminary injunction) and third factor (purpose of the discovery) both cut in favor of finding good cause. Moreover, Defendants' claim that preliminary-injunction defendants enjoy some sort of favored status when seeking expedited discovery is not supported by caselaw. *See., e.g., Lonestar Airport Holdings, LLC v. City of Austin,* 2022 U.S. Dist. LEXIS 201116 (W.D. Tex. Nov. 4, 2022).

### 2. Deposing Jay Hartzell is the most efficient way to confirm whether he asked Defendants to silence Lowery

Jay Hartzell is not presumptively immune from giving a short deposition in a case that is in-part premised on the theory that he got upset at being criticized and called a liar and therefore ordered his subordinates (Mills, Burris, and Titman) to do something about it. Contrary to Defendants' claims that Lowery hasn't much mentioned Hartzell (Doc. #19 at 11), Lowery referenced Hartzell eight times in his complaint (Doc. #1) and first declaration (Doc. #8-1), and seventeen times in his

---

[2] Resolution of those factual disputes could also assist in adjudicating the motion to dismiss, since the Court may consider "the complaint supplemented by…the court's resolution of disputed facts." *Jackson v. Wright*, Civil Action No. 4:21-CV-00033, 2022 U.S. Dist. LEXIS 8684, at *11 (E.D. Tex. Jan. 18, 2022).

supplemental declaration (Doc. #17-1). Lowery also testified that a party opponent (Titman) told him that Hartzell was upset about his speech. Doc. #17-1 ¶ 2. Defendants show their knowledge of the stakes by studiously avoiding any mention of Jay Hartzell in their declarations. If it were true that Hartzell was uninvolved, he would have already declared as much, as would the other witnesses.

Defendants make much of the "apex witness" doctrine, but courts have allowed depositions of top officials where a plausible basis exists to assert that the official had direct involvement in the substance of the legal dispute. *Stephens v. Big Spring Herald*, No. 1:19-CV-123-H, 2020 U.S. Dist. LEXIS 258975, at *6-7 (N.D. Tex. Aug. 19, 2020) ("Even the 'highest-ranking official of a global company' must give a deposition where it is reasonable to believe that the chief executive has personal involvement in matters that are relevant to claims and defenses in a pending lawsuit"); *Gaedeke Holdings VII, LTD v. Mills*, No. 3:15-mc-36-D-BN, 2015 U.S. Dist. LEXIS 72889, at *9 (N.D. Tex. June 5, 2015) (direct deposition of executive is more valuable than Rule 30(b)(6) deposition when challenging witness credibility).

In this case, neither a Rule 30(b)(6) deposition nor deposition of underlings will have the same value in exposing Hartzell's personal campaign to silence Lowery or in evaluating his credibility. He should not be allowed to hide behind others.

### 3. Defendants have provided no evidence of undue burden

Defendants have provided no evidence that Jay Hartzell or any of the other proposed deponents are too busy to be deposed for a few hours about disputed issues in this case. *N. Am. Deer Registry Inc. v. DNA Solutions, Inc.*, No. 4:17-cv-62, 2017

U.S. Dist. LEXIS 61042, at *6 (E.D. Tex. Apr. 21, 2017) (defendants failed to "provide any evidence of why the depositions are annoying, embarrassing, harassing, or burdensome").[3]

They also mistakenly claim that Lowery is making "broad document requests." But Lowery was quite clear that he sought emails and text messages about him and his speech to and from six key players for a relevant five-month period. Doc. #16 at 2 (¶ 1). His targeted request is consistent with best practices. The Sedona Conference, *Primer on Crafting eDiscovery Requests with "Reasonable Particularity,"* 23 SEDONA CONF. J. 331, 331 (2022) ("[W]hen requesting email or other electronic communications, counsel should narrow requests by, for example, seeking only communications between certain relevant individuals and during discrete relevant time periods and about specific topics").

Moreover, Defendants were served with this case a month-and-a-half ago (Docs. #6–6-2). It is plausible that the documents in question have already been collected and reviewed. Even if the requested communications still need to be gathered (from a mere six custodians), Defendants have provided no evidence that the requests are burdensome or that there is a high number of potentially responsive messages to

---

[3] Defense counsel should also not be allowed to initiate a separate motions practice on behalf of Jay Hartzell or Nancy Brazzil based on the fiction that this case involves only the named defendants and not UT, the entity. An official-capacity lawsuit is only another way of pleading an action against the entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Functionally, Defense counsel represents UT, the entity, in this case and should not obstruct discovery by pretending otherwise.

review. *T.S. v. Burke Found.*, No. 1:19-CV-809-RP, 2021 U.S. Dist. LEXIS 168252, at *8 (W.D. Tex. June 29, 2021) (resisting party bears burden of showing burden); *Apollo MedFlight, LLC v. BlueCross BlueShield of Tex.*, No. 2:18-CV-166-Z-BR, 2020 U.S. Dist. LEXIS 19421, at *19 (N.D. Tex. Jan. 13, 2020) ("BlueCross offers no explanation of why any documents requested are not relevant, nor does it explain why production would be burdensome"). Thus, the fourth good-cause factor (burdensomeness) cuts heavily in Lowery's favor. Absent such evidence, this Court should presume there is none and order Defendants to produce the requested documents within 15 days.

### 4. Defendants have evaded their duty to hold a Rule 26(f) conference as soon as practicable

Without explanation of good cause, Defendants have requested reciprocal discovery. But they have repeatedly resisted holding a Rule 26(f) conference, most recently refusing to confer on March 22, 2023 during a "discovery planning conference." Kolde Supp. Dec. ¶¶ 2–7; Ex. T. In an attempt to cooperate, and consistent with Rule 26(d)(2), Plaintiff's counsel sent targeted discovery requests for further discussion, but was rebuffed. *Id.* ¶¶ 4–6, Ex. U.

If Defendants want to depose Plaintiff or Carlos Carvalho there is an easy solution–engage in discovery planning "as soon as practicable," as required by Rule 26(f). Had they done so, this motion would not have been necessary and we would already be scheduling those depositions. The fifth good-cause factor (timing) also cuts in Lowery's favor.

Respectfully submitted,

Dated: March 30, 2023

_s/Endel Kolde_
Endel Kolde
Stephanie M. Brown
State Bar No. 24126339
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW
Suite 801
Washington, D.C.  20036
(202) 301-1664
sbrown@ifs.org
dkolde@ifs.org

_s/Michael E. Lovins_
Michael E. Lovins
State Bar No. 24032555
LOVINS | TROSCLAIR, PLLC
1301 S. Cap. Of Texas
Building A Suite 136
Austin, Texas 78746
Tel: 512.535.1649
Fax: 214.972.1047
michael@lovinslaw.com

*Attorneys for Richard Lowery*