**Exhibit U**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br> *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br> *Defendants*. | Case No. 1:23-cv-00129-LY |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION AND INTERROGATORIES TO DEFENDANTS

**TO:** All Defendants;

**AND TO:** Joel Glover and all defense counsel;

In accordance with Rules 26, 33, and 34, please answer the following interrogatories and requests for production. These discovery requests are subject to a duty to supplement under Rule 26(e). Please list on a privilege log all items

1

withheld on a claim of privilege or provide equivalent descriptive information in another format.

## DEFINITIONS

In answering these interrogatories and requests for production, in addition to those set forth in CV 26, the following instructions and definitions apply:

1. "Complaint" refers to Plaintiffs' Complaint filed in this matter.

2. "Defendant" or "Defendants" means the official capacity defendants specifically named in this lawsuit, including also the University of Texas-Austin as their employer.

3. "Documents" is to be construed broadly under Rule 34 and includes both hard copies and electronically stored information (including emails, ephemeral communications, and word processing files) and includes all unique versions of a document, but does not include exact duplicates. A document containing tracked changes, comments, notes, or marginalia is not an exact duplicate, but is a unique document subject to production. For email strings, you may produce the most-inclusive string only, so long as no unique branches are omitted. For ephemeral communications not stored on UT servers, you may produce authenticated screen shots or similar records.

4. "Ephemeral communication" refers to a secure written communication between one or more persons that are generally considered dynamic, nonstatic, and potentially lasting a short time, including messages sent via text messaging, SMS, iMessage, Signal, WhatsApp, Facebook Messenger, or similar applications. Ephemeral communications include messages sent and received on privately owned smart phones and other devices under the control of any Defendant, if the messages relate to the subject matter of this lawsuit.

5. "UT" means the University of Texas-Austin.

6. "UT IT asset" means any UT-owned or controlled computer, smartphone, tablet, server, cloud storage, or similar device that is used to store or send electronic communications or files.

7. "Plaintiff" means Richard Lowery

8. "Third Party" or "Third Parties" mean(s) any person or organization who is neither a Plaintiff, Defendant nor speaking agent for UT, including, without limitation, any elected official who is not on the UT board, any UT faculty member, an employee of another university, a community group, a political party, state-government officials, or any representative or speaking agent for such an organization.

Any other words used in this document are defined according to common sense and standard American usage, as shown in a dictionary of the English language.

## FORMAT OF PRODUCTION

Unless you expect to produce more than 1,000 documents in response to any set of requests, please produce all documents in a text-searchable PDF format as one file or a limited number of combined PDF files, organized in a reasonable way, in order to facilitate review. For example, producing files by custodian or by topic would both be reasonable. Excel files, if applicable, should be produced in native format. You may produce screen shots of responsive ephemeral communications. Documents and word-processing files containing tracked changes should be produced in such a way as to show any comments or tracked changes.

Please deduplicate documents and produce only the most-inclusive emails strings, whenever feasible. Other than maintaining searchability, access to tracked changes and comments, we are not requesting metadata. In the event there is evidence of spoliation or a witness claims not to have received or read a

communication, we may request discrete production of metadata for those associated files.

In the event that you anticipate producing more the 1,000 documents (after deduplication) we request that you confer with us about format of production. We reserve the right to request native files and load files, in order to facilitate the review of large productions.

## REQUESTS AND INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 1:** Please produce all communications, including emails and ephemeral messages, sent to or from Jay Hartzell, Lillian Mills, Ethan Burris, Sheridan Titman, Nancy Brazzil, or Meeta Kothare, concerning Lowery's speech, directly or indirectly, dated between June 1, 2022, and November 1, 2022. This request includes all responsive communications sent to or received from third parties and UT employees not listed above, so long as the communication was sent or received by the listed persons. This request includes all responsive communications stored, sent, or received on both UT and non-UT IT assets.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2:** Please produce any notes or other documents that are not communications, emails, or ephemeral messages, but concern Lowery's speech and were generated or edited between June 1, 2022, and November 1, 2022. This request includes any notes of conversations between any Defendant and Carlos Carvalho during the relevant time period.

**RESPONSE**:

**INTERROGATORY NO. 1:** Please indicate whether any Defendants intend to rely on an advice of counsel defense in describing any of Richard Lowery's speech as disparaging, violent, unsafe, defamatory, or otherwise not legally protected speech. If yes, please identify which Defendants, the nature of the legal advice, and who provided it.

**ANSWER:**


**INTERROGATORY NO. 2:** Please identify all persons consulted by Jay Hartzell, Lillian Mills, Ethan Burris, Sheridan Titman, Nancy Brazzil, or Meeta Kothare on how to respond to or deal with Richard Lowery's speech, during the time period from June 1, 2022 to November 1, 2022. Please include a brief description as of the consultation. This request includes consultations with legal counsel, but does not seek the substance of any privileged communications, unless any Defendant is relying on an advice of counsel defense.

**ANSWER:**


Requests and interrogatories dated March 22, 2023

<u>s/Endel Kolde</u>
Endel Kolde
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW,
Suite 801
Washington, DC  20036
202-301-3300
dkolde@ifs.org

*Counsel for Plaintiffs*

ANSWERS AND OBJECTIONS DATED _____, 2023 in conformance with CR 26(g).

_____

Attorneys for Defendants