UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>   *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>   *Defendants*. | Case No. 1:23-cv-129- DAE-DH |

JOINT REPORT RE DISCOVERY CONFERENCE

As ordered by the Court, the parties conferred via Zoom at 11:00 AM Central Time on April 3, 2023. The parties did not resolve any of their differences on discovery and the issues of early document production and early depositions remain before the Court for resolution:

1. Production of emails and ephemeral messages (texts) sent to or from Jay Hartzell, Lillian Mills, Ethan Burris, Sheridan Titman, Nancy Brazzil, or

1

Meeta Kothare, concerning Lowery's speech, directly or indirectly, dated between June 1, 2022, and November 1, 2022, to be produced as soon as possible and in advance of early depositions.

**Plaintiff's position:** As set forth in our briefing, these communications represent a targeted production of documents that could help to reveal whether there was a campaign to silence Lowery due to his speech that was put into writing. It could also help to corroborate the content of disputed discussions between witness Carvalho and Defendants. Plaintiff would like any responsive communications produced in advance of depositions and does not believe this should take a full 30 days. Plaintiff maintains that collecting and producing these communications is proportionate to the importance of the issues in this case.

**Defendants' position:** As set forth in Defendants' briefing:

(1) "threshold" jurisdictional issues (ripeness, standing, and sovereign immunity) are pending before the Court that, under Fifth Circuit precedent, must be resolved before there is any discovery ordered in this case under;

(2) both the Rule 12(b)(1) and Rule 12(b)(6) issues should be resolved in order to ensure that any ordered discovery is appropriate in scope in light of the issues that would actually go to trial;

(3) Lowery's proposed discovery is unnecessary and irrelevant because anything he hopes to learn now about statements that were or were not made by non-defendants cannot retroactively change the statements that were allegedly made by Defendants or whether Lowery reasonably chilled his own speech in response to

them. Thus, anything sought to be obtained through these document requests is either duplicative to the existing PI record, irrelevant to the actual PI issues pending before the Court, or both. The PI record is already complete, and the PI motion is ripe for determination (once the jurisdictional issues are resolved). For these and other reasons set forth in the briefing, Lowery has fallen far short of the "good cause" standard for obtaining expedited discovery.

2. Leave to conduct targeted expedited discovery in the form of five depositions—of Hartzell, Mills, Burris, Titman, and Kothare—lasting no more than three hours each, to occur before May 1, 2023.

**Plaintiff's position:** Depositions remain the gold standard in discovery, especially for addressing disputed issues of fact, including what was said during the meetings with Carvalho. If anyone requested that Lowery be silenced or reported to the UT police, that request may not have been put into writing and the best way to surface such conversations is by targeted depositions of key players, including Jay Hartzell. Depending on whether and when the requested communications are produced, Plaintiff acknowledges that completing these depositions by May 1, 2023 may be too aggressive. Depending on how many communications are produced, Plaintiff would also expect that most depositions can be completed in under three hours (not including breaks).

**Defendants' position:** Defendants' briefing cited above, as well as the three reasons explained above, apply with additional force when it comes to the request that state

3

employees be forced to sit for depositions that could prove wholly unnecessary and unjustified. Moreover:

(4) President Hartzell is an "Apex" witness whose deposition should only occur as a last resort, following Lowery demonstrating that the other requested discovery has failed to answer the relevant factual disputes, and that no other avenue exists to obtain the necessary facts. Nor could anything Hartzell say or did not say be relevant to the Court's determination of the PI motion; rather, what matters is what Defendants said in 2022 and whether Lowery reasonably perceived those statements to be threats that justified self chilling.

(5) depositions of any state employee witness poses unnecessary and unwarranted burdens on Defendants above and beyond those that would be imposed by written discovery, and those burdens are especially unwarranted because nothing Lowery could learn now would change either the content of Defendants' alleged statements or whether Lowery reasonably perceived those statements as a threat warranting self chilling.

(6) if depositions occur (and they should not), Lowery does not need three hours given the limited scope of what would be appropriate for such depositions.

| | |
|---|---|
| Respectfully submitted, | Dated: April 3, 2023 |
| _s/Endel Kolde_<br>Endel Kolde<br>Stephanie M. Brown<br>State Bar No. 24126339<br>INSTITUTE FOR FREE SPEECH<br>1150 Connecticut Ave., NW | _s/Michael E. Lovins_<br>Michael E. Lovins<br>State Bar No. 24032555<br>LOVINS \| TROSCLAIR, PLLC<br>1301 S. Cap. Of Texas<br>Building A Suite 136 |

4

Suite 801  
Washington, D.C. 20036  
Tel: (202) 301-1664  
Fax: (202) 301-3399  
dkolde@ifs.org  
sbrown@ifs.org  

Austin, Texas 78746  
Tel: 512.535.1649  
Fax: 214.972.1047  
michael@lovinslaw.com  

*Attorneys for Richard Lowery*

JACKSON WALKER LLP

*/s/ Charles L. Babcock*
Charles L. Babcock  
Texas State Bar No. 01479500  
cbabcock@jw.com  
Joel R. Glover  
Texas State Bar No. 24087593  
jglover@jw.com  
Javier Gonzalez  
Texas State Bar No. 24119697  
jgonzalez@jw.com  
1401 McKinney Street, Suite 1900  
Houston, Texas 77010  
(713) 752-4200 – Phone  
(713) 752-4221 – Fax  

Matt Dow  
Texas State Bar No. 06066500  
mdow@jw.com  
Adam W. Aston  
Texas State Bar No. 24045423  
aaston@jw.com  
100 Congress Ave., Suite 1100  
(512) 236-2056 – Phone  
(512) 691-4456 – Fax  

*Attorneys for Defendants*

5