# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Case No. 1:23-CV-00129-DAE |
| | § | |
| LILLIAN MILLS, in her official capacity | § | |
| as Dean of the McCombs School of | § | |
| Business at the University of Texas at | § | |
| Austin; ETHAN BURRIS, in his official | § | |
| capacity as Senior Associate Dean for | § | |
| Academic Affairs of the McCombs School | § | |
| of Business at the University of Texas- | § | |
| Austin; and SHERIDAN TITMAN, in his | § | |
| official capacity as Finance Department | § | |
| Chair for the McCombs School of | § | |
| Business at the University of Texas- | § | |
| Austin, | § | |
| | § | |
| DEFENDANTS. | § | |

## Defendants' Reply in Support of the Motion to Dismiss the Complaint for Declaratory and Injunctive Relief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

REPLY IN SUPPORT OF THE MOTION TO DISMISS .......................................................... 1

    I.     The Court should dismiss the case under Rule 12(b)(1) because it has no subject-matter jurisdiction, and Lowery has abandoned any attempt to argue otherwise by failing to include such arguments in his response to the Motion to Dismiss. ............................................................................................................. 1

    II.    Dismissal of the case under Rule 12(b)(6) is also warranted, because even if Lowery could establish that the Court has subject-matter jurisdiction over either of his claims, Lowery has failed to state a claim upon which relief could be granted. ......................................................................................................... 2

        A.    Lowery's retaliation claim fails because he has not suffered an adverse employment action. ................................................................................. 2

        B.    Lowery fails to state a chilled-speech claim. ....................................... 5

CONCLUSION .................................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................................3, 4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................................3

*Benningfield v. City of Houston,*
    157 F.3d 369 (5th Cir. 1998) ..................................................................................................3

*Bevill v. Fletcher,*
    26 F.4th 270 (5th Cir. 2022) ...................................................................................................3

*Breaux v. City of Garland,*
    205 F.3d 150 (5th Cir. 2000) ............................................................................................3, 4, 5

*Colson v. Grohman,*
    174 F.3d 498 (5th Cir. 1999) ..............................................................................................3, 4

*Harrington v. Harris,*
    118 F.3d 359 (5th Cir. 1997) ..............................................................................................3, 5

*Kennan v. Tejada,*
    290 F.3d 252 (5th Cir. 2002) ..................................................................................................5

*Modica v. Taylor,*
    465 F.3d 174 (5th Cir. 2006) ..................................................................................................3

*Pierce v. TDCJ-ID,*
    37 F.3d 1146 (5th Cir. 1994) ..................................................................................................3

*Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.,*
    514 F. Supp. 3d 896 (W.D. Tex. 2021) ..................................................................................2

*Wilson v. Bayview Loan Servicing LLC,*
    No. 5:19-CV-616-DAE, 2020 WL 10965116 (W.D. Tex. 2020) ..........................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) .............................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1, 2, 3, 5

INTRODUCTION

Defendants' Motion to Dismiss the Complaint for Declaratory and Injunctive Relief ("the Motion") (Dkt. 15) remains unrefuted by Lowery. His Response (Dkt. 23) completely ignores the Rule 12(b)(1) bases for dismissal: Lowery doesn't even mention "ripeness," "standing," "sovereign immunity," or even "jurisdiction." The Court should thus dismiss the case under Rule 12(b)(1) for the reasons demonstrated in the Motion. And to the extent the Court does not dismiss the case in its entirety under Rule 12(b)(1), it should dismiss under Rule 12(b)(6). There can be no viable retaliation claim when no adverse employment action has taken place. And Lowery's chilled-speech claim fails because no person of ordinary firmness would be chilled from speaking by Defendants' purported actions.

The Court should grant Defendants' Motion and dismiss Lowery's Complaint in its entirety.

