UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, <br><br> PLAINTIFF, <br><br> v. <br><br> LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § | Case No. 1:23-CV-00129-DAE |

**DEFENDANTS' OPPOSED MOTION TO STAY
ALL ADDITIONAL DISCOVERY OBLIGATIONS UNTIL
THE COURT RULES UPON THE PENDING MOTION TO DISMISS**

Plaintiff Richard Lowery has filed a jurisdictionally defective lawsuit, yet he is determined to force Defendants to engage in premature discovery as quickly as he can. Defendants demonstrated in their pending Motion to Dismiss ("MTD") that standing, ripeness, and sovereign-immunity grounds all warrant dismissal of this case, Dkt. 15 at 3, 7–10. Importantly, Plaintiff's response to the MTD failed to even attempt to satisfy his burden to establish that the Court has subject-matter jurisdiction over this case. *See* Dkt. 27 at 1–2 (MTD Reply Brief); *see generally* Dkt. 23 (Lowery's Response; failing to even mention "subject matter jurisdiction"). Under settled Fifth Circuit precedent, the jurisdictional issues raised in the MTD are "threshold" matters that must be determined before discovery begins. Indeed, sovereign immunity protections are constitutionally guaranteed. And even if ruling first on

subject-matter jurisdiction were not *required*, staying the commencement of discovery would be the appropriate use of the Court's discretion because even a partial grant of the MTD would have a significant effect on what issues will ultimately be litigated, and thus over what fact discovery might be warranted.

It is thus readily apparent that the most efficient, least burdensome use of the parties' time and resources is to seek a court order staying all additional discovery,[1] including the requirement that the parties conduct a Rule 26(f) conference, until the MTD is decided, which will inform the parties and the Court as to the issues that will proceed in this litigation, if any. Rule 26(f)(1) provides the Court the authority to set the deadline of the 26(f) conference (which is the parties' most immediate deadline at this time). Indeed, courts recognize the futility of conducting the 26(f) conference when a pending motion to dismiss alleges fundamental jurisdictional (and likely dispositive) defects. If the Court ultimately has no power to redress Plaintiff's purported injury, conducting any conference, and setting any scheduling deadlines as a result thereof, would be a waste of the Court's and the parties' time and resources. Yet Plaintiff objects and demands that the parties proceed with the conference because he insists on imposing time consuming and expensive discovery burdens on Defendants without any regard to whether they will ultimately be necessary.

The Court should instead grant this motion for protection and stay all additional discovery, including the Rule 26(f) conference, until Defendants' pending Motion to Dismiss is decided and the Court has clarified which issues will proceed, if any.

---

[1] By "additional discovery," Defendants mean a stay of all discovery *except* the parties' obligations under Magistrate Judge Howell's preliminary-injunction-discovery order of April 5, 2023. Dkt. 29. Defendants are not seeking any amendment to that order or their obligations thereunder.

**BACKGROUND**

Plaintiff filed his Complaint on February 8, 2023, asserting various First Amendment based section 1983 claims against three University of Texas faculty members who serve in key roles in the McCombs School of Business. Dkt. 1. Plaintiff subsequently sought a preliminary injunction. Dkt. 7.

On March 14, 2023, Defendants filed a Motion to Dismiss asserting three jurisdictional defects in this lawsuit: standing, ripeness, and sovereign immunity (Rule 12(b)(1)), as well as various grounds warranting dismissal for Plaintiff's failure to state a claim upon which relief could be granted (Rule (12)(b)(6)). Dkt. 15. Defendants also responded to the PI motion. Dkt. 14. Limited discovery on the PI motion, in the form of depositions on ten written questions, was ordered by Magistrate Judge Howell. Defendants served their responses satisfying their obligations under the order on April 17, 2023.

Lowery sought to confer on his request for scheduling the Rule 26(f) conference, which occurred on April 24, 2023. Defendants conveyed the same position to Lowery's counsel as they do in this Motion: a Rule 26(f) conference is premature given the pending motion to dismiss, and the parties should jointly seek to have additional discovery stayed pending the resolution of the MTD. In an attempt to reach a compromise and avoid the necessity of this motion, Defendants even offered to have the Rule 26(f) conference in exchange for a stay of discovery. Lowery disagreed with every proposal from Defendants, so this opposed motion followed.

**ARGUMENT**

**I.   The Court has wide discretion and the inherent power to avoid imposing even potentially unnecessary discovery burdens on the parties.**

"[C]ontrol of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). This includes discretion to stay all discovery while potentially dispositive issues are pending before the court: "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are

determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The trial court's exercise of its "broad discretion . . . will not be disturbed [absent] unusual circumstances showing a clear abuse." *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022).

The Rule specifically provides the Court complete discretion to stay or reset the deadline for the 26(f) conference. Fed. R. Civ. P. 26(f)(1) (establishing the deadline "unless the court orders otherwise") Under that provision, the current deadline for the parties is May 2, 2023. Rule 26 further provides that the Court generally "may, for good cause, issue [a discovery] order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good causes exists when the movant shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016). The Court may, for good cause, stay its issuance of a scheduling order under Rule 16(b)(2). And Local Rule CV-16(c) bases the parties' deadline for submitting a proposed scheduling order upon conducting the Rule 26(f) conference. Finally, a party may not seek discovery from any source before the parties have conferred under Rule 26(f), absent a stipulation or court order, Fed. R. Civ. P. 26(d)(1).

In sum, the Court has the authority to set a new deadline for the Rule 26(f), as well as for good cause to stay or amend all other discovery deadlines and obligations. As shown below, the Court should exercise that authority to stay all additional discovery, including the Rule 26(f) conference deadline and other preliminary discovery obligations, until after the MTD is decided by the Court.

