UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>    *Plaintiff,*<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>    *Defendants.* | Case No. 1:23-cv-129-DAE |

PLAINTIFF'S MOTION TO COMPEL
SUPPLEMENTAL EXPEDITED DISCOVERY

LOCAL RULE 7(G) CERTIFICATION

Plaintiff's counsel conferred with defense counsel regarding the supplemental expedited discovery in this motion on April 24, 2023. Defense counsel opposes Plaintiff's request for additional information and indicated that they would cross-move to stay the holding of the Rule 26(f) planning conference.

INTRODUCTION

Based on newly disclosed information, Plaintiff Richard Lowery requests additional supplemental discovery in advance of the hearing on his motion for preliminary injunction. Specifically, Lowery requests targeted information and documents referred to and relied upon in Defendants' answers to depositions by written questions (DWQs) ordered by the Court on April 5, 2023. Doc. #29. Lowery also asks this Court to compel Defendants to set a date for the Rule 26(f) conference which is due to be completed before May 1, 2023, and has still not been scheduled.

First, Defendants should produce emails both referred to and summarized in Defendants Mills' and Burris' responses to the DWQs because such communications are relevant to Lowery's speech claims and have already been gathered, reviewed, and identified by defense counsel. Second, Defendants should produce basic information about when the communications between Mills, Burris, and UT legal counsel Amanda Cochran-McCall and Adam Biggs, occurred, as well as who participated in those communications, and a description of that communication sufficient to demonstrate the merits of Defendants' privilege claim. And last, Lowery requests the Court to compel the Rule 26(f) conference, which, by operation

1

of the Federal Rules of Civil Procedure and the Local Rules is due to take place no later than May 1, 2023 and which defense counsel has refused to schedule.

FACTUAL BACKGROUND

Lowery moved for expedited discovery on March 16, 2023, to help resolve factual disputes in advance of the motion for preliminary injunction. Doc. #16 at 2. Lowery also noted at that time his unsuccessful attempt to schedule the required Rule 26(f) conference. *Id.* at 2 n.1. On March 28, 2023, the motion for expedited discovery was referred to Magistrate Judge Howell. Text Order, Mar. 28, 2023.

Judge Howell held an in-person hearing on Lowery's expedited discovery motion on April 5, 2023. Doc. #28. Lowery sought expedited discovery in the form early depositions and emails and texts sent to and from Defendants concerning Lowery's speech between June 1, 2022, and November 1, 2022. Doc. #29 at 2. Judge Howell granted Lowery's motion in part, permitting Lowery "to serve up to 10 questions in the form of a deposition on written questions directed at the three Defendants" with responses due "within 10 days of service." *Id.*

On April 7, 2023, Lowery served each defendant a list of 10 DWQs.[1] Kolde Dec. at 1. On April 17, 2023, Defendants responded. Ex. U; Ex. V; Ex. W. Pertinent to the instant motion to compel, Lowery asked the Defendants:

---

[1] In accordance with Fed. R. Civ. P. 31, Plaintiff noticed the DWQs to be taken in the presence of a court reporter at the office of Mike Lovins, co-counsel for Lowery. Kolde Dec., ¶ 2-3; Ex. X. The parties initially disagreed about the DWQ process, but upon receipt and review of the responses, Plaintiff's counsel agreed to accept the responses in lieu of requiring Defendants to sit for transcribed testimony and subject the reservation that this motion would be brought. Kolde Dec. ¶ 7; Ex. X at 1.

**DEPOSITION QUESTION NO. 6.**    During the time period from June 30, 2022, through September 1, 2022, did anyone other than Jay Hartzell communicate with you concerning anything that Richard Lowery wrote in any online medium?

