UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>  *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>  *Defendants*. | Case No. 1:23-cv-129-DAE |

PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE CORRECT BRIEF
IN RESPONSE TO MOTION TO DISMISS

## Local Rule 7(G) Certification

Late on April 26, 2023, Plaintiff's counsel discovered that they had filed an incorrect brief on March 28, 2023, and called defense counsel on the morning of April 27, 2023 to request to confer on filing a motion to correct his filing, but his call went to voicemail, so he left a message. He then followed up with an email to defense counsel explaining the situation, attaching the correct brief, and asking for defense counsel's response within the next several hours. No response was received. Given the matter's urgency, Plaintiff's counsel indicated that he would file the motion to avoid further delay while the motion to dismiss is pending. Plaintiff's counsel considers this motion to be opposed.

## Introduction

On March 28, 2023, Plaintiff's counsel accidentally filed a second copy of Plaintiff's Reply re Motion for Preliminary Injunction (Docs. #17, 23), instead of Plaintiff's Response to Defendants' Motion to Dismiss. A copy of the brief Plaintiff's counsel intended to file is attached. Plaintiff's counsel respectfully requests that this Court grant leave to file the correct brief and allow Defendants leave to file an optional amended reply brief.

## Facts

On February 17, 2023, Plaintiff Richard Lowery filed his motion for preliminary injunction. Doc. #8. On March 14, 2023, Defendants filed their response to the motion for preliminary injunction. Doc. #14. On March 21, 2023, Plaintiff filed his Reply re Motion for Preliminary Injunction ("MPI Reply"). Doc. #17.

On March 14, 2023, Defendants filed their Motion to Dismiss. Doc. #15. Lowery intended to file his Response to Defendants' Motion to Dismiss on March 28, 2023, but accidentally filed a second copy of his MPI Reply. Doc. #23; Kolde Dec. ¶ 2. The actual response brief was not filed. *Id.,* ¶¶ 2-3; Ex. 1 (correct response brief). In the days immediately following this filing, Defense counsel did not notify Plaintiff's counsel that he had filed a duplicate copy of his MPI Reply. Kolde Dec. ¶ 4. Defendants filed Defendants' Reply in Support of the Motion to Dismiss on April 4, 2023. Doc. #27. Defendants did indicate in a footnote that Lowery's response was a "re-filed copy of his reply brief" but took no further action to inform Plaintiff's counsel of the error. Doc. #27 at 5; Kolde Dec. ¶¶ 4-5.

On April 4, 2023, Defense counsel was in transit to Austin and preparing for a hearing on expedited discovery in this case set for April 5, 2023 (with return travel back to Seattle that night), and did not immediately review Defendants' reply brief or notice the footnote. Kolde Dec. ¶¶ 6-7. In preparing for a response to the motion to stay discovery, one of the plaintiff's counsel noticed the mistake on the evening of April 26, 2023 and on April 27, 2023, Plaintiff's counsel immediately took action attempt to correct their mistake. Kolde Dec. ¶¶ 8-10; Ex. 2.

The Court has not yet ruled on either the Defendants' motion to dismiss or Lowery's motion for preliminary injunction.

ARGUMENT

I. PLAINTIFF'S COUNSEL MADE A CLERICAL ERROR BY FILING THE WRONG DOCUMENT

Plaintiff's counsel made a simple clerical error here, having completed the response brief in a timely manner, but mistakenly filed a duplicate copy of Lowery's MPI Reply. Kolde Dec. ¶¶ 2-3; Ex 1. (correct response brief dated March 28, 2023). There is no evidence of gamesmanship or an attempt to gain an inappropriate advantage by Plaintiff's counsel. He simply loaded the wrong PDF file into the ECF filing platform.

II. COURT'S FAVOR RESOLUTION OF THE MERITS

Courts generally favor a determination on the merits of a claim. *See UnitedHealthcare Ins. Co. v. Holley,* 724 F. App'x 285, 287 (5th Cir. 2018) (discussing issue in context of a default judgment); *Malibu Media LLC v. Eddleman*, No. SA-19-CV-622-XR, 2020 U.S. Dist. LEXIS 201375, at *4-5 (W.D. Tex. Apr. 13, 2020) (same). And since this Court has an independent duty to consider its subject-matter jurisdiction, there is no good reason for this Court not to have the benefits of Plaintiff's briefing on these matters. *See United States v. Dees,* 125 F.3d 261, 263 (5th Cir. 1997) (court has independent duty to determine jurisdiction); *2 Moore's Federal Practice - Civil § 12.30* (2023) (same). Among other arguments, Lowery's actual response brief offers analysis on the issues of ripeness, ongoing harm, and prospective relief that should be considered by this Court. *See* Ex. 1 at 2-8.

4

### III.   DEFENDANTS ARE NOT PREJUDICED BECAUSE THE COURT HAS NOT RULED ON EITHER SUBSTANTIVE MOTION

The Court has not yet ruled on either Lowery's motion for a preliminary injunction or Defendants' motion to dismiss and Defendants' will not be unfairly prejudiced by allowing Lowery to correct his response filing. It should have been obvious to Defense counsel that Lowery had accidentally filed another copy of his MPI Reply instead of his actual response, because the filing was identical to the reply brief he had filed a week earlier and was similarly dated a week earlier. Docs. #17, 23. Rather than contacting Plaintiff's counsel directly about this error immediately after the filing, Defense counsel raised it in a footnote in their reply brief a week later, filed on a day when Plaintiff's counsel was traveling to Austin for a hearing. Doc. #27 at 5, n.1. Setting aside whether Defense counsel was entitled to attempt to take advantage of this clerical error, now that Plaintiff's counsel has noticed his mistake, this Court should allow him to correct it and engage with the merits of Lowery's arguments and authority. Moreover, if Defendants wish to file a new reply to his corrected response, Lowery has no objection to that.

It should also be noted that at the outset of this case, Plaintiff's counsel did not oppose Defendants motion for an eleven-day extension to respond to the Complaint and motion for preliminary injunction. Doc. #10.

5

CONCLUSION

The Court should grant Lowery's motion for leave to correct his prior filing.

Respectfully submitted,

  *s/Endel Kolde*
Endel Kolde
Stephanie M. Brown
State Bar No. 24126339
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW
Suite 801
Washington, D.C. 20036
Tel: (202) 301-1664
Fax: (202) 301-3399
dkolde@ifs.org
sbrown@ifs.org

Dated: April 27, 2023

  *s/Michael E. Lovins*
Michael E. Lovins
State Bar No. 24032555
LOVINS | TROSCLAIR, PLLC
1301 S. Cap. Of Texas
Building A Suite 136
Austin, Texas 78746
Tel: 512.535.1649
Fax: 214.972.1047
michael@lovinslaw.com

*Attorneys for Richard Lowery*