UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br> *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br> *Defendants*. | Case No. 1:23-cv-129-DAE |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY

INTRODUCTION

Discovery stays are rare. Absent convincing claims that a case will be entirely disposed of by pending motions to dismiss, courts should let discovery proceed normally. Defendants' weak claims of jurisdictional defects are insufficient to merit the unusual remedy of a stay. Lowery should have the opportunity to use customary discovery to fend off Defendants' pending motion and support his own request for a preliminary injunction protecting his right to speak.

Cover ups do not promote a just resolution on the merits. Discovery will assist Lowery (and this Court) in resolving factual disputes, including obtaining a copy of the previously secret, anonymous complaint against Lowery, first disclosed by UT in response to the limited deposition on written questions that were previously ordered (Doc. #29). UT should not be allowed to conceal this material evidence and Defendants should have to explain under oath how they operationalized this convenient denunciation.

STATEMENT OF FACTS[1]

Defendants' motion to stay arises from Plaintiff Richard Lowery's request for supplemental expedited discovery as well as his counsel's attempt to schedule a Rule 26(f) discovery conference on four separate occasions. Doc. #31 at 9; Doc. #31-1 at 3. Most recently, on April 24, 2023, the parties held a video conference to discuss

---

[1] An in-depth timeline of the facts concerning discovery disputes up to this point in this case is highlighted in Plaintiff's motion to compel supplemental expedited discovery. Doc. #31 at 3-5; Doc. # 31-1. The relevant facts pertinent to this motion are summarized in this brief.

1

these issues. Doc. #31 at 5; Doc. # 31-2 at 4-8; Doc. #31-3 at 4. Defense counsel indicated that they opposed all of Plaintiff's requests and would be cross-moving for a discovery stay. Doc. #31-1 at 2.

Defendants filed the instant motion (Doc. #30) and later that same day, Lowery filed his motion to compel supplemental expedited discovery. Doc. #31. In that motion, Lowery requests: (1) production of emails referred to and described in the Defendants' responses to the deposition by written questions (DWQs); (2) information regarding Defendants Lillian Mills's and Ethan Burris's alleged privileged conversation with the UT's legal office; and (3) setting of the customary Rule 26(f) conference. Doc. #31 at 5, 7, 9.

In particular, Lowery requests a copy of an anonymous complaint against him for his speech during the Hanania podcast. *Id.* at 4; Doc. #31-2 at 4 (DWQ response):

> Email from Graves to me and Dean Burris forwarding an anonymous email asking the Compliance Office and Faculty Council to review Hanania podcast interview (Lessons from the Frontlines of the University Wars) for potential violations of ethical standards. Graves stated this complaint appears to be a personnel issue for Dean Burris and me to review.

*See also* Doc. #31-3 at 4 (referencing same email).

Defendants' motion to dismiss was filed over a month ago, on March 14, 2023, and remains pending, as does Lowery's motion for preliminary injunction. Docs. #8, 15. Due to a clerical error, Lowery's counsel accidentally filed a duplicate copy of his reply brief regarding the motion for preliminary injunction, but counsel has since filed a motion for leave to file the correct response brief. Doc. #32 at 3; #32-1 at 1-2.

2

In opposing Defendants' motion to stay, Plaintiff will here refer to the correct response to Defendants' motion to dismiss found at Doc. #32-2.

Lowery raised similar arguments and authority in favor of the justiciability of his free speech claims in moving for a preliminary injunction. Doc. #8 at 10-14, 15-18. Throughout this litigation, Lowery has maintained that he is presently suffering ongoing harm in the form of self-censorship. *Id.* That harm is based on his reasonable perception that Defendants have threatened to end his affiliation with the Salem Center unless he stops his public criticisms of UT officials and the university's ideological direction. *Id.* at 13; *see also* Doc. #32-2 at 7–13.[2]

Defendants, in turn, have disputed that they ever threatened Lowery, but they have also aggressively asserted that his speech was "disruptive" or "disparaging." Docs. #14 at 2 ("Lowery's Twitter posts and public comments have been disruptive"), 3 (Mills and Burris claim Lowery "disparaged" his colleagues), 11 ("defaming leaders" and "sabotaging fundraising"); #14-1; #14-2; #14-3. Thus, there is an ongoing factual dispute between the parties that the Court will need to resolve to rule on both Lowery's motion for preliminary injunction and Defendants' motion to dismiss.

