# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § § | Case No. 1:23-CV-00129-DAE |
| LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | § § § § § § § § § § § § § § § § | |
| DEFENDANTS. | § § | |

## DEFENDANTS' RESPONSE TO LOWERY'S MOTION TO COMPEL SUPPLEMENTAL EXPEDITED DISCOVERY

The motion to compel demonstrates its impropriety in its very first sentence: Lowery claims to need "additional supplemental discovery"—"based on newly disclosed information"—to support a motion for a preliminary injunction based on a self-chilled-speech claim. Lowery's Motion to Compel Supplemental Expedited Discovery ("Lowery Motion") (Dkt. 31 at 1). Lowery cannot have chilled his speech in August 2022 based on anything he learned in April 2023, and he certainly has no need to compel yet additional discovery in order to support his PI motion that is fully briefed and for which expedited discovery was already considered and ruled upon. The motion to compel should be denied.

## ARGUMENT

### I.    Magistrate Judge Howell Has Already Determined That No Further Discovery is Warranted on the Preliminary Injunction.

The preliminary injunction has been fully briefed since mid-March, with the parties submitting hundreds of pages of evidence, including three sworn declarations from Lowery himself. Lowery's initial motion for PI discovery was granted only in part after Magistrate Judge Howell determined that "some limited discovery should be provided, but not to the extent [Lowery] requests." Order, Dkt. 29 at 2 ("the Discovery Order"). Magistrate Judge Howell granted Lowery "leave to serve up to 10 questions directed at [the Defendants]" and denied all further requested relief. *Id.* Lowery's current motion seeking additional discovery ignores Magistrate Judge Howell's discovery ruling.

Magistrate Judge Howell has already determined the appropriate level of preliminary-injunction discovery in this case. And Defendants have each already answered the deposition on written questions ("DWQs") they were served. The Court should not entertain any further requests from Lowery to expand discovery in an attempt to delay the Court's consideration of Defendants' Motion to Dismiss or Lowery's PI Motion. The Court can set a hearing for the Motion to Dismiss at its convenience, but in the interim Lowery should not be permitted to circumvent the protections of sovereign immunity by burdening Defendants' time and resources through discovery and motion practice. *See* Dkt. 30 at 5–6 (Defendants' Opposed Motion to Stay All Additional Discovery) (demonstrating that sovereign immunity covers not only liability and damages but also protects against the burdens of being forced to conduct public-resource-draining litigation); *see, e.g.*, *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("Sovereign immunity is an immunity from *suit* (including discovery). . . . Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.").

Nor could any further discovery be warranted to support the PI motion in this case because (1) Lowery's self-chilling claim must stand or fall on the facts as he understood them at the time he claims to have begun chilling his speech, and (2) Lowery cannot identify any adverse employment

action that Defendants have taken against him, so his purported need to search for motives or causes of that non-existent action is an improper use of the discovery process.

The Court should deny the motion to compel and make clear that no additional discovery will be permitted on Lowery's PI motion, and no additional discovery will be permitted while the Motion to Dismiss remains pending before the Court.

## II.     Lowery's Specific Discovery Requests Are Improper.

Lowery seeks expanded PI discovery in two forms: (1) the production of emails (and certain associated metadata) and (2) a privilege log for attorney-client communications. But those requests are contrary to Magistrate Judge Howell's Discovery Order. Lowery also seeks to compel the holding of a Rule 26(f) conference, but that is premature in light of the pending motion to dismiss under Rule 12(b)(1). Each of these requests to further expand discovery should be denied.

1.      Lowery mischaracterizes his production request as within the scope of the Discovery Order. Lowery Motion at 4–5. That Order actually forecloses production of documents as appropriate discovery on the PI motion. *Compare* Dkt. 16 at 2, 5 (Lowery's initial PI discovery motion seeking the production of emails to or from Defendants Mills and Burris, among others), *with* Dkt. 29 at 2 (Discovery Order denying all requested relief except the DWQs). The Court should reject Lowery's attempt to circumvent Magistrate Judge Howell's decision.

Lowery implies that Defendants did something wrong in their response to the DWQ when they "simply summarized [the emails'] contents as opposed to producing the underlying emails." Lowery Motion at 5. Lowery is incorrect. Defendants fully complied with the Discovery Order by answering the DWQs they were served. Nothing more was required. *See* Fed. R. Civ. P. 31. If Magistrate Judge Howell had intended to require parties to respond to requests for production for documents in their possession, *see* Lowery Motion at 4 (suggesting Defendants' "possession" of the emails justifies requiring production), then in addition to requiring responses to the DWQs, the

Discovery Order would granted Lowery permission to serve requests for production rather than denying all further relief. Defendants' compliance with the Discovery Order should be the end of the matter, not Lowery's launching pad for additional discovery requests that are contrary to Magistrate Judge Howell's carefully crafted limitation on PI discovery.

Lowery is also wrong that these emails are relevant to the PI. *See* Lowery Motion at 5. Lowery's purported choice to begin chilling in August 2022 would have been based upon what he knew at the time. He cannot retroactively try to rehabilitate his First Amendment claim with whatever "further context" he hopes to now glean from the emails. Further, Lowery cannot identify any adverse employment action that is recognized under Fifth Circuit precedent. To the contrary, Lowery received a merit-based pay raise and a renewed appointment to the Salem Center. So there is no allegedly undiscovered motive for him to explore.

