# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY,<br><br>  PLAINTIFF,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>  DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § | Case No. 1:23-CV-00129-DAE |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THE OPPOSED MOTION TO STAY ALL ADDITIONAL DISCOVERY OBLIGATIONS
## UNTIL THE COURT RULES UPON THE PENDING MOTION TO DISMISS

Plaintiff Richard Lowery has filed a jurisdictionally defective lawsuit, *see* Dkt. 15 at 3, 7–10 (the Motion to Dismiss demonstrates that standing, ripeness, and sovereign-immunity grounds warrant dismissal of this case), yet Lowery remains determined to force Defendants to engage in costly, premature discovery as fast as possible. Fifth Circuit precedent holds that jurisdictional issues are "threshold" matters that must be determined before discovery begins.

Sovereign immunity provides constitutionally guaranteed protections against discovery, not just against ultimate liability. Lowery offers no response to this core argument. Instead, he relies on inapplicable cases that do not involve governmental defendants or motions to dismiss under

Rule 12(b)(1), to advocate for a legal standard that is erroneous in this context, and he reiterates discovery demands that Magistrate Judge Howell has already rejected.

The Court should grant Defendants' Motion (Dkt. 30) and stay all additional discovery, including the Rule 26(f) conference, until Defendants' pending Motion to Dismiss is decided.

## ARGUMENT

### I. LOWERY'S ARGUMENTS AGAINST A STAY IGNORE BINDING PRECEDENTS AND ASK THE COURT TO APPLY THE WRONG LEGAL STANDARDS.

Settled precedents from the United States Supreme Court and the Fifth Circuit Court of Appeals hold that governmental defendants who have moved to dismiss on the basis of sovereign immunity are entitled to a judicial determination of their jurisdictional arguments before being subjected to the burdens and expenses of discovery. *See* Defs.' Mot. to Stay at 6 (citing, *inter alia*, *Puerto Rico Aqueduct v. Metcalf*, 506 U.S. 139, 145 (1993) ("[T]he value to the States of their Eleventh Amendment immunity . . . is for the most part lost as litigation proceeds past motion practice."); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("[S]overeign immunity is an immunity from *suit* (including discovery), not just liability."). Lowery does not argue that those cases are inapposite or non-binding, nor does he argue that they should be overruled. Instead, he ignores them altogether.

Unable to refute Defendants' core argument, Lowery argues that discovery stays are generally disfavored and require a showing of good cause. Pl.'s Resp. to Defs.' Mot. to Stay Discovery (Dkt. 33) (hereafter "Response") at 4 (citing *Hernandez v. Baylor Univ.*, No. 6:16-cv-69, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016); *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17-cv-126, 2018 WL 5728515, at *2 (E.D. Tex. April 25, 2018); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008)). While that proposition may be true with respect to individual or corporate defendants asserting non-jurisdictional grounds for dismissal (such as the defendants in the cases Lowery relies on), it is not the rule for governmental defendants who assert sovereign immunity.

2

Indeed, none of Lowery's above-cited cases involved governmental defendants—let alone governmental defendants asserting sovereign immunity and other defenses that challenged the court's subject-matter jurisdiction under Rule 12(b)(1). In short, Lowery cannot prevail under the applicable standard, so he proffers an inapplicable one that is completely inconsistent with the constitutional protections of sovereign immunity.

Thus, Lowery is simply wrong when he argues that Defendants are not entitled to a stay pending resolution of their motion to dismiss because, in his view, "they have not presented slam-dunk jurisdictional defects." Resp. at 7; *see also id.* at 9 (arguing that "Defendants' claim of sovereign immunity is weak."). It should go without saying that, if Defendants are entitled to a stay of discovery until the Court makes a ruling regarding their jurisdictional defenses, Lowery cannot circumvent that entitlement by arguing the merits of those defenses.

In any event, it is Lowery's jurisdictional arguments that are weak. For example, Lowery concedes that, in order to invoke the *Ex parte Young* exception to sovereign immunity, he must allege facts establishing that Defendants are engaging in "an ongoing violation of federal law." Resp. at 9 (citing *Verizon Md., Inc. v. PSC of Md.*, 535 U.S. 635, 645 (2002)). Yet instead of pointing to any ongoing illegal action on Defendants' part, Lowery instead "claims a present, ongoing *harm* in the form of self-censorship." *Id.* (emphasis added). Lowery cannot substitute his own purported *inaction* for the required ongoing violation of federal law by Defendants.

## II. INDEPENDENT OF DEFENDANTS' ENTITLEMENT TO A STAY OF DISCOVERY PENDING RESOLUTION OF THE THRESHOLD JURISDICTIONAL ISSUES, MAGISTRATE JUDGE HOWELL HAS ALREADY DETERMINED THAT NO FURTHER DISCOVERY IS WARRANTED AT THIS POINT.

Defendants' Motion to Dismiss and Lowery's Motion for Preliminary Injunction are ripe for the Court's determination. Despite this, Lowery sought expedited discovery in the form of document production and depositions that he claimed was necessary for him to support his Motion for

Preliminary Injunction. Magistrate Judge Howell rejected those requests, finding that only "limited discovery should be provided," and he granted Lowey "leave to serve up to 10 questions directed at [the Defendants]." Dkt. 29 (hereafter "the Discovery Order"). Defendants fully complied with the Discovery Order by timely and fully responding to the written questions that they were served. Dkt. 34 at 2–3; Dkt. 31-2 (Mills's Responses); Dkt. 31-3 (Burris's Responses); Dkt. 31-4 (Titman's Responses). In opposing Defendants' stay motion and seeking written discovery prior to the Court's resolution of the Motion to Dismiss and Motion for Preliminary Injunction, Lowery is reiterating a discovery request that Magistrate Judge Howell squarely rejected—a point Lowery doesn't dispute. *See* Resp. at 2 (seeking document production); *id.* at 6 n.3 (renewing his call for early depositions).

