UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, | |
| *Plaintiff,* | |
| v. | |
| LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | Case No. 1:23-cv-129-DAE |
| *Defendants.* | |

PLAINTIFF'S REPLY RE MOTION TO COMPEL
SUPPLEMENTAL EXPEDITED DISCOVERY

**1.  Newly disclosed information supports Lowery's requests**

This case concerns Lowery's self-censorship due to Defendants' threats. Because Defendants deny threatening Lowery, the Court will need to weigh the parties' evidence. Basic fairness calls for Lowery to get some related discovery. Lowery does not seek to "circumvent" the Court's order (Doc. #29); he requests supplemental expedited discovery based on new information learned as a result of that order.

Some of the emails Defendants refer to in their DWQ answers (Doc. #31-2 at 4-8; Doc. #31-3 at 4) provide context for their threats. Doc. #31 at 6; Doc. #8 at 12. In particular, the August 9, 2022, denunciation email is relevant, arriving a few days before Mills and Burris met with Carvalho. Doc. #31 at 6:

July 18, 2022:  Lowery speaks on Hanania (CSPI) podcast. Doc. #8-10.

Aug. 9, 2022:  Mills and Burris receive email from UT's Chief Compliance Officer, Jeffrey Graves, forwarding an anonymous email asking UT "to review the Hanania podcast . . . interview for potential violations of ethical standards." Doc. #31-2 at 5; Doc. #31-3 at 4.

Aug. 12, 2022:  Mills and Burris meet with Carvalho where he claims they threatened Lowery due to his speech. Doc. #8-2 at 3–4.

During the August 12 conversation, Mills and Burris also mentioned to Carvalho that UT's legal department was allegedly concerned about Lowery's speech. Doc. #8 at 12; see also Doc. # 8-2 at 3-4. Neither Mills nor Burris dispute that they told Carvalho this. *See* Doc. #14-1; Doc. #14-2. Defendants do, however, dispute that they threatened Carvalho or Lowery. Doc. #14-1 at 3; Doc. #14-2 at 3. Further, in their DWQ answers, both Defendants admit to having spoken to UT legal counsel about Lowery, without disclosing when those communications took place, who

1

participated in them, or their general subject matter. Doc. #31-2 at 4; Doc. #31-3 at
4. Thus, the supplemental discovery Lowery seeks is both based on newly disclosed
information and relevant to disputed issues of fact. Producing the non-privileged
documents also would not be burdensome, because Defendants already have them
close at hand, having used them to draft their DWQ responses.

## 2.   Defendants cannot rely on a blanket assertion of privilege

Defendants' assertion that they should not be required to produce a "privilege
log" because they weren't required to produce documents misses the point: Rule
26(b)(5) applies to depositions, too, and comparable information must be disclosed
by the party asserting the privilege or it is waived. *Advocare Int'l, L.P. v. Horizon
Labs., Inc.*, Civil Action No. 3:04-CV-1988-H, 2006 U.S. Dist. LEXIS 118605, at *7-9
(N.D. Tex. Jan. 23, 2006). General allegations of privilege are insufficient, and the
party asserting the privilege has the burden of demonstrating its applicability to
each communication. *Id.* at *7-8. Relevant information that should be disclosed
includes: "the parties participating in the conversation, the number of
conversations, and the general subject matter discussed." *Id.* at *13-14; *see also
Rainbow Investors Grp. v. Fuji Trucolor*, 168 F.R.D. 34, 38 (W.D. La. 1996) (any
assertion of the attorney-client privilege during a deposition must include specific
information concerning the date of and parties involved in the communication in
question; the subject matter of the communication). Accordingly, this district's Local
Rules grant parties "reasonable latitude during the deposition to . . .  establish
relevant information concerning the appropriateness of the assertion of the

privilege." Local R. CV-30(b). The information Lowery seeks is thus typical and expected.

If a privilege exists here it belongs to UT, not to any individual; but Defendants, as the proponents of a privilege, bear the burden of establishing its existence and their general assertion is insufficient because it deprives Lowery of the opportunity to assess UT's privilege claim. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017) ("There is no presumption that a company's communications with counsel are privileged"). Absent necessary details, such as the dates of communications, the identities of those participating, and general subject matter discussed, the privilege is presumed not to exist, making Defendants' DWQ responses incomplete. Moreover, if Defendants persist in stonewalling, Lowery would be justified in asserting Defendants waived any privilege.

This information is also relevant because it could corroborate Carvalho's testimony or justify Lowery's decision to self-censor, especially if Jay Hartzell, or persons reporting to him, were involved in the "privileged" communications, or if those communications were timed shortly before the threats were delivered. For example, Mills and Burris told Carvalho that the UT legal department was allegedly concerned about Lowery's speech, and Mills pointed to Lowery's interview on the Hanania podcast as an example. Doc. # 8-2 at 3-4.[1] This Court should compel

---

[1] It remains to be seen whether Defendants will be asserting a reliance on advice of counsel defense, which would waive the privilege at to such legal advice. *See Ward v. Succession of Freeman*, 854 F.2d 780, 787-788 (5th Cir. 1988). Alternatively, if counsel were used to deliver an operational directive ("get Lowery to shut up"), that would not be legal advice and would not be privileged.

Defendants to provide all information required by Rule 26(b)(5) or find that UT has waived its claimed privilege.

### 3. No viable immunity defense justifies suspending Rule 26(f)

Defendants' claims of sovereign immunity lack merit, and qualified immunity does not apply in this case. Unsound claims should pose no obstacle to conducting normal discovery, especially now that more than 60 days have passed since Defendants first appeared.

While states generally enjoy sovereign immunity, the *Ex parte Young* exception allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law. *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citation omitted). To apply, the state officer must have some connection with the enforcement of the disputed act. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citation omitted). Analysis of the claim's merits is unnecessary. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002). Rather, a court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 645.

Lowery's claims of chilled speech and retaliation meet the *Ex parte Young* exception. Lowery claims that his self-censorship is ongoing and he has requested only prospective injunctive and declaratory relief to prevent future threats, or the implementation of past threats. Doc. #32-2 at 14-15; Doc. #1 at 20, 24-25. He seeks no damages.

4

Defendant's reliance on *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), is unavailing. *Russell* involved complex questions as to whether sovereign immunity barred the service of a *subpoena duces tecum* on third-party judges in light of a Fifth Circuit decision previously finding that those judges were barred from suit as named parties. *Id.* at 510-11, 512-15. That case involved bail decisions for criminal defendants; it did not pertain to specific state officials who were accused of making threats that lead to self-censorship. *Id.* at 510-11.

Defendants' reliance on qualified immunity cases, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 145 (1993), *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988), and *Nieto v. San Perlita I.S.D.*, 894 F.2d 174, 177 (5th Cir. 1990), is misplaced. "It is well-established in the Fifth Circuit that qualified immunity extends only to Section 1983 claims for money damages." *Clark v. Kolkhorst*, No. A-19-cv-198, 2020 U.S. Dist. LEXIS 18765 at *15 (W.D. Tex. Feb. 5, 2020) (citing *Robinson v. Hunt Cty., Tex.*, 921 F.3d 440, 452 (5th Cir. 2019)). Here, Lowery's seeks only declaratory and injunctive relief. Doc. #1 at 24-25. Defendants' qualified immunity cases are wholly inapplicable.

CONCLUSION

The Court should grant Lowery's motion to compel supplemental expedited discovery and set the mandatory Rule 26(f) conference.

Respectfully submitted,                    Dated: May 8, 2023

   *s/Endel Kolde*                       *s/Michael E. Lovins*
Endel Kolde                                Michael E. Lovins
Stephanie M. Brown                         State Bar No. 24032555
State Bar No. 24126339                     LOVINS | TROSCLAIR, PLLC
INSTITUTE FOR FREE SPEECH                  1301 S. Cap. Of Texas
1150 Connecticut Ave., NW, Suite 801       Building A Suite 136
Washington, D.C. 20036                     Austin, Texas 78746
Tel: (202) 301-1664                        Tel: 512.535.1649
Fax: (202) 301-3399                        Fax: 214.972.1047
dkolde@ifs.org                             michael@lovinslaw.com
sbrown@ifs.org


*Attorneys for Richard Lowery*