IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | No. 1:23-CV-129-DAE |
| Plaintiff, | § | |
| vs. | § | |
| LILLIAN MILLS, in her capacity as Dean of the McCombs School of Business at the University of Texas at Austin, ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin, SHERIDAN TITMAN, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | § | |
| Defendants. | § | |

ORDER: (1) GRANTING MOTION TO STAY DISCOVERY, AND
(2) DENYING WITHOUT PREJUDICE MOTION TO COMPEL
SUPPLEMENTAL EXPEDITED DISCOVERY

The matters before the Court are: (1) Defendants Lillian Mills, in her capacity as Dean of the McCombs School of Business at the University of Texas at Austin, Ethan Burris, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin, and Sheridan Titman, in his official capacity as Finance Department Chair

for the McCombs School of Business at the University of Texas-Austin's (collectively, "Defendants") Opposed Motion to Stay All Additional Discovery Obligations until the Court Rules upon the Pending Motion to Dismiss (Dkt. # 30); and (2) Plaintiff Richard Lowery's Motion to Compel Supplemental Expedited Discovery (Dkt. # 31). After careful consideration of the memoranda in support of and in opposition to the motions, the Court, for the reasons that follow, **GRANTS** the motion to stay discovery, and **DENIES WITHOUT PREJUDICE** the motion to compel supplemental expedited discovery.

BACKGROUND

This is a free speech case in which Plaintiff, a professor at the University of Texas at Austin ("UT"), has used social media and online opinion articles to publicly criticize university officials' actions, and has asked elected state-governmental officials to intervene. (Dkt. # 1.) Plaintiff believes that UT officials have attempted to silence his speech by threatening his job, pay, institute affiliation, research opportunities, academic freedom, and labeled his behavior as inviting violence or lacking in civility. Fearing further retribution, Plaintiff alleges that he began self-censoring and slowed down his social media use as well as altered his topics of speech in academic settings.

On February 2, 2023, Plaintiff filed suit in this Court alleging two claims against Defendants for violations of his First Amendment Right of Free

Speech pursuant to 42 U.S.C. § 1983 for Chilling of Free Speech by State Actors and Retaliation for his Protected Speech. (Dkt. # 1.) On February 17, 2023, Plaintiff filed a Motion for Preliminary Injunction. (Dkt. # 8.) On March 14, 2023, Defendants filed a Motion to Dismiss. (Dkt. # 15.) Both motions are ripe.[1] On April 24, 2023, Defendants filed an Opposed Motion to Stay Any Additional Discovery until the Court rules on the pending motion to dismiss. (Dkt. # 30). The same day, Plaintiff filed an Opposed Motion to Compel Supplemental Expedited Discovery. (Dkt. # 31). Both of these motions are also ripe.

## LEGAL STANDARD

"District courts have broad discretion in all discovery matters." Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). However, the "the issuance of a stay is by no means automatic." United States ex rel. Gonzalez v. Fresenius Med. Care N.A., 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted). A district court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Id. A stay "may [also] be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." United States ex rel.

---

[1] A hearing for these pending motions will be set by separate Order.

Gonzalez, 571 F. Supp. 2d at 768 (internal quotation marks omitted); see also Landry v. Air Line Pilots Ass'n Int'l AFL–CIO, 901 F.2d 404, 435–36 (5th Cir. 1990) (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing why the discovery sought would be unduly expensive and burdensome).

## ANALYSIS

Defendants argue the Court should stay any further discovery in this case until the Court rules on the pending motion to dismiss. (Dkt. # 30 at 3.) Defendants maintain that the motion to dismiss might preclude the need for burdensome discovery in this case because it involves jurisdictional issues. (Id. at 5.) Plaintiff responds that Defendants' claims of jurisdictional defects are insufficient to merit a stay of discovery and that discovery is needed to resolve factual disputes and focus the presentation of evidence at upcoming motions hearings. (Dkt. # 33.)

Upon careful consideration, the Court finds that resolving the pending motion to dismiss may reduce and/or preclude the need for discovery altogether, and it is therefore appropriate to stay discovery until the pending motion to dismiss is resolved. Additionally, because the parties dispute whether there are jurisdictional issues in this case, the Court finds it would be premature to allow discovery to commence until this threshold issue is resolved. Under these

circumstances and in light of the Court's broad discretion to stay discovery, the Court finds there is good cause to stay discovery in this case until the motion to dismiss is resolved.

Additionally, in light of the Court's decision to stay discovery in this case, the Court will deny Plaintiff's motion to compel supplemental expedited discovery. (Dkt. # 31.) Magistrate Howell has already issued an order on the appropriate level of preliminary-injunction discovery warranted in this case and the Court will not allow any more at this time until the pending motion to dismiss and motion for preliminary injunction are resolved. Therefore, Plaintiff's motion to compel will be denied without prejudice subject to refiling should any additional discovery still be needed after the pending motions are resolved.

## CONCLUSION

Based on the foregoing, the Court: (1) **GRANTS** Defendants' Opposed Motion to Stay All Additional Discovery Obligations until the Court Rules upon the Pending Motion to Dismiss (Dkt. # 30); and (2) **DENIES WITHOUT PREJUDICE** subject to refiling Plaintiff's Motion to Compel Supplemental Expedited Discovery (Dkt. # 31).

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, August 9, 2023.

5

_____
David Alan Ezra
Senior United States District Judge