UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>§<br>§<br>§<br>LILLIAN MILLS, in her official capacity §<br>as Dean of the McCombs School of Business §<br>at the University of Texas at Austin; ETHAN §<br>BURRIS, in his official capacity as Senior As- §<br>sociate Dean for Academic Affairs of the §<br>McCombs School of Business at the Univer- §<br>sity of Texas-Austin; and CLEMENS SI- §<br>ALM, in his official capacity as Finance De- §<br>partment Chair for the McCombs School of §<br>Business at the University of Texas-Austin §<br>§<br>*Defendants.* §<br>§ | CIVIL ACTION NO. 1:23-cv-00129-LY |

## DEFENDANTS' MOTION TO COMPEL PRIVILEGE LOG AND DISCOVERY RESPONSES

In a case about whether Plaintiff Richard Lowery has been self-chilling his speech, he refuses to produce the documents that show how much he has spoken out. Lowery maintains these documents are not relevant and violate his "First Amendment rights to associate." Relevance is a low bar, and his public presentations surely "bear on" whether Lowery is actually self-chilling. No associational rights are at risk—the associational privilege does not apply because Defendants are not seeking anyone's identity or any association's membership logs. And in any event, everything can be kept confidential under this Court's standard protective order. This Court should overrule Lowery's objections and compel him to produce these relevant, requested documents.

Lowery's privilege log is also deficient. He only provides metadata and claims the basis of privilege is "self-evident" from subject lines such as "Twitter DM making initial contact"; "RE: DEI stuff at UT-Austin;" "UT-Austin." For these and similar entries, Defendants fail to understand how these are "specific non-conclusory facts showing that it was a confidential communication to a lawyer for the primary purpose of legal advice" that privilege logs require. Dkt. 60 (Plaintiff's Motion to Compel) at 8 (citing *Taylor Lohmeyer Law Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020)). Defendants are not at this time seeking any outright production, merely a log that provides the basis for the privilege asserted so that they can assess the claim. *See* Rule 26(b)(5)(A)(ii).

## BACKGROUND

**I.   Case background.**

Plaintiff Richard Lowery, a tenured professor in the McCombs School of Business at the University of Texas at Austin, sued the University in February 2023. Lowery alleges that his First Amendment rights have been "chilled" since August 2022. He says he is afraid to criticize the University and its policies because, if he does, the University will not renew his appointment to the Salem Center and will take other actions against him. His chief complaint is he cannot speak "freely."

After his alleged self-chilling began, Lowery worked with "policy experts," "donors," "Texas politicians[,] and political staff" on legislation and reform proposals about Senate Bills 16, 17, and 18, university politics generally, and the topics he had criticized UT for. Ex. A, Lowery's DWQ response at 5–6. He spoke at a conference and advocated the need to "tarnish the brand" of universities because "we've got totally the wrong people" in leadership. Ex. B, Transcript of Academic Freedom Solutions. At another conference, one sponsored by the University, he claimed that universities are "doomed" because leadership is made up of grifters and "the grifter always wins." Ex. C, Transcript of Global Liberty Institute.

**II.     Defendants served requests for production and interrogatories on Lowery and received an insufficient privilege log, invalid objections, and insufficient responses in return.**

Defendants served Lowery with their first requests for production and a first set of interrogatories. Lowery served objections and responses to discovery, including responses to request for production. Ex. D. Lowery later delivered a privilege log. Ex E. Though Defendants have other concerns, they limit this motion to compel to the following:

- **Privilege log**. Lowery's log contains certain metadata of emails exchanged between Plaintiff and various individuals whose role—outside of current counsel Del Kolde— is unclear. It does not contain descriptions of either the content or the participants that are sufficient to determine privilege.

- **Requests for Production Nos. 6 and 7**. Lowery objects to producing documents and communications with Richard Hanania based on relevance, proportionality, and that such a request burdens his First Amendment right to associate. But the Complaint in this First Amendment action leans heavily on the First Amendment rights that Plaintiff freely exercised with Mr. Hanania on his podcast and what Plaintiff claims to be fallout from that appearance. So other documents related to the exercise of those rights are highly relevant to the claims and defenses in this litigation and should be produced.

- **Request for Production No. 13**. Lowery objects to producing documents and communications regarding presentations he made after January 1, 2021, based, among other things, on an assertion of academic freedom. Plaintiff maintains that Defendants continue to limit his academic freedom, but he refuses to produce documents related to his continued exercise of that asserted freedom.

- **Request for Production No. 29**. Lowery objects to producing additional communications with affiliates of the Global Liberty Institute, claiming that such communications are irrelevant. All communications and documents having to do with any of Plaintiff's "speech" is relevant, particularly communications with individuals who are affiliated with the entity where he spoke publicly on the topics at issue in his lawsuit within weeks of the date he purportedly began self-chilling on the very same topics.

**III.    Meet and confer fails to produce any movement from Plaintiff.**

Last week, Defendants conferred with Plaintiff's counsel regarding the deficient privilege log and discovery responses, but Plaintiff made no concessions. Instead, Plaintiff took the following position on each of the challenged discovery requests:

- **Privilege log**. Plaintiff maintains that his privilege log is sufficient.

- **Requests for Production Nos. 6 and 7**. A review of Plaintiff's communications with Mr. Hanania had not been done but the communications would not be turned over because they are not relevant the claims at issue. This position was maintained despite the contradicting assertion that the communications had not yet been reviewed.

- **Request for Production No. 13**. Plaintiff's communications regarding presentations made during the time period he alleged he was chilled was simply not going to be turned over and no further explanation would be provided.

- **Request for Production No. 29**. Plaintiff maintains that responding to a request for communications with affiliates of the GLI is mere "busy-work" that takes up too much time.

## ARGUMENT

I. **Privilege log deficiencies require Plaintiff to supplement with sufficient information so that the privilege can be properly assessed.**

Under Federal Rule of Civil Procedure 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . ." the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A privilege log is required when a party asserts attorney-client or work product privileges. *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005) (explaining Rule 26(b)(5) "employs the mandatory term, 'shall,' requiring that the responding party prepare a privilege log where a privilege is asserted"). The party asserting the privilege bears the initial burden of proving a factual basis establishing the applicability of the privilege. *See Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)). The test for assessing the adequacy of a privilege log is whether the privilege log's description of each document and its contents "provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017).

Lowery's privilege log does not contain a description of the documents withheld and gives no factual basis for determining the application of the privilege from the log. The log merely relays

metadata between Lowery and various individuals whose role—outside of current counsel Del Kolde—is unclear. There is not even a column denoting the basis or type of privilege being invoked. Rather, Lowery contends that the privilege is self-evident from the subject line of the emails so no supplementation is necessary.

This is not the case. Rule 26(b)(5)(A)(ii) requires the withholder of documents to "describe[s] the nature of the documents" so that other parties may "assess the claim" A description that does not meet that standard will not suffice merely because it is found in the subject line of the email.

To assess a claim for attorney-client privilege, parties and courts need only know if the communication is (1) confidential; (2) to a lawyer or her subordinate; (3) for the primary purpose of securing a legal opinion. *BDO USA*, 876 F.3d at 695. For the sake of argument, Defendants will assume that the first and second elements could be satisfied with the contents of the "to" and "from" fields. But Plaintiff ostensibly expects Defendants to divine that "the primary purpose" of the communication was "securing a legal opinion" with only the following words: "Twitter DM making initial contact"; "RE: DEI stuff at UT-Austin;" "UT-Austin."[1] All Defendants can only speculate about the *basis* for the privilege and its applicability. There isn't even an attempt to describe the advice with the conclusory label "legal," which itself is not enough. *Id.* at 696 (5th Cir. 2017) ("[C]ourts have stated that simply describing a lawyer's advice as "legal," without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege."); *see also* Dkt. 60 (Plaintiff's Motion to Compel) at 8 ("[T]he log entry for each withheld document must state specific non-conclusory facts showing that it was a confidential communication to a lawyer for the primary purpose of legal advice.") (citing *Taylor Lohmeyer Law Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020)).

---

[1] Admittedly, Defendants can figure out "RE: UT case: draft complaint for your review," but that just shows that email subjects *might be sufficient*, not that they are *necessarily sufficient* as Lowery contends. And this also ignores that it is Lowery's burden to provide a sufficient log to justify withholding the documents. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii).

A party's delay or outright failure to provide a privilege log may result in the waiver of some or all privilege claims. *See* FED. R. CIV. P. 26(b)(5); *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003); *Nguyen v. Excel Corp.*, 197 F.3d 200, 206, n. 12 (5th Cir. 1999). But Defendants are not seeking that remedy. Rather, Defendants merely want a complete privilege log followed by a good-faith meet-and-confer, which would hopefully resolve further issues once Defendants have the ability to assess Lowery's claims of privilege.

As a result of Plaintiff's refusal to provide a detailed privilege log as required by the Federal Rules of Civil Procedure, Defendants have incurred attorney's fees and expenses in bringing this Motion. Under Rule 37(a)(5), Defendants are entitled to recover such fees and expenses from Plaintiff in addition to the relief requested herein, and reserve their right to request them if after a motion to compel, Plaintiff fails to produce a compliant privilege log.

## II.   Plaintiff's discovery objections should be overruled, and he should be compelled to produce documents that he has withheld without proper basis.

Plaintiff asserts objections based on relevance and the First Amendment associational privilege. Federal Rule of Civil Procedure 26(b)(1) authorizes a party to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter in the pending action." Further, to be discoverable, the requested material need not be admissible at trial as long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the Fifth Circuit, courts have construed "relevance" broadly. *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991). Thus, "information is relevant if it encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (citation omitted).

Here, Lowery complains he is self-chilling his speech because of fear that Defendants will punish him in some way. In RFPs 6, 7, 13, and 29, Defendants effectively seek to discover Lowery's

speech and evidence of self-censorship. *See* Ex. D (discovery objections) (RFP 6: "All documents and communications you exchanged with Richard Hanania that are related to your 'speech . . .'"), (RFP 7: documents and communications with Richard Hanania about the Salem Center—the number one threat according to Lowery's complaint), (RFP 13: "All documents and communications you exchanged related to *presentations you gave* (whether in a speech, podcast, panel, interview, etc.) at any time after January 1, 2021.") (emphasis added), (RFP 29: documents and communications with a "Global Institute"). These documents and communications "bear[] on" whether Lowery is actually self-chilling—that is, whether he has an injury at all. *See, e.g.*, Dkt. 51 at 16 (ruling that Lowery has sufficiently alleged an injury because he alleges that he no longer engages in speech he would like to). The documents and communications are clearly relevant, and they are certainly discoverable.

That leaves Lowery's "First Amendment rights to associate." *See, e.g.*, Ex. D (discovery objections) at pp. 3, 5, 8, 9. While never formally articulated, Lowery appears to be asserting a First Amendment associational privilege. The associational privilege grew out of *NAACP v. Alabama*, 357 U.S. 449, 462 (1958). There, the Supreme Court held that the State of Alabama could not compel the NAACP to disclose in discovery a membership list which included the identities of its rank-and-file members. *Id.* at 466. The Supreme Court explained that the First Amendment associational privilege applies when a discovery order "entail[s] the likelihood of a substantial restraint upon the ... right to freedom of association." *Id.* at 462. To gain the benefit of the qualified privilege, Lowery must show "an objectively reasonable probability that disclosure of the information may expose its 'members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility.'" *Young Conservatives of Texas Found. v. Univ. of N. Texas*, No. 4:20-CV-973-SDJ, 2022 WL 2901007, at *2 (E.D. Tex. Jan. 11, 2022).

The privilege does not apply here, nor has Lowery made any showing that it could. Lowery invokes the privilege for requests for communications with Richard Hanania, the Hillsdale-Global

Liberty Institute, Stanford Academic Freedom Conference, and the De-Wokification Private Summit. Lowery's invocation of a doctrine to originally applied to protect civil rights activities from the oppressive Jim Crow South is misplaced as to all these requests.

For one, Defendants are not asking for anyone's identity to be revealed. Lowery is free to redact names—Defendants only seek Lowery's speech and the extent he is exercising it to counter his claim of self-chill. Moreover, as far as Defendants know, they have no way of effecting "economic reprisal, loss of employment, threats of physical coercion, [or] other manifestations of public hostility of any of the members." *Young Conservatives*, 2022 WL 2901007, at *2.

Third, Defendants are willing to receive the requested discovery under the Western District's standard protective order. While conscious that "[p]roviding public access to judicial records is the duty and responsibility of the Judicial Branch," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021), Defendants can negotiate with Lowery which items should be sealed or even attorney's eyes only. No one is "us[ing] the discovery process to spy on" anyone. *Contra* Ex. D (Discovery objection) at p. 5.

As for communications with Richard Hanania, the privilege is categorically inapplicable because he is an individual and it is already well established that he and Lowery associate with one another. For example, they had a podcast together. *See, e.g.*, Ex. F (podcast). In any event, Lowery has not explained how the requested information would expose Hanania to "economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility." *Young Conservatives*, 2022 WL 2901007, at *2.

Also, there is a fleeting reference to "academic freedom" in Lowery's objection to RFP 13. The Fifth Circuit has held that no academic freedom privilege exists, and is in any event, a qualified privilege about discovery of tenure review proceedings, which depends only upon the relevance of same; and ordered a professor to disclose his vote concerning a tenure decision. *In re Dinnan*, 661 F.2d

426, 427, 429–32 (5th Cir. 1981); *see also Parvarandeh v. Goins*, 124 F.R.D. 169, 170 (E.D. Tenn. 1988) (surveying the circuit case law on the privilege).

Because the documents are relevant and the associational privilege is not applicable, the Court should overrule Lowery's objections and compel production of documents responsive to RFPs 6, 7, 13, and 29.

## CONCLUSION

This Court should compel Lowery to deliver a sufficient privilege log, overrule his baseless objections, and compel him to produce relevant documents.

Respectfully submitted,

JACKSON WALKER LLP

By: */s/ Matt Dow*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

*/s/ Matt Dow*
Matt Dow