# EXHIBIT D

Plaintiff's Responses to Defendants' First Requests for Production

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY<br><br>　　PLAINTIFF,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and CLEMENS SIALM, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>　　DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § | Case No. 1:23-CV-00129-LY |

**PLAINTIFF RICHARD LOWERY'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION**

In accordance with Fed. R. Civ. P. 26 and 33, Plaintiff sets forth his objections and responses to Defendants' First Request for Production. Plaintiff's responses are set in Book Antiqua font. Plaintiff is also producing responsive documents in a text-searchable PDF format. Those documents are available for download from a non-public SharePoint folder, the link to which is being separately transmitted to defense counsel. The production consists of 16 PDF files, bears Bates numbers RL000001 – RL004726 and has the following file structure within the production folder:

```
Name
RFP Nos. 6-10 - Hanania documents combined + bated
RFP No. 13 - Gmails re Stanford conference combined + bated
RFP Nos. 13 & 29 - Gmail re Hillsdale-GLI conference combined + bated
RFP Nos. 13 & 29 - Messaging re Hillsdale-GLI conf combined + bated
RFP Nos. 13, 15, 31-34, 37 - Other responsive Outlook email combined + bated
RFP Nos. 15, 24, 31-34, 37 - Messaging re self-censorship + bated
RFP Nos. 16 & 17 - Gmail re Civitas affair combined + bated
RFP Nos. 16 & 17 - Messaging re Civitas affair combined + bated
RFP Nos. 16 & 17 - Outlook email re Civitas affair combined + bated
RFP No. 18 - Lowery's downloaded archive of all Twitter posts + bated
RFP No. 19 - Meeta Kothare emails combined + bated
RFP No. 20 - Gmail about def's threats combined + bated
RFP No. 27 - Lowery's tweets on UT affairs combined + bated
RFP No. 27 - Other evidence of commentary of UT affairs combined + bated
RFP Nos. 35 & 36 - Gmail with electeds or staffers combined + bated
RFP Nos. 35 & 36 - Messaging with electeds or staffers combined + bated
```

Please note that some documents are responsive to more than one RFP and may be responsive to other RFPs not listed in the PDF file name, in order to avoid duplicate production of documents. Wherever applicable, Plaintiff attempted to produce the most-inclusive email string in order to avoid duplicate production.

The responsive documents are primarily sourced from the following communication tools: Richard Lowery's private Gmail account, UT Outlook account, private Twitter/X profile, private iMessages, and private Signal messages. Some other responsive documents have been collected from other locations as will be self-evident upon review of those documents.

Discovery is ongoing. These responses may be supplemented.

## FIRST REQUESTS FOR PRODUCTION

**Request for Production No. 1.** All documents and communications you exchanged with Carlos Carvalho that are related to your "speech" (as you use that term in the Complaint and PI).

**Response:** Please see the Signal and iMessage screenshots produced. There are also a few Gmails, which were produced. Most of the responsive documents are in the PDF files marked responsive to RFP Nos. 16 & 17.

**Request for Production No. 2.** All documents and communications you exchanged with Carlos Carvalho that are related to your position at the Salem Center.

**Response:** Plaintiff objects to this request as vague and disproportionate given the issues in this case. Without waiving these objections, he responds that he is interpreting it to ask about communications about his position renewal or non-renewal. Plaintiff does not recall any specific written communications with Carlos Carvalho about this issue. He did discuss Defendants' threats with Carlos orally. Otherwise, please see the produced Signal and iMessages involving Carvalho.

**Request for Production No. 3.** All documents and communications you exchanged with Carlos Carvalho that are related to your alleged decision to self-censor in August 2022.

**Response:** Please see the Signal and iMessage screenshots produced. There are also a few Gmails, which were produced. Most of the responsive documents are in the PDF files marked responsive to RFP Nos. 16 & 17.

**Request for Production No. 4.** All documents and communications you exchanged with Carlos Carvalho that are related to any alleged communications with a Defendant identified in your Complaint or PI.

**Response:** Please see the Signal and iMessage screenshots produced. There are also a few Gmails, which were produced. Most of the responsive documents are in the PDF files marked responsive to RFP Nos. 16 & 17. Prof. Carvalho described Defendants' threats in oral conversations.

**Request for Production No. 5.** All documents and communications you exchanged with Carlos Carvalho that are related to any other allegation contained in the underlying Complaint or PI.

**Response:** Please see the Signal and iMessage screenshots produced. There are also a few Gmails, which were produced. Most of the responsive documents are in the PDF files marked responsive to RFP Nos. 16 & 17. Prof. Carvalho described Defendants' threats in oral conversations. Most of the responsive documents involve communications about the hijacking of the Liberty Institute.

**Request for Production No. 6.** All documents and communications you exchanged with Richard Hanania that are related to your "speech" (as you use that term in the Complaint and PI).

**Response:** Plaintiff has had minimal communications with Hanania. Please see the produced screenshots of Twitter DMs re the hijacking of the Liberty Institute and a related email. To the best of Plaintiff's recollection, logistics for the podcast appearance were handled over the phone. He has a few other communications with Hanania about matters not related to UT or the claims or defenses in this lawsuit and he objects to producing those as disproportionate and burdening his First Amendment right to associate.

**Request for Production No. 7.** All documents and communications you exchanged with Richard Hanania that are related to your position at the Salem Center.

**Response:** Please see the preceding response.

**Request for Production No. 8.** All documents and communications you exchanged with Richard Hanania that are related to your alleged decision to self-censor.

**Response:** After a reasonable search, Plaintiff believes there are no responsive documents. Plaintiff's decision to self-censor occurred after his appearance on the Hanania podcast, so there would have been no reason for him to discuss this issue with Hanania.

**Request for Production No. 9.** All documents and communications you exchanged with Richard Hanania that are related to any alleged communications with a Defendant identified in your Complaint or PI.

**Response:** Please see the response to RFP No. 6.

**Request for Production No. 10.** All documents and communications you exchanged with Richard Hanania that are related to any other allegation contained in the underlying Complaint or PI.

**Response:** Please see the response to RFP No. 6.

**Request for Production No. 11.** All documents and communications you exchanged with all non-lawyers at the Institute of Free Speech related to your position at the Salem Center and your decision to initiate this Litigation.

**Response:** Any minimal communications Lowery had with non-lawyers at the Institute for Free Speech involved his lawyers and were related to the litigation efforts in this lawsuit. Therefore, Plaintiff objects to this request in that it seeks communications that are attorney-client privileged and protected by the work-product doctrine.

**Request for Production No. 12.** All documents and communications you exchanged with any person or entity related to your reappointment to the Salem Center, including but not limited to your expectations of reappointment and your efforts to secure re-appointment.

**Response:** To the best of his recollection, Plaintiff is not aware of any such documents.

Defendants' threats are described in Carvalho's declaration and Plaintiff's declaration.

**Request for Production No. 13.** All documents and communications you exchanged related to presentations you gave (whether in a speech, podcast, panel, interview, etc.) at any time after January 1, 2021. This request is intended to include, but is not limited to, invitations and/or solicitations to present at the Global Liberty Institute Presentation and the Academic Freedom Conference.

**Response:** Plaintiff objects to this request as vague and disproportionate and burdening his First Amendment right to associate and of academic freedom. Without waiving these objections, Plaintiff has produced any communications related to the planning of the Hillsdale-Global Liberty Institute Presentation and the Stanford Academic Freedom Conference, if they related to his specific presentation, video recording, or general logistics, but is withholding other communications. Please see the Signal messages and Gmails produced.

Plaintiff was involved in helping to plan both conferences and has hundreds of other communications discussing who to invite to both conferences. Those communications do not relate to a claim or defense in this case and collecting them would be unduly burdensome. In addition, disclosure of those communications would burden Plaintiff's First Amendment right to associate and communicate with other academics for the purposes of dissenting from DEI ideology. It would also interfere with his ability to have frank discussions with other academics. UT should not use the discovery process to spy on opposition academics, journalists, or public intellectuals.

Plaintiff is willing to stipulate that Defendants' actions did not prevent him from participating in either conference or privately communicating with other academics, with the caveat that he completely rewrote his remarks at the Stanford Conference in order to avoid directly criticizing the UT administration or its policies. Plaintiff is also willing to stipulate that the video of his remarks at the Hillsdale-GLI conference are publicly available, with the caveat that they were publicized against his wishes, and he regrets that they were publicized.

Plaintiff also attended a De-Wokification Private Summit held at a hotel in Santa Monica, California in March 2022 under the auspices of the Manhattan Institute. This was a closed event and Plaintiff did not speak publicly at the event. There are no known video recordings of anything Plaintiff said at the Summit. Disclosure of documents showing who attended and the topics of discussion would burden Plaintiff's First Amendment rights to associate for the purposes of dissenting from DEI ideology. It would also jeopardize the career of at least one attendee who lacks tenure and is not a publicly known critic of DEI. Disclosure of documents relating to this Summit would also be disproportionate because Plaintiff's claims relate to his public speech. Plaintiff is willing to stipulate that he still criticizes the UT administration and its policies in private, include at this private summit. Plaintiff is not claiming that Defendants prevented him from attending this Summit or from criticizing the UT administration and its policies in private.

**Request for Production No. 14.** All documents and communications you exchanged with any UT Austin employee regarding your alleged decision to self-censor.

**Response:** Please see Plaintiffs' declarations filed in this lawsuit and any documents filed with those declarations as well as all documents appended to Sheridan Titman's declaration. This topic may have been referenced in passing in communications involving Carlos Carvalho and Dan Bonevac. Please see the documents produced.

**Request for Production No. 15.** All documents and communications you exchanged with any third party regarding your alleged decision to self-censor.

**Response:** Plaintiff conducted an extensive search for all such emails, iMessages, and Twitter DMs. Please see the produced documents declining to publicly comment or post about the UT administration or its policies or this lawsuit. To the best of his knowledge, Plaintiff has produced all responsive communications.

**Request for Production No. 16.** All documents and communications you exchanged with Carlos Carvalho regarding the Civitas Institute, including but not limited to any communication regarding UT Austin administration's purported decision to "hijack the project" as you allege in Paragraph 20 of your Complaint.

**Response:** Plaintiff objects to this request as vague and disproportionate to the needs of this case. Without waiving those objections, please see the produced emails, iMessages, DMs, and Signal messages regarding his opinion that the UT administration hijacked the Liberty Institute project by turning it into the Civitas Institute and removing its ability to hire independently. Included are numerous responsive communications with Bud Brigham, Carlos Carvalho, Scott Ingraham and others. To the best of his knowledge, Plaintiff has produced all responsive communications related to the hijacking issue.

Plaintiff was involved in the Liberty Institute project for some time and there are likely numerous other communications about that project that do not relate to a claim or defense in this lawsuit and Plaintiff therefore objects to collecting and producing those documents. Plaintiff is not claiming that Defendants prevented him from initially speaking and associating for purposes of promoting the Liberty Institute project during the initial planning phase, only that they wanted to censor him after he began speaking publicly about the UT administration hijacking that project.

**Request for Production No. 17.** All documents and communications you exchanged with any third party regarding the Civitas Institute, including but not limited to any communication regarding UT Austin administration's purported decision to "hijack the project" as you allege in Paragraph 20 of your Complaint.

**Response:** Please see the response to the preceding request and the documents produced.

**Request for Production No. 18.** All online social media posts (on Facebook, Twitter, X, Instagram, etc.) in which you "express views" about the "UT Administration and other issues" as you allege in Paragraph 25 of your Complaint.

**Response:** Please see the screenshots of Twitter/X posts contained in Plaintiff's complaint and MPI filings and those produced in response to RFP No. 27. Please see also the PDF file of Plaintiff's archive of all posts, which Plaintiff downloaded from X and has been produced in response to this RFP. That searchable PDF file contains the text of all of his Twitter/X posts and may contain other responsive posts. Many of Plaintiff's posts related to UT in some way. If Plaintiff identifies additional posts that he intends to rely on to prove his case, he will supplement this response or list the post as an exhibit in due course. Plaintiff has not expressed his opinions related to the UT administration and its policies on other social-media platforms.

**Request for Production No. 19.** All documents and communications exchanged with or about Meeta Kothare regarding the Global Sustainability Leadership Institute or its events.

**Response:** Plaintiff does not believe he has ever communicated directly with Meeta Kothare. To the best of his knowledge, all responsive communications have been produced, were previously filed in this lawsuit, or already under UT's custody and control. Please see also the documents produced by UT in response to his original public information request.

**Request for Production No. 20.** All documents and communications you exchanged with any third party regarding any of the alleged "threats" by Defendants you have identified in your Complaint.

**Response:** To the best of his knowledge, all responsive communications have been produced or were previously filed in this lawsuit. Please see also the Gmails, texts, Signal messages, and DMs that have been produced, including those about self-censorship and those marked responsive to RFP Nos. 16, 17, and 24, among others.

**Request for Production No. 21.** All documents and communications that tend to show Defendant Burris "might not approve [your] appointment" to the Salem Center as you allege in Paragraph 43 of your Complaint.

**Response:** Please see the declaration of Carlos Carvalho.

**Request for Production No. 22.** All documents and communications exchanged with Carlos Carvalho regarding Defendants alleged "threats" as you have identified them in your Complaint.

**Response:** Please see the declaration of Carlos Carvahlo and also the communications involving Carvalho that have been produced. Those threats were discussed orally.

**Request for Production No. 23.** All documents and communications exchanged between your attorneys and Carlos Carvalho, including but not limited to communications related to any declarations he signed as part of this Lawsuit.

Plaintiff's Responses to Defendants' First RFPs                                         Page 7

**Response:** No emails were exchanged between Prof. Carvalho and Lowery's attorneys, including drafts of his declaration. Lowery delivered a hard copy of his declaration to him for execution and a copy of that has been filed already.

**Request for Production No. 24.** All documents and communications in which you discuss or reference your decision to make your X (f/k/a Twitter) profile private.

**Response:** Please see Lowery's declarations. Please see also the DMs produced about no longer posting content on Twitter/X or self-censorship.

**Request for Production No. 25.** All documents and communications in which you express a desire to be able to tweet or otherwise freely post on social media since making your X (f/k/a Twitter) private.

**Response:** Please see Lowery's declarations. Please see also the DMs produced about no longer posting content on Twitter/X, including those marked responsive to RFP No. 24.

**Request for Production No. 26.** All documents that support your contention that part of your job is to "comment on university affairs" as you allege in Paragraph 70 of your Complaint.

**Response:** Please see UT's regulation on academic freedom (Dkt. #14-7) and the documents produced in response to RFP No. 27.

**Request for Production No. 27.** All documents and communications that support your contention that you are not able to "participate in the life of the mind and academic dialogue in a way that is also afforded to [your] leftwing peers" as you allege in Paragraph 87 of your Complaint.

**Response:** Please see the screenshots of other UT-Austin faculty posting their views about UT affairs on Twitter/X, while Plaintiff is forced to self-censor. See also the Op Ed Project at https://www.theopedproject.org/. UT is a "partner" of this project which supports academics who want to write opinion pieces in favor of pro-DEI views. See also: https://perma.cc/TE93-QR3B , https://perma.cc/9JD3-PFLD. And see the Op Ed Project documents marked responsive to RFP No. 27. In addition, faculty who promote pro-DEI views on campus are eligible to receive UT grants (Dkt. #80-20).

**Request for Production No. 28.** All documents and communications concerning your request to not publish the video recording of Reversing Ideological Capture of Universities.

**Response:** To the best of Plaintiff's knowledge, no such communications currently exist. Plaintiff recalls messaging with Scott Atlas about this issue on Signal well before the filing of this lawsuit, but those messages were set for a short retention period and are no longer available. Please see also Plaintiff's declarations.

**Request for Production No. 29.** All documents and communications exchanged with any individual affiliated with the Global Liberty Institute after August 24, 2022.

**Response:** Plaintiff objects to this request as disproportionate to the issues in this case

Plaintiff's Responses to Defendants' First RFPs                Page 8

and burdening his First Amendment rights to associate. Without waiving these objections, Plaintiff has produced all communications with GLI members that relate to his own speech at the Hillsdale-GLI event, video recording, and general logistics. He has many other communications with GLI-affiliated persons on other topics, but those are not relevant to a claim or defense in this lawsuit and are not being produced.

**Request for Production No. 30.** All documents and communications referencing or discussing your decision not to publish a written article or opinion for fear of retribution or punishment from UT Austin.

**Response:** Please see the communications produced.

**Request for Production No. 31.** All documents and communications referencing or discussing your decision not to participate in a speaking engagement for fear of retribution or punishment from UT Austin.

**Response:** Please see the communications produced.

**Request for Production No. 32.** All documents and communications evidencing a rejection, refusal, or other decision not to speak in response to a solicitation, invitation, or request for comment after August 24, 2022.

**Response:** Please see the communications produced.

**Request for Production No. 33.** All documents and communications evidencing your receipt of a solicitation, invitation, or request for comment after August 24, 2022.

**Response:** Please see the communications produced.

**Request for Production No. 34.** All documents and communications responding to a solicitation, invitation, or request for comment after August 24, 2022.

**Response:** Please see the communications produced.

**Request for Production No. 35.** All documents and communications exchanged with any elected official after January 1, 2021.

**Response:** Plaintiff objects to this request as disproportionate and burdening his First Amendment right to associate and petition. Without waiving these objections, please see the produced communications with elected officials, and their staff-members, about affairs at UT, including legislation restricting DEI activities at public universities in Texas. Plaintiff may have received other communications from government officials, but those are not related to a claim or defense in this case and are not being produced.

**Request for Production No. 36.** All documents and communications exchanged with any staff member for any elected official after January 1, 2021.

**Response:** Please see the preceding response.

**Request for Production No. 37.** All documents and communications exchanged with any social media influencer after January 1, 2021.

**Response:** Plaintiff objects to this request as vague, disproportionate and burdening his First Amendment right to associate. Without waiving these objections, Plaintiff has produced all Twitter DM's with social-media influencers that relate to claims or defenses in this case, including his decision to self-censor after Defendants' threats. Plaintiff is declining to produce other communications with social-media influencers, however that term might be defined.

**Request for Production No. 38.** All documents and communications related to any reduction in your pay since July 1, 2022.

**Response:** Plaintiff has not alleged a reduction in pay. He is not aware of any such documents.

**Request for Production No. 39.** All documents and communications related to any change in your status as a tenured professor since July 1, 2022.

**Response:** Plaintiff has not alleged that formal termination or tenure removal proceedings have been initiated against him and, as such, he is unaware of any such documents. He has alleged that he believes Defendants are trying to silence him by indicating they are building a disciplinary case against him for being disruptive, lacking civility, "crossing the line," defaming UT officials, including President Hartzell, or creating an unsafe environment by tweeting critically about GLSI events. Plaintiff believes that Defendants' actions are designed to deter him from publicly criticizing UT officials and their policies. Please see also Plaintiff's declarations and filings in this lawsuit.

Dated: October 24, 2023.

The undersigned counsel certifies that these responses and objections comply with Fed. R. Civ. P. 26(g).

   *s/Endel Kolde*
Endel Kolde
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW
Suite 801
Washington, D.C. 20036
(202) 301-1664
dkolde@ifs.org

PLAINTIFF'S VERIFICATION

I, Richard Lowery, hereby certify that I have reviewed these requests for production, searched for responsive documents, and that the factual allegations about my documents in these responses are accurate, to the best of my knowledge.

Executed under penalty of perjury on October 24, 2023.

_____
RICHARD LOWERY