REPLY IN SUPPORT OF THE MOTION TO DISMISS

**I.    The Court should dismiss the case under Rule 12(b)(1) because it has no subject-matter jurisdiction, and Lowery has abandoned any attempt to argue otherwise by failing to include such arguments in his response to the Motion to Dismiss.**

Defendants' Motion (pgs. 7–10) raised three bases upon which the Court should dismiss this case for lack of subject-matter jurisdiction. First, Lowery's claim that he fears a speculative future injury (*i.e.*, that he will not be reappointed to the Salem Center in September 2023) is not ripe. Second, Lowery lacks standing and he cannot create it by voluntarily reducing his speech based upon an unreasonable fear of future harm. And third, sovereign immunity bars Lowery's retaliation claim because he fails to allege any ongoing violation of federal law and seeks retrospective relief against state university employees to address alleged threats from the past.

Lowery's response brief ignores the jurisdictional defects in his case; he fails to mention "standing," "ripeness," "sovereign immunity," or "jurisdiction" in the brief. *See generally* Response

1

(Dkt. 23).[1] Lowery thus makes no attempt to establish that the Court has subject-matter jurisdiction over his lawsuit. Nor does he attempt to refute that the jurisdictional issues are "threshold" matters that should be decided at the outset of the litigation. Accordingly, Lowery should be deemed to have abandoned any claim that the Court has subject-matter jurisdiction over this litigation. *See, e.g., Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896, 909 (W.D. Tex. 2021) (explaining that a plaintiff's failure to respond to arguments raised in a motion to dismiss results in the plaintiff's failure to sustain its burden of proof and operates as an abandonment of plaintiff's claims (collecting cases); *see also Wilson v. Bayview Loan Servicing LLC*, No. 5:19-CV-616-DAE, 2020 WL 10965116, *6 (W.D. Tex. 2020) (explaining the Fifth Circuit rule that the failure to establish an element of a claim in the pleadings and the failure to respond to an argument in the motion to dismiss that such an element has not been established operates as plaintiff's abandonment of the claim).

For the reasons presented in Defendants' Motion, which remain unrefuted by Lowery, the Court should dismiss this case for lack of subject-matter jurisdiction.

## II.   Dismissal of the case under Rule 12(b)(6) is also warranted, because even if Lowery could establish that the Court has subject-matter jurisdiction over either of his claims, Lowery has failed to state a claim upon which relief could be granted.

To the extent the Court determines that either of the claims survive dismissal under Rule 12(b)(1), a determination that the Court has jurisdiction over the case would not end the Court's inquiry. As demonstrated in the Motion (pgs. 10–13), the Court should dismiss any remaining claims under Rule 12(b)(6).

### A.   Lowery's retaliation claim fails because he has not suffered an adverse employment action.

As explained in the Motion (pg. 10), First Amendment retaliation claims involve the following elements: (1) the employee-plaintiff suffered an adverse employment action; (2) plaintiff engaged in

---

[1] Lowery's Response to the Motion to Dismiss (Dkt. 23) ("Response") is merely a re-filed copy of his reply brief in support of his PI Motion (which was originally filed as Dkt. 17).

speech as a citizen, rather than as an employee, and spoke on a matter of public concern; (3) plaintiff's interest in speaking outweighs the employer's interest in maintaining efficient operations; and (4) the protected speech motivated the adverse employment action. *E.g.*, *Bevill v. Fletcher*, 26 F.4th 270, 275–76 (5th Cir. 2022); *Modica v. Taylor*, 465 F.3d 174, 179–80 (5th Cir. 2006). The adverse employment actions on which elements one and four are founded are "discharges, demotions, refusals to hire, refusals to promote, and reprimands." *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998) (quoting *Pierce v. TDCJ-ID*, 37 F.3d 1146, 1149 (5th Cir. 1994)). And the Fifth Circuit has refused to expand that list to things like "false accusations, verbal reprimands, and investigations," *Colson v. Grohman*, 174 F.3d 498, 511 (5th Cir. 1999), "criticism . . . oral threats or abusive remarks," *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000), or "decisions concerning teaching assignments, pay increases, administrative matters, and departmental procedures," *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). In declining to expand the list of actionable adverse employment actions, the Fifth Circuit expressly recognized that some unincluded actions may have some effect of chilling the exercise of free speech. *Breaux*, 205 F.3d at 157.

Lowery's response does not and cannot point the Court to any adverse employment action that he has suffered. Lowery has not been demoted or discharged, nor has he even been reprimanded for any of his speech. Quite the contrary: in September 2022 (after the August 2022 incidents alleged by Lowery had already occurred), Lowery began receiving a raise in salary for his tenured position and was reappointed to the Salem Center. Analysis under Rule 12(b)(6) hinges upon whether a plaintiff has pled a "plausible," rather than merely "possible" claim for relief; indeed, pleading facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Here, Lowery has not pleaded any fact, plausible or otherwise,

3

that would support a finding of an adverse employment action; instead, the facts (both as pleaded and as shown in the record) demonstrate the opposite is true.

Unable to satisfy the retaliation-claim test, Lowery instead reiterates that his retaliation claim is based upon (1) his allegations that his future position with the Salem Center is in jeopardy and subject to present threats, Response at 9; and (2) the possibility that Defendants will label Lowery's future protected speech as "violent or uncivil," Response at 9–10. But even if the Court were to accept these speculative allegations as true, Lowery still has not shown that he has suffered or is about to suffer an adverse employment action. At most, the statements Lowery hypothesizes would be "criticism," "oral threats," or "decisions concerning teaching assignments [or] administrative matters," which the Fifth Circuit has made clear are not actionable. Lowery has not stated a retaliation claim upon which relief could be granted because he fails, at a minimum, elements one and four of the retaliation test for failing to base his claim on any actionable adverse employment action. And as noted above, this pleading failure is fatal under the "plausibility" standard required by *Iqbal*.

Finally, because Lowery cannot credibly argue that any adverse employment action has taken place, he asks this Court to abandon the *Breaux* "adverse employment action" test in employee-speech cases in favor of the *Burlington Northern* test from the Title VII context. Response pg. 9. But Lowery does not identify any courts within the Fifth Circuit that have adopted his proposed standard. And this Court should not ignore the numerous Fifth Circuit cases refusing to expand the list of actionable adverse employment actions to "criticism [or] oral threats," *Breaux*, 205 F.3d at 158 (5th Cir. 2000), or "verbal reprimands," *Colson*, 174 F.3d at 511, which is precisely the allegation raised by Lowery, Response pg. 9 (urging that "threatening to remove Lowery's affiliation with the Salem Center" should be deemed an adverse employment action). Indeed, even taken in the best possible light for Lowery, such a verbal threat falls far short of the "investigations," *Colson*, 174 F.3d at 511, and completed "decisions concerning teaching assignments . . . administrative matters, and departmental procedures,"

*Harrington*, 118 F.3d at 365, that the Fifth Circuit has consciously chosen not to include within the list of actionable adverse employment actions despite acknowledging that some unincluded actions may have a chilling effect, *Breaux*, 205 F.3d at 157. The Fifth Circuit has never held that the actions Lowery complains of amount to an adverse employment action that would warrant self-chilling. Thus it is not just the *Breaux* case that the Court would be rejecting if it embraced Lowery's theory of adverse employment action. This Court should not be the first to break that new ground, especially given the number of Fifth Circuit cases consistently going the opposite direction.

The retaliation claim should thus be dismissed under Rule 12(b)(6).

**B.     Lowery fails to state a chilled-speech claim.**

A plaintiff bringing a chilled-speech claim must demonstrate that (1) he engaged in protected activity; (2) defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that speech activity; and (3) these adverse actions were substantially motivated by his exercise of constitutionally protected conduct. *E.g.*, *Kennan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002).

But all Lowery can muster are three benign acts that he tries to make sound nefarious in an attempt to justify his purported decision to chill his speech in August 2022. First, he claims that Defendant Mills (Dean of the McCombs School of Business) and Defendant Burris (Associate Dean of McCombs) indirectly relayed threats to him through Carlos Carvalho, Lowery's supervisor at the Salem Center. Complaint ¶¶ 38–44. Second, he claims that Defendant Titman (Finance Department Chair) threatened him in an email in which Titman suggested that "[i]t is probably in your interest to come up with a class for the Spring that is likely to be popular." Complaint ¶¶ 52–54. And finally, Lowery alleges that a non-defendant McCombs employee expressed concern to the UT Police Department about tweets made by Lowery. Complaint ¶¶ 56–59. As demonstrated in the Motion (pgs. 12–13), none of these incidents would cause a person of ordinary firmness to chill his speech.

First, the Mills and Burris conversations with Carvalho included general conversations about the management of the Salem Center, and Lowery has not explained how the Court could properly invoke the First Amendment to enjoin Defendants from engaging in management discussions. In any event, it is undisputed that those discussions were not accompanied by any action (much less an adverse employment action) taken against Lowery. To the contrary, in September 2022, Burris reappointed Lowery to his position at the Salem Center—further undermining Lowery's claim that he reasonably perceived that his position was in jeopardy as a result of his protected speech.

Second, nothing in Titman's emails to Lowery even resembled a threat, and the emails do not even refer to the tweets that Lowery alleges were the cause of the communication from Titman. A reasonable professor would perceive the suggestion that he try to teach classes that students will want to take as sound career advice in the world of academia. Lowery's purportedly different perception was plainly not reasonable, so it cannot form the basis of a chilled-speech claim.

And third, Lowery's allegation about a non-defendant McCombs employee's communication with UTPD seeking to "surveil" Lowery's tweets fails to state a viable claim for several reasons. Lowery does not allege, nor is there evidence to suggest, that any Defendant was involved in making or responding to the request. Moreover, Lowery admits that he only became aware of the communication months later when he made a public information request. In short, Lowery couldn't have based a decision to chill his speech on a communication he was not aware of.

Instead of addressing these fatal flaws, Lowery spends the bulk of his response improperly trying to drag UT President Hartzell into this litigation (Response pgs. 1–2, 9–10); trying to justify his interference with University operations and fundraising (Response pgs. 3–5, 7); and making the undisputed point that merely because speech is offensive is not a justification for the government to preclude it (Response pgs. 6–7). None of those points supports denial of the Motion to Dismiss.

As to the self-censorship point, Lowery argues that he need not have exhibited "perfect" self-censorship. Response pg. 8. But this doesn't address whether his purported self-censorship was reasonable in the first place. Nor can he point to any action by any defendant that would cause a person of ordinary firmness to self-censor.

Lowery blames the publication of his remarks at a conference that he requested be kept private as an "experience [that] will only make Lowery more reluctant to participate" in future speech. *Id.* But Defendants had no role in an outside conference publicizing Lowery's remarks. Nor could his resulting desire to keep his remarks "private" in the future be attributed to Defendants as justification for future self-chilling.

Finally, Lowery cites no authority for his argument that he has a "forward-looking chilled-speech claim" that is "not dependent on the Defendants' implementation of their threats to remove his Salem Center affiliation." *Id.* Moreover, Lowery's attempt to unmoor his chilled-speech claim from his own factual allegations underlying that claim serves to highlight that Lowery's decision to self-censor was not an objectively reasonable response. The facts that Lowery was reappointed to the Salem Center and began receiving a pay raise after the August 2022 events at the heart of his complaint undermine his claim that he reasonably chilled his speech in response to threats from Defendants. Lowery may not like the conclusion to be drawn from that evidence, but he cannot just wish it away and expect the Court to lend credence to his self-chilling claim while ignoring the evidence that disproves the claim.

## CONCLUSION

For the foregoing reasons and those presented in the Motion, Defendants request that the Court enter an order granting the Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

JACKSON WALKER LLP

By:    */s/ Charles L. Babcock*
       Charles L. Babcock
       Texas State Bar No. 01479500
       cbabcock@jw.com
       Joel R. Glover
       Texas State Bar No. 24087593
       jglover@jw.com
       Javier Gonzalez
       Texas State Bar No. 24119697
       jgonzalez@jw.com
       1401 McKinney Street, Suite 1900
       Houston, Texas 77010
       (713) 752-4200 – Phone
       (713) 752-4221 – Fax

       Matt Dow
       Texas State Bar No. 06066500
       mdow@jw.com
       Adam W. Aston
       Texas State Bar No. 24045423
       aaston@jw.com
       100 Congress Ave., Suite 1100
       (512) 236-2056 – Phone
       (512) 691-4456 – Fax

       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.


*/s/ Charles L. Babcock*
Charles L. Babcock