II. **Courts often exercise their blanket authority to stay the deadline for the Rule 26(f) conference when pending motions to dismiss might dispose of the case.**

A stay of discovery is appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Landry v. Air Line Pilots Ass'n International AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 111 S.Ct. 244 (1990). To determine whether a stay is appropriate, courts generally should balance the harm produced by the delay in

discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

But when the motion raises potentially dispositive *jurisdictional* issues, courts must determine the pending motions before permitting plaintiffs to begin the discovery process. *E.g.*, *Laufer v. Patel*, 2021 WL 327704, *2 (W.D. Tex. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992)) (ordering a stay of all discovery until the court ruled on the motion to dismiss based on the "threshold jurisdictional requirement" of standing); *Nieto v. San Perlita I.S.D.*, 894 F.2d 174, 177 (5th Cir. 1990) (explaining that "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed.") (quotation omitted); *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) ("[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense."); *cf. In re DePinho*, 505 S.W.3d 621, 623, 625 (Tex. 2016) (holding that discovery is improper when a claim is not ripe and should be dismissed).

Courts have appropriately applied this rationale to also stay the preliminary Rule 26(f) conference—after all, if the discovery may prove completely unnecessary it makes little sense for the parties to confer on the manner in which it will be conducted. *E.g., Welch v. Wesley*, No. CV H-19-0075, 2020 WL 1442285, at *3 (S.D. Tex. Feb. 19, 2020), report and recommendation adopted, No. 4:19-CV-75, 2020 WL 1434434 (S.D. Tex. Mar. 24, 2020) (staying discovery and Rule 26(f) conference until motion to dismiss was resolved); *Dawson v. Piggott*, No. CIV.A. 10-00376-WS-N, 2010 WL 3717408, at *1 (S.D. Ala. Sept. 9, 2010) (same); *See also Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230 (E.D. Tex. 2007) (staying Rule 26(f) conference as any subsequent scheduling order would "be a document without concrete dates or deadlines" in PLSRA case).

The Constitution guarantees the protections of sovereign immunity. These protections cover not merely protection from an ultimate liability finding, they also include protections against being

forced into the burdens of conducting public-resource-draining litigation in the first place. If state defendants are required to proceed through the discovery process, the immunity protections are "lost" to a large degree. *See, e.g., Puerto Rico Aqueduct v. Metcalf*, 506 U.S. 139, 145 (1993) ("[T]he value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice."); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from *suit* (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go."); *Laufer v. Patel*, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided)). Because finite public resources must be utilized to defend against suits like this one, it is critical that courts ensure that the discovery process will not be deployed in efforts that ultimately prove to be completely unnecessary.

**III.     Protection from the current Rule 26(f) conference deadline, as well as the remaining additional discovery burdens, is warranted in this case given the substantial and dispositive jurisdictional defects pending before the Court in the Motion to Dismiss.**

Defendants' MTD makes clear that three fatal jurisdictional flaws preclude Plaintiff's lawsuit: he cannot create standing by voluntarily reducing his speech, his claims are based upon a speculative fear of future disciplinary conduct so they are not ripe, and sovereign immunity bars his retaliation claim because he seeks retrospective relief to address alleged threats from the past. Dkt. 15 at 3, 7–10. Thus, the Court lacks subject-matter jurisdiction over this lawsuit. Tellingly, the jurisdictional issues appear to be undisputed, because Plaintiff's response to the MTD does not address any of them, nor does it even mention subject-matter jurisdiction. Dkt. 23.

Establishing jurisdiction, which Plaintiff cannot do, is a threshold matter for a plaintiff in any case. And the Court has an obligation to satisfy itself that subject-matter jurisdiction exists and is ongoing throughout the various stages of the litigation. Plaintiff's failure to establish jurisdiction is fatal to his lawsuit, and his failure to even attempt to do so in response to the MTD is more than enough to show that the only appropriate resolution of this matter is dismissal. It would thus be completely inappropriate for Plaintiff to be permitted to waste the Defendants' time and resources on unnecessary discovery efforts while the MTD is fully briefed and remains pending before the Court.

Plaintiff's insistence on conducting the Rule 26(f) conference to begin the discovery process at this time would serve only to improperly burden Defendants and should not be entertained by the Court. The Court should instead enter an order staying the parties Federal Rule 26 and Local Rule 26 obligations, including the deadline for conducting the Rule 26(f) conference (which is currently May 2, 2023), until after the MTD is determined, thus clarifying for the Court and the parties what issues remain, if any, on which discovery might be warranted.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order staying discovery, including the requirement to conduct the Rule 26(f) conference, until after the Motion to Dismiss is decided.

        Respectfully submitted,

        JACKSON WALKER LLP

By:   */s/ Charles L. Babcock*
      Charles L. Babcock
      Texas State Bar No. 01479500
      cbabcock@jw.com
      Joel R. Glover
      Texas State Bar No. 24087593
      jglover@jw.com
      Javier Gonzalez
      Texas State Bar No. 24119697
      jgonzalez@jw.com
      1401 McKinney Street, Suite 1900
      Houston, Texas 77010
      (713) 752-4200 – Phone
      (713) 752-4221 – Fax

      Matt Dow
      Texas State Bar No. 06066500
      mdow@jw.com
      Adam W. Aston
      Texas State Bar No. 24045423
      aaston@jw.com
      100 Congress Ave., Suite 1100
      (512) 236-2056 – Phone
      (512) 691-4456 – Fax

      ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                                    */s/ Charles L. Babcock*
                                                    Charles L. Babcock

## CERTIFICATE OF CONFERENCE

      I hereby certify that on April 24, 2023, I conferred with counsel for Plaintiff Lowery, and he notified me that Lowery opposes this motion.

                                    */s/ Joel R. Glover*
                                    Joel R. Glover