Ex. U at 3; Ex. V at 3; Ex. W at 3. Mills and Burris affirmatively responded that they communicated with several persons about Lowery, including members of UT's legal counsel, namely, Amanda Cochran-McCall and Adam Biggs. Ex. U at 4; Ex. V at 3. Unlike other responsive communications, Defendants included no other identifying information about the dates when the communications took place, who was involved in the communications, or a description of the format of those communications. Rather, Mills and Burris simply objected. Ex. U at 4; Ex. V at 4.

Mills and Burris further stated that they received various emails concerning Lowery's speech and briefly described the contents of those emails, providing dates, format, participants, and summarizing the information conveyed. Ex. U at 4-8; Ex. V at 4. Defendants also disclosed the existence of an August 9, 2023, "anonymous email" asking the University Compliance Office and Faculty Council to review the Hanania (CSPI) podcast for potential ethical violations. Ex. U at 4; Ex. V at 4.

On April 18, 2023, Lowery requested supplemental information including the identification of communications with UT counsel; the emails referred to and relied on in drafting the DWQ responses; and again requested Defendants' availability for the Rule 26(f) conference. Kolde Dec. ¶¶ 8-11; Ex. X at 1.

Counsel for Defendants had first appeared in this case on March 2, 2023. *Id.*; Docs. #11, #12. May 1, 2023, is sixty days after that date. *See* Local CV-16(c) ("Not later than 60 days after any appearance of any defendant, the parties shall submit a

proposed scheduling order to the court in the form described in subdivision (a). The

parties first shall confer as required by Rule 26(f)").

ARGUMENT

I.   PRODUCTION OF EMAILS ALREADY GATHERED AND RELIED UPON BY DEFENDANTS
     IS PROPORTIONATE

Lowery requests production of emails referred to and described in the

Defendants' responses to the DWQs, including:

- an email dated August 5, 2022, forwarded to Burris from Caitlin Mullaney
  including a YouTube link to the Hanania (CSPI) podcast interview,
  including Burris's response;

- an anonymous email dated August 9, 2022, forwarded to Mills and Burris
  from UT's Chief Compliance Officer, Jeffrey Graves, asking the University
  Compliance Office and Faculty Council to review the Hanania (CSPI)
  podcast for potential ethical violations, including both the original
  anonymous email (and its metadata) and Graves' email;

- two emails each dated August 11, 2022, to Mills from Mike Rowling and
  Ty Henderson about Lowery's speech, including Mills's response to
  Rowling;

- an email dated August 12, 2022, to Mills from Mike Rosen about syllabus
  issues related to Lowery's speech, including Mills' email in response; and

- multiple emails dated between August 16-17, 2022, between Mills and
  various persons about syllabus issues and any responses or follow-up
  emails referenced.

Ex. U at 4-8; Ex. V at 4.

Since Defendants are in possession of these emails and have already relied on

them to generate their DWQ responses, it would not be a burden for Defendants to

produce them. *Direct Biologics, LLC v. McQueen*, No. 1:22-cv-381, 2022 U.S. Dist.

LEXIS 85798 at *2 (W.D. Tex. May 12, 2022) (citation omitted). The emails are not

major additional discovery outside the scope of the Court's original discovery order,

4

*see* Doc. #29, but rather supplement the answers to the DWQs with further detail. Defendants simply summarized their contents as opposed to producing the underlying emails. *See Amos v. Taylor*, No. 4:20-cv-7, 2020 U.S. Dist. LEXIS 224295, at *17 (N.D. Tex. Dec. 1, 2020) ("movant must show *both* that the materials are relevant . . . *and* that the requested discovery falls within the scope of permitted expedited discovery") (citation omitted). It appears that there are about a dozen documents at issue, all known to defense counsel and readily available to be produced.

These emails are also relevant to the motion for preliminary injunction because they provide further context for Defendants' communications and meetings with Carlos Carvalho where they threatened Plaintiff due to his speech. In particular, the August 9 email from the Chief Compliance Officer, Jeffrey Graves, is relevant to determine whether any action was taken against Lowery in light of the anonymous complaint against Lowery that has not yet been provided to Plaintiff. Ex. U at 4; Ex. W at 4. The complaint may itself be an attempt to denounce Lowery for unwanted public speech criticizing UT officials. Moreover, this email should be made available to Lowery without further delay.

In sum, Lowery requests that the Court order Defendants to produce these emails, including the metadata for the anonymous complaint against Lowery that may contain information about the sender's identity or location.[2]

---

[2] For example, if the anonymous complaint was sent by Jay Hartzell, one of his deputies, or someone else who has been publicly criticized by Lowery, their attempt

II.   DEFENDANTS MUST SUFFICIENTLY DESCRIBE THE COMMUNICATION WITH UT
LEGAL COUNSEL TO DEMONSTRATE THE MERITS OF THE PRIVILEGE CLAIM

Lowery seeks further information regarding Mills' and Burris' alleged privileged

conversation with UT's legal office. In claiming privilege, a party must "(i) expressly

make the claim; and (ii) describe the nature of the documents, communications, or

tangible things not produced or disclosed–and do so in a manner that, without

revealing information itself privileged or protected, will enable other parties to

assess the claim." Fed. R. Civ. P. 26(b)(5)(A). In other words, the party claiming

privilege must provide a log, or equivalent information, that sets forth "facts that

would suffice to establish each element of the privilege or immunity that is

claimed." *Smartphone Techs. LLC v. Apple, Inc.*, No. 6:10-cv-74, 2013 U.S. Dist.

LEXIS 28220, at *12 (E.D. Tex. Mar. 1, 2013) (internal quotation marks and

citation omitted); *see also Equal Employ. Opp. Comm. v. BDO USA, L.L.P.*, 876 F.3d

690, 697 (5th Cir. 2017) ("a privilege log's description of each document and its

contents must provide sufficient information to permit courts and other parties to

'test[] the merits of' the privilege claim") (citation omitted).

Courts in this Circuit have compelled parties to provide more information in

cases where logs inadequately provided facts sufficient to establish each element of

the privilege claim. *See, e.g.*, *Smartphone Techs.*, 2013 U.S. LEXIS 28220, at *12-13;

---

to anonymously denounce Lowery would be relevant to both his chilled speech and
retaliation claims. It also raises a question about whether UT is utilizing its ethics
compliance process as some sort of alternative "Campus Climate Reporting Team,"
which it previously agreed to eliminate in a settlement in another lawsuit. *See* Doc.
#39 at 3 in *Speech First,* Case 1:18-cv-01078-LY.

*Nester v. Textron, Inc.*, No. A-13-CA-920, 2015 U.S. Dist. 28182, at *17-18 (W.D.

Tex. Mar. 9, 2015; *Dome Tech., Ltd. Liab. Co. v. Factory Mut. Ins. Co.*, No. 3:14-cv-

350, 2015 U.S. Dist. LEXIS 195609, at *4-5 (S.D. Miss. Nov. 5, 2015). For example,

boilerplate language such as "discussion re anticipated litigation and strategy," *see*

*Smartphone Techs.*, 2013 U.S. Dist. LEXIS 28220, at *13, or 'communication

between in-house counsel and other personnel' are insufficient, *see Nester*, 2015 U.S.

Dist. LEXIS 28182, at *17-18. *See also Ellis v. United States*, No. 3:14-MC-521, 2015

U.S. Dist. LEXIS 154464, at *19 (S.D. Miss. Nov. 16, 2015) ("blanket assertion of

the attorney-client privilege makes it impossible . . . to determine if all or any of the

requested documents fall within the privilege").

Here, Mills' and Burris' blanket claim of privilege is insufficient. Mills and

Burris both state that "Defendant is instructed not to answer . . . based on the

attorney-client privilege only as to the contents of any communication with

counsel." Ex. U at 4; Ex. V at 4. Such boilerplate language fails to identify the date

the communication took place and topic of discussion specific enough to

demonstrate that the claim of privilege is justified. *Smartphone Techs.*, 2013 U.S.

Dist. LEXIS 28220, at *13. Further, there is no presumption that an organization's

communications with counsel are privileged. *BDO USA*, 876 F.3d at 696 (citation

omitted). "[S]imply describing a lawyer's advice as 'legal' without more, is

conclusory and insufficient to carry out the proponent's burden of establishing

attorney-client privilege." *Id.* (citation omitted). Thus, Lowery requests the Court to

order Defendants to produce the date and topic of discussion between Mills, Burris, and UT legal counsel, as well as who participated in the discussions.

III.   DEFENDANTS HAVE REFUSED TO SCHEDULE A RULE 26(F) CONFERENCE

Lowery also moves to compel Defendants to participate in a Rule 26(f) discovery conference. Defendants have dodged setting a date to confer each of the four times Lowery has requested a discovery planning conference. Kolde Dec. ¶ 11. Rule 26(f)(1) provides that the parties must confer on a discovery plan "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." "The attorneys of record . . . are jointly responsible for arranging the conference" and attempting in good faith to agree on a proposed discovery plan. Fed. R. Civ. P. 26(f)(2). Rule 16(b)(2) requires that, absent good cause, the Court must issue its scheduling order within 60 days after any defendant has appeared.[3]

Similarly, Local Rule CV-16(c) provides that "[n]ot later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court.… The parties first *shall confer* as required by Rule 26(f)" (emphasis added).

"The requirement that the parties confer to develop a discovery plan may be the single most important provision in the discovery architecture of Rule 26 . . . courts

---

[3] "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

should be rigorous in enforcing the conference requirement." *6 Moore's Federal Practice - Civil § 26.143* (2023). The 2000 rule amendments made the Rule 26(f) conferences mandatory nationwide for most cases. *6 Moore's Federal Practice - Civil § 26App.10* (2023) (quoting Committee Notes on Rules—2000 Amendment).

This Court has previously found "it prudent to require the parties to confer and submit proposed deadlines as indicated in . . .  the Local Rules." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008). Courts also have the authority to grant motions to compel Rule 26(f) conferences, even in light of pending motions to stay and dismiss. *See, e.g.*, *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257, 2014 U.S. Dist. LEXIS 66824, at *3-7 (N.D. Tex. May 15, 2014); *Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d at 767-68. Absent a showing of good cause, parties are required to confer "as soon as practicable." *Escareno*, 2014 U.S. Dist. LEXIS 66824 at *3, *6-7 (quoting Fed. R. Civ. P. 26(f)).

Defendants collectively appeared in this case on March 2, 2023. Docs. #11, #12. The 60-day deadline under the Local Rule CV-16(c) is May 1, 2023. Lowery attempted to set a Rule 26(f) discovery conference date with Defendants on multiple occasions, yet defense counsel have refused to provide any dates to confer. In light of Defendants' stalling, Lowery asks the Court to compel Defendants to confer under Fed. R. Civ. P. 26(f).

CONCLUSION

The Court should grant Lowery's motion to compel information and documentation as referred to in the Defendants' responses to the DWQs as well as set a date for the Rule 26(f) conference.

Respectfully submitted,                           Dated: April 24, 2023

  s/Endel Kolde                                      s/Michael E. Lovins
Endel Kolde                                        Michael E. Lovins
Stephanie M. Brown                                 State Bar No. 24032555
State Bar No. 24126339                             LOVINS |TROSCLAIR, PLLC
INSTITUTE FOR FREE SPEECH                          1301 S. Cap. Of Texas
1150 Connecticut Ave., NW, Suite 801               Building A Suite 136
Washington, D.C. 20036                             Austin, Texas 78746
Tel: (202) 301-1664                                Tel: 512.535.1649
Fax: (202) 301-3399                                Fax: 214.972.1047
dkolde@ifs.org                                     michael@lovinslaw.com
sbrown@ifs.org

*Attorneys for Richard Lowery*