---

[2] From this case's outset, Lowery has relied on *Speech First Inc., v. Fenves,* 979 F.3d 319 (5th Cir. 2020), *Jackson v. Wright,* No. 4:21-CV-00033, 2022 U.S. Dist. LEXIS 8684 (E.D. Tex. 2022), and *Levin v. Harleston,* 966 F.2d 85 (2d Cir. 1992) for his chilled-speech claim. Doc. #8; Doc. #32-2 (both citing all three cases). He has also consistently argued that *Breaux v. City of Garland,* 205 F.3d 150 (5th Cir. 2000) is no longer good law for free-speech retaliation claims. Doc. #8 at 23; Doc. #32-2 at 12.

ARGUMENT

I. DISCOVERY STAYS ARE DISFAVORED

The default presumption is that the parties will conduct a mandatory Rule 26(f) conference "as soon as practicable" and at the latest within 60 days of any defendant's appearance. Fed. R. Civ. P. 26(f)(1); Local Rule CV-16(c). In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Hernandez v. Baylor Univ.*, No. 6-16-cv-69, 2016 U.S. Dist. LEXIS 189917, at *5 (W.D. Tex. Sept. 21, 2016) (citation omitted). A stay of discovery is not permitted "merely because defendant believes it will prevail on its motion to dismiss." *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17-cv-126, 2018 U.S. Dist. LEXIS 235635, at *5-6 (E.D. Tex. April 25, 2018) (citation omitted). "[H]ad the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect." *Hernandez*, 2016 U.S. Dist. LEXIS 189917, at *5 (citation omitted). Rather, Defendants, as the proponents of a stay, must make a showing of "good cause." *Health Choice Grp.*, 2018 U.S. Dist. LEXIS 235635, at *6; *University States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting Fed. R. Civ. P. 26(c)).

In addition, courts should also consider the breadth of discovery sought and "the strength of the dispositive motion that is the basis of the discovery stay application." *Sneed v. Abbot*, No. 21-279, 2021 U.S. Dist. LEXIS 121160, at *7 (M.D. La. June 29, 2021) (citations omitted); *see also Health Choice Grp.*, 2018 U.S. Dist. LEXIS 235635 at *8 (motion to dismiss in not "so clearly meritorious and truly case

4

dispositive as to warrant a stay of discovery"). A discovery stay is not appropriate when it could deprive a party of sufficient opportunity to develop a factual base for defending against a dispositive motion. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-cv-1146, 2016 U.S. Dist. LEXIS 47561 at *3 (W.D. Tex. April 8, 2016) (citation omitted); *6 Moore's Federal Practice - Civil § 26.105* (2023) (stay should be denied where it "could preclude either party from fully preparing for the pending motion").

II.   DISCOVERY IS NEEDED TO HELP RESOLVE FACTUAL DISPUTES AND FOCUS THE PRESENTATION OF EVIDENCE AT THE REQUIRED MOTIONS HEARING

Where material factual disputes exist pertaining to a motion for preliminary injunction, a district court must hold an evidentiary hearing and give the parties an opportunity to present conflicting evidence, including live testimony. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996); *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 334 (5th Cir. 2013); *Superior Sales W., Inc. v. Gonzalez*, No. EP-19-CV-329-KC, 2020 U.S. Dist. LEXIS 19327, at *4-5 (W.D. Tex. Jan. 9, 2020); *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 683-84 (N.D. Tex. 2015). In the face of factual disputes, affidavits and declarations, usually written with the assistance of counsel, are not a substitute for live testimony at an evidentiary hearing. *Monroe v. Hous. Indep. Sch. Dist.*, 794 F. App'x 381, 384 n.1 (5th Cir. 2019). Similarly, in considering Defendants' cross-motion to dismiss, this Court may go beyond the four corners of the complaint and consider both undisputed facts and the Court's resolution of disputed facts. *Jackson,* 2022 U.S. Dist. LEXIS 8684, at *11 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)). Moreover, allowing the

5

parties to proceed with the discovery process will serve to focus the presentation of evidence and ultimately serve to promote a more efficient hearing process.[3]

From Lowery's perspective as the party requesting a preliminary injunction, and resisting the motion to dismiss, discovery provides a necessary opportunity to corroborate witness Carlos Carvalho's testimony (Doc. #8-2) that Defendants threatened to end Lowery's Salem Center affiliation due to his speech, to probe Defendants' claims of "disruption" and "disparagement," and to test whether UT maintains an unwritten campus speech code or anonymous reporting system designed to stifle criticism of UT officials and their DEI programs. At a minimum, Lowery seeks to use targeted discovery to find out more about the newly disclosed "anonymous email" asserting "ethical" concerns about his speech.

Given this active legal controversy, it is inappropriate for UT to continue to conceal this email from Lowery, and it is reasonable to infer that this email would hurt Defendants' case. So too with other discovery related to the campaign to silence Lowery, which UT simultaneously denies while also suggesting that UT officials would be justified in disciplining him. UT's position is contradictory. And given UT's serial opposition to turning over relevant communications and allowing its officials

---

[3] For example, the parties can use both documentary discovery and depositions to sort out who should be called for live testimony or, potentially use deposition testimony in lieu of live testimony, shortening testimony time. Lowery has previously asked to conduct targeted discovery involving key players and documents. *See* Docs. #16 at 2–3; #24-3. The narrow early discovery already permitted has uncovered the existence of a previously secret, anonymous denunciation of Lowery, linked to his speech on the Hanania podcast in July 2022. *See* Doc. #1 at 7–8.

to sit for short depositions, it is reasonable to infer that Defendants want to deprive Lowery of evidence to help make his case and resist their motion to dismiss.

III. DEFENDANTS HAVE NOT MET THEIR BURDEN TO SHOW GOOD CAUSE, ESPECIALLY WHERE FACTUAL DISPUTES PERSIST

Defendants' reliance on their motion to dismiss as a basis to stay discovery is misplaced, especially where discovery can help the parties and the Court resolve factual disputes that are relevant to the parties' motions. Even assuming, *arguendo,* that Defendants have raised a colorable dispute about the justiciability of one or both of Lowery's claims, they have not presented slam-dunk jurisdictional defects that justify a stay. Standing doctrine favors free-speech claims.

As the Fifth Circuit recently recognized: "It is not hard to sustain standing for a pre-enforcement challenge in the highly sensitive area of public regulations governing bedrock political speech." *Speech First,* 979 F.3d at 330-31; *see also Jackson,* 2022 U.S. Dist. LEXIS 8684, at *19-20 (implicit policy suffices for standing). Indeed, Lowery's claims posit that UT is backtracking on its recent commitments in the *Speech First* settlement[4] by maintaining an unwritten civility code; and perhaps UT is even using its ethics reporting system as a replacement for the abolished Campus Climate Reporting Team (CCRT), a group that functioned as roving campus speech commissars, inviting anonymous complaints. The Fifth Circuit has already expressed particular concern about the CCRT's use of anonymous reports to intimidate speakers (such as Lowery) with minority

---

[4] *See Speech First,* Case 1:18-cv-01078-LY, Doc. #39 at 2-3 (agreeing to remove civility provision from UT's acceptable use policy, revise residence hall manual and verbal harassment policy, and eliminate Campus Climate Reporting Team).

7

viewpoints. *Id.* at 338 (citing Keith Whittington, *Free Speech and the Diverse University,* 87 Fordham L. Rev. 2453, 2466 (2019)).

Anonymous denunciations have long been used to repress dissent and enforce political orthodoxy. *See, e.g.,* U.S. HOLOCAUST MEMORIAL MUSEUM, *Holocaust Encyclopedia: How did the Gestapo Work? Denunciations* (last visited April 28, 2023), https://bit.ly/44amVxZ ("In Nazi Germany, these types of tips were referred to as denunciations. They were often motivated by ideology, politics, or personal gain. The consequences for those people who were denounced could be severe"); Robert Coalson, *Soviet-Style Denunciations On The Rise As Russian Society Confronts Ukraine War* RADIO FREE EUROPE, April 8, 2022, https://bit.ly/3naVGTj.[5] The "anonymous complaint" directed at Lowery due to his speech on the Hanania podcast has similar features, and UT is following a classic Kafkaesque script by refusing to show Lowery the evidence against him.[6]

Defendants largely rely on cases staying discovery in the face of clear legal impediments that do not apply here, such as the naming of improper parties, *see*

---

[5] "In some cases, we are talking about anonymous denunciations that, most likely, are written by the police themselves," he said. "In other cases, the complainants are frightened public-sector workers who are forced by police or their bosses to write denunciations. Some denunciations are written by fake 'activists' who are cooperating with the Anti-Extremism Center. There are many variations of these scenarios, but they are all predictable and they are all based on one thing: fear."

[6] "In Franz Kafka's novel *The Trial,* first published in 1925, a year after its author's death, Josef K. is arrested, but can't seem to find out what he's accused of." Elizabeth Winterhalter, *Franz Kafka's The Trial—It's Funny Because It's True (Just because you're paranoid doesn't mean they're not out to get you),* JSTOR DAILY, July 2, 2019, https://bit.ly/3oVumsR. This book is a classic for good reason.

*Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987), a statute of limitations, *see Dawson v. Piggott*, No. 10-376, 2010 U.S. Dist. LEXIS 93830 (S.D. Ala. Sept. 9, 2010), a failure to meet the minimum amount in controversy for diversity jurisdiction, *see Johnson v. Ashmore*, No. 3:15-cv-2475, 2016 U.S. Dist. LEXIS 184977 at *1 (N.D. Tex. Jan. 22, 2016), an automatic stay provision under federal statute, *see Pedroli v. Bartek*, 251 F.R.D. 229, 230 (E.D. Tex. 2007), qualified immunity applying to monetary damage claims, *see Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990), or a plaintiff's history of having filed hundreds of cases with similar standing issues, *see Laufer v. Patel*, No. 1:20-cv-631, 2021 U.S. Dist. LEXIS 18317, at *2-3 (W.D. Tex. Feb. 1, 2021). Defendants' reliance on *Bickford* is also misplaced because that case recognized that a discovery stay is inappropriate where it would prevent a party from developing facts related to a dispositive motion. 2016 U.S. Dist. LEXIS 47561, at *3. Lowery seeks just such discovery.

Lastly, Defendants' claim of sovereign immunity is weak. Determining whether the *Ex parte Young* exception to sovereign immunity applies requires no more than a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 645 (2002) (citation omitted). Lowery claims a present, ongoing harm in the form of self-censorship, Doc. #1 at 18–9, for which he seeks

9

prospective injunctive and declaratory relief.[7] *Id.* at 24–25. That easily suffices to meet this standard. It is axiomatic that UT officials sued in their official capacities do *not* enjoy immunity from equitable relief seeking to prevent them from censoring speech or retaliating against a disfavored speaker.

IV. IN THE ALTERNATIVE, LIMITED SUPPLEMENTAL DISCOVERY WOULD ASSIST THE COURT IN DECIDING THE PENDING CROSS MOTIONS

Although Lowery would benefit greatly from commencing regular discovery, he should at least be provided the supplemental discovery set forth in his motion to compel. Doc. #31 at 5-10. In particular, UT should produce the August 9, 2023, anonymous denunciation email, with metadata, which was received and forwarded shortly before Mills and Burris began pressuring Carvalho to deal with Lowery's speech. *Id.* at 4-5; Doc. #8-2 at 2–3. If that email is helpful for Defendants, we would probably have seen it already. Having confirmed its existence, Defendants should be required to produce it.

CONCLUSION

The Court should deny Defendants' motion to stay discovery or, in the alternative, permit limited supplemental expedited discovery.

---

[7] As explicated in Doc. #32-2 at 8-10, a declaration as to the illegality of past acts can be relevant to prospective, declaratory relief. *See also Verizon,* 535 U.S. at 646 (Verizon's request for a declaration as to past action was not an attempt to impose monetary damages). Even if this Court would disagree as to declaratory relief, Lowery's claim for injunctive relief would remain and the proceedings would continue.

10

| | |
|---|---|
| Respectfully submitted, | Dated: May 1, 2023 |
| *s/Endel Kolde* | *s/Michael E. Lovins* |
| Endel Kolde | Michael E. Lovins |
| Stephanie M. Brown | State Bar No. 24032555 |
| State Bar No. 24126339 | LOVINS | TROSCLAIR, PLLC |
| INSTITUTE FOR FREE SPEECH | 1301 S. Cap. Of Texas |
| 1150 Connecticut Ave., NW, Suite 801 | Building A Suite 136 |
| Washington, D.C. 20036 | Austin, Texas 78746 |
| Tel: (202) 301-1664 | Tel: 512.535.1649 |
| Fax: (202) 301-3399 | Fax: 214.972.1047 |
| dkolde@ifs.org | michael@lovinslaw.com |
| sbrown@ifs.org | |

*Attorneys for Richard Lowery*