Finally, Lowery's demand for an anonymous complaint email to the UT Chief Compliance Officer (with associated metadata) suggests that this is relevant to determine whether any action was taken against Lowery because of the anonymous complaint and speculates that UT President Hartzell or one of his deputies might be the anonymous complainant. Lowery Motion at 5, 5–6 n.2. But again, there has been no adverse employment action for which a motive could be explored. And the absurdity of suggesting that President Hartzell spends his time sending anonymous complaint emails demonstrates just how unseriously Lowery is taking the discovery process and the resource burdens he continues to impose upon the Court and Defendants.[1]

Lowery's demand for production of documents should thus be rejected.

---

[1] Lowery's argument here also demonstrates his own acknowledgement that his initial retaliation-claim theory has failed. Lowery began demanding PI discovery because he speculated that the Defendants were all working with President Hartzell to silence him. Dkt. 16 at 3 (describing as "central" to his case whether the President asked his subordinates to silence Lowery). But as each Defendant testified in the DWQ responses, none of them communicated with President Hartzell about Lowery's speech. Lowery's absurd new plan to salvage his Hartzell-as-ringleader theory posits that President Hartzell was instead anonymously attempting to silence Lowery without Defendants' participation or knowledge. Lowery's unfounded speculation provides no basis for the expansion of expedited discovery on the PI.

2.     For similar reasons, Lowery's demand for a privilege log with respect to communications with counsel should also be rejected: it expands the scope and type of limited PI discovery permitted by the Court; the creation of a privilege log would not be burden-free for the University; and a privilege log would serve no purpose for the PI hearing because nothing contained in that log would support Lowery's chilled-speech claim or his retaliation claim that lacks a retaliatory action for a foundation.

Defendants Mills and Burris have fully answered the DWQs in question. They answered DWQ 7, which asked with whom they spoke regarding two particular aspects of Lowery's speech addressed in DWQs 5 and 6, by stating they spoke with two members of UT's in-house counsel office. In response to DWQ 8, which asked for "the contents of any communications" with anyone identified in DWQ 7, they described the contents of non-privileged communications and refused to divulge "the contents" of attorney-client privileged communications. What else is there to say that would not be privileged? To permit Lowery to convert Defendants' compliance with the Discovery Order into an imposition of further obligations is inconsistent with the Order.

Finally, the production of a privilege log is not a part of a deposition, so it was not contemplated by Defendants when they agreed at the hearing on PI discovery that they understood their limited discovery obligation to answer up to 10 written deposition questions. In any event, Lowery cites no case in which a privilege log was ordered to be produced as part of an answer to a DWQ.

3.     Defendants have moved for a stay of the Rule 26(f) conference obligation, as well as all additional discovery obligations, pending the resolution of the Motion to Dismiss. Dkt. 30. Lowery's motion to compel a Rule 26(f) conference should thus be considered after, or along with, that pending motion. And Lowery's motion should be denied for all the reasons a stay is appropriate: The jurisdictional issues of ripeness, standing, and sovereign immunity are "threshold" issues that *must*

be determined prior to Defendants being subjected to the burdens of full-blown discovery, which will commence after the parties conduct the Rule 26 conference. The issues raised in the Rule 12(b)(6) portion of the motion to dismiss *should* also be determined before discovery commences, because they will inform what discovery could be warranted or appropriate. And the Court would appropriately exercise its discretion over discovery by staying all of it, including the Rule 26(f) conference, until it determines the pending motion to dismiss.

Lowery's motion cites only two cases in support of his argument that the Court could order a Rule 26(f) conference while the motion to dismiss remains pending. Lowery Motion at 9. But neither case involves the constitutional protections of sovereign immunity afforded to state defendants, or even a motion to dismiss under Rule 12(b)(1). Rather, *Escareno v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 WL 1976867,  at *2-4 (N.D. Tex. May 15, 2014) involved a Rule 12(b)(6) motion based upon a state statute that the magistrate judge wasn't sure applied in federal court and that didn't provide for a discovery stay—unlike the many cases cited in Defendants' Motion to Stay that hold that stays are appropriate when jurisdiction is challenged under Rule 12(b)(1). *See, e.g.*, *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf*, 506 U.S. 139, 145 (1993) ("[T]he value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice."); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from *suit* (including discovery), not just liability. Where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.") (internal citation omitted); *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) ("[P]laintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense."); *Nieto v. San Perlita I.S.D.*, 894 F.2d 174, 177 (5th Cir. 1990) (explaining that "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed.") (quotation omitted); *Laufer v. Patel*, 1:20-cv-631, 2021 WL 327704, at *2 (W.D. Tex. Feb.

1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, 3:15-cv-2475, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided). And Lowery's other case, *Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp. 2d 766 (W.D. Tex. 2008), which involved a False Claims Act suit against a corporate defendant and did not involve a motion to dismiss by a governmental defendant asserting an immunity defense, is equally irrelevant.

### CONCLUSION

The Court should deny the motion to compel.

Respectfully submitted,

JACKSON WALKER L.L.P.

By:   */s/ Charles L. Babcock*
     Charles L. Babcock
     Texas State Bar No. 01479500
     cbabcock@jw.com
     Joel R. Glover
     Texas State Bar No. 24087593
     jglover@jw.com
     Javier Gonzalez
     Texas State Bar No. 24119697
     jgonzalez@jw.com
     1401 McKinney Street, Suite 1900
     Houston, Texas 77010
     (713) 752-4200 – Phone
     (713) 752-4221 – Fax

     Matt Dow
     Texas State Bar No. 06066500
     mdow@jw.com
     Adam W. Aston
     Texas State Bar No. 24045423
     aaston@jw.com
     100 Congress Ave., Suite 1100
     Austin, Texas 78701
     (512) 236-2056 – Phone
     (512) 691-4456 – Fax

     ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.


*Charles L. Babcock*
Charles L. Babcock