### III. LOWERY IS NOT ENTITLED TO DISCOVERY TO GO LOOKING FOR NEW CLAIMS.

Lowery has neither the law nor the facts on his side in pursuit of an order commanding Defendants to expend their time and resources on additional discovery at this time. And his attempts to use Defendants' answers to his deposition on written questions to obtain additional written discovery are thoroughly unpersuasive. Indeed, rather than using discovery to support his existing claims, Lowery is seeking discovery to forage for new, additional claims.

First, Lowery claims more discovery is needed regarding an anonymous email that was received by the UT Compliance Office and forwarded to Defendants Mills and Burris in July of 2022. Resp. at 6-7. Lowery speculates that "perhaps" UT Austin is "using its ethics reporting system as a replacement for the abolished Campus Climate [Response] Team." *Id.* at 7. Lowery even goes so far as to compare UT Austin to totalitarian regimes, and claims that "UT is following a classic Kafkaesque script by refusing to show Lowery the evidence against him." *Id.* at 8.

But Lowery cannot identify any type of disciplinary proceeding or punishment that Defendants initiated against him at any time, much less as a result of this anonymous email from last

4

summer. Moreover, an anonymous email whose existence Lowery only just learned about cannot retroactively support the reasonableness of his decision to begin chilling his own speech in August of 2022. In this regard, the anonymous email is much like Madison Gove's August 24, 2022 email to Officer Joseph Bishop expressing concern about security at an upcoming GSLI event. *See* Pl.'s Mot. for Prelim. Inj. at Ex. Q (Dkt. 8-19); Defs.' Resp. to Pl.'s Mot. for Prelim. Inj. (Dkt. 14) at 14-15. Defendants took no action against Lowery based on either email, he did not even learn about either email until much later, and he cannot support his decision to begin self-chilling in August 2022 by invoking a communication that he didn't know about at that time.

Of course, Lowery already knows that Defendants took no action against him over the anonymous email. In addition to the point that Lowery himself perceived no punitive action, both Mills and Burris stated in their sworn DWQ answers that they "did not respond" to the anonymous complaint—a crucial statement that Lowery misleadingly omits from the block quotation of Mills's DWQ response Lowery included in his response. *Compare* Resp. at 2 *with* Dkt. 31-2 at 4 (Mills's sworn response to DWQ Question No. 8); Dkt. 31-3 at 4 (Burris's sworn response to DWQ Question No. 8); *see also* Dkt. 31-2 at 3–4 (Mills's sworn DWQ responses confirm that she did not communicate with anyone else regarding the forwarded anonymous email); Dkt. 31-3 at 3–4 (Burris's sworn DWQ responses confirm the same). Defendants' inaction with respect to the anonymous email is fully consistent with the fact that Lowery learned about it only through this lawsuit. Thus, Lowery's theory that Defendants used the anonymous email as part of some "Kafkaesque" scheme is neither remotely plausible nor a valid basis for seeking additional discovery.

Finally, Lowery is incorrect that the requested discovery should move forward because it could help support his opposition to the Motion to Dismiss itself. Resp. at 10. This is the first time Lowery has suggested that motion-to-dismiss discovery is warranted, despite the motion to dismiss having been filed nearly two months ago. Until about a week ago, Defendants believed the motion to dismiss

was fully briefed; but Lowery's counsel has recently filed a motion for leave to file a new response to the motion to dismiss. That motion remains pending, and Defendants have not opposed it. But the Court should not reward Lowery for his counsel's error by re-opening the motion-to-dismiss record or permitting the discovery that Magistrate Judge Howell previously rejected. The Court should reject Lowery's request to re-open the motion-to-dismiss record both because it is untimely and because the requested discovery (production of an anonymous email and metadata, deposition testimony regarding same or other issues, *see* Resp. at 5–6, 6 n.4, 10) would not address the jurisdictional flaws in this case that are presented in the Rule 12(b)(1) portion of Defendants' Motion to Dismiss: Lowery's claim remains unripe because it is based upon his speculation about contingent future events (what the University might do to him sometime in the future if he keeps speaking out in a critical fashion); Lowery cannot have had standing to sue for alleged self-chilling that occurred last August based upon anything he now hopes to learn about Defendants' alleged conduct; and he still seeks retrospective relief that is barred by sovereign immunity. Nor would the requested discovery matter for Lowery's defense against Defendants Rule 12(b)(6) grounds for dismissal: as demonstrated above, testimony in the record already shows that no action—much less an adverse employment action that could support a First Amendment retaliation claim—was taken as a result of the anonymous email; nor could an anonymously sent email discovered eight months after the alleged self-chilling took place show that the self-chilling was undertaken by a person of ordinary firmness as a result of his awareness of Defendants' actions.

## Conclusion

For the foregoing reasons, and those shown in the Motion to Stay, Defendants request that the Court enter an order staying all further discovery, including any requirement to conduct the Rule 26(f) conference, until after the Motion to Dismiss is decided.

Respectfully submitted,

JACKSON WALKER LLP

By: /s/ *Charles Babcock*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                            */s/ Charles Babcock*
                                            Charles L. Babcock