# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Case No. 1:23-CV-00129-DAE |
| | § | |
| LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and CLEMENS SIALM, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | § § § § § § § § § § § § § | |
| DEFENDANTS. | § | |

## NON-PARTY KELLY KAMM'S OPPOSED MOTION TO QUASH AND FOR PROTECTION FROM PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Non-party Kelly Kamm respectfully submits this motion seeking a protective order quashing the subpoena served on December 18, 2023. Pursuant to Rule 45(d)(2)(b), Kamm is also serving objections to the production obligations imposed by the subpoena.

### LOCAL RULE 7(g) CONFERENCE CERTIFICATION

Counsel conferred with Plaintiff's counsel by email on January 1, 2024, and by phone on January 2, 2024, regarding the document searches commanded in the Kamm subpoena, whether the parties could reach an agreement on a set of searches and potential production that would be more narrowly tailored, and the relief sought in this motion. At this time the parties cannot reach such an agreement, so Kamm must file this motion and Plaintiff's counsel indicated that he is opposed.

**INTRODUCTION**

The subpoena Plaintiff Richard Lowery served on non-party Kelly Kamm seeks irrelevant documents—including potentially private, First Amendment protected communications having nothing to do with Lowery's purported self-chilling of speech. The subpoena is also overbroad, unbound by a time limitation, and not particular enough in at least certain respects to require compliance. Moreover, even to the extent it could be modified to seek only potentially relevant documents, those documents have not been demonstrated to only be in Kamm's possession. The Court should quash the subpoena.

**BACKGROUND**

The Court is aware of the general factual and procedural background to-date through the parties' filings, so Non-party Kamm provides below only the particular facts relevant to this motion.

Plaintiff Lowery filed suit against three University officials in February 2023, in which he asserted two causes of action: (1) the state-actor Defendants chilled his speech in violation of his First Amendment rights and (2) the Defendants retaliated against him for exercising his First Amendment rights. (Dkt. 1 at 20–24). Lowery sought injunctive and declaratory relief, (Dkt. 1 at 24–25), and shortly thereafter he sought a preliminary injunction (Dkt. 8). In the motion seeking a preliminary injunction, Lowery clarified that his chilled-speech claim was based upon his professed self-chilling of his own speech that he began in August 2022 (Dkt. 8 at 10–15, 19). The Defendants opposed the motion for preliminary injunction (Dkt. 14) and filed a motion to dismiss the entire complaint (Dkt. 15).

Lowery sought permission to take substantial discovery on the preliminary-injunction motion (Dkt. 16), yet the Court granted only a limited amount of pre-preliminary-injunction hearing discovery in the form of depositions on written questions. (Dkt. 29). In the responses to the DWQs, Defendants Mills and Burris noted that on August 9, 2022, they were forwarded an anonymous email asking the Compliance Office and Faculty Council to listen to Lowery's interview on a podcast and examine if

an ethical violation had occurred. (*See* Dkt. 31-2 at 4). Both Mills and Burris testified in their DWQ answers that they did not respond to the email. (Dkt. 31-2 at 4; Dkt. 31-3 at 4). There is no evidence whatsoever that Lowery knew about this email when he allegedly decided to self-censor.

Promptly after receiving Defendants responses to the DWQs, Lowery filed a motion seeking additional discovery for the preliminary injunction, suggesting that "newly disclosed information" including "the existence of [the] August 9, 2023 'anonymous email'" warranted supplemental discovery. (Dkt. 31 at 1, 3). The Court denied that motion (Dkt. 44), and the Court set a hearing on Plaintiff's preliminary injunction motion and Defendants' motion to dismiss (Dkt. 45).

Following that hearing, the Court denied Lowery's preliminary injunction motion and granted in part Defendants' motion to dismiss. (Dkt. 51). Specifically, the Court granted the motion to dismiss as to count two of the complaint "[b]ecause [Plaintiff] has not sufficiently alleged an adverse employment action" to support a First Amendment retaliation claim. (Dkt. 51 at 24). The Court did not dismiss the chilled-speech claim, finding that at the motion-to-dismiss stage of proceedings Lowery had "sufficiently alleged that Defendants' threats would chill a person of ordinary firmness from publicly criticizing [the University]." (Dkt. 51 at 25). Accordingly, the only claim left before the Court asks whether Lowery actually (and reasonably) self-chilled his speech in August 2022. *See, e.g.*, *Kennan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002) (providing that self-chilling speech claims require plaintiff to establish "(1) engage[ment] in constitutionally protected activity, (2) the defendants' actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) defendants' adverse actions were substantially motivated against [his] exercise of constitutionally protected conduct").

Lowery served a third-party subpoena on Yahoo for information about the anonymous sender of the email. Yahoo responded that the account holder was Kelly Kamm, who is a Distinguished Senior Lecturer at the McCombs School of Business.[1]

In December 2023, Lowery served a subpoena on Kamm commanding the production of the following:

> **All emails or written communications concerning Richard Lowery, his appearance on the Richard Hanania hosted podcast, or any Tweet or online article authored by Lowery, that are associated with the email account: mccombsprof@yahoo.com or any other personal email account under the custody and control of Kelly Kamm.**

A copy of the subpoena is attached hereto as **Exhibit 1**. This motion, and the concurrently filed objections, followed.

## ARGUMENT

Courts must quash or modify a subpoena that imposes an "undue burden." *E.g.*, *Pinn v. Consumer Credit Couns.Found., Inc.*, 2023 WL 7288745, *3, Case No. 1:23-mc-0974 (W.D. Tex. Nov. 3, 2023) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)); *Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, *1, Case No. 1:15-cv-438 (W.D. Tex. July 15, 2015) (also citing *Wiwa*). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818. The following factors are to be used to determine whether a subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Moreover, when the person to whom the subpoena is directed is a non-party,

---

[1] Kamm isn't part of the Dean's leadership team and isn't connected to the University's central administration.

the court may also consider the expense and inconvenience to the non-party. *Id.* And "[a] court may find that a subpoena presents an undue burden when the subpoena is facially overbroad," *id.* Finally, "the question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and 'calls upon the court to consider whether the information is necessary and unavailable from any other source.'" *Rembrandt*, 2015 WL 4393581, at *1 (quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004)).

I. **The Subpoena Fails Each of the Factors Articulated in *Wiwa*.**

1. *The information is not relevant to Lowery's claim.* The only claim remaining in this case is whether Lowery reasonably self-chilled his speech beginning in August 2022. That claim must rely upon what Lowery knew at the time—he cannot claim to have self-chilled based upon information he learns in this lawsuit a year later. And he admits he only learned of the anonymous email from mccombsprof@yahoo.com in April 2023, when he received the DWQ answers. (Dkt. 31 at 1, 3). Lowery cannot demonstrate that any information he discovered in the future would have played a role in the self-chilling. The lack of relevance is further shown by the following, *inter alia*: it seeks documents from a non-party who has no authority to carry out any of the perceived threats that Lowery suggests he feared causing the purported self-chilling; it seeks any communication "concerning Richard Lowery" no matter the context of that communication nor whether it involved Lowery's First Amendment protected activities; it seeks "all . . . written communications" on the specified topics, regardless whether any of the participants in the communications were Defendants or even other University actors whose actions could have led Lowery to reasonably self-chill; and there is no time limitation to the request, despite the self-chilling alleged to have commenced in August 2022. For all of these reasons, any such communications, if they even exist, would not support Lowery's self-chilled speech claim from August 2022, so the subpoena seeks information that is not relevant to this litigation.

Case 1:23-cv-00129-DAE   Document 66   Filed 01/02/24   Page 6 of 10

2. *Lowery does not have a need for the documents sought, which would require Kamm to search, and potentially then produce, personal conversations that implicate her own First Amendment rights.* For all of the reasons that the documents demanded are not relevant, Lowery does not need them. He has no need for private communications protected by the First Amendment that have nothing to do with his self-chilling claim. Requiring their production would only serve to permit Lowery to harass Kamm *because* she exercised her own First Amendment rights to voice a concern that Lowery doesn't like. And it would discourage University employees from raising concerns with the Compliance Office. The service of this subpoena indicates that Lowery is not troubled by the potential his litigation conduct has to interfere with the First Amendment freedoms of his colleagues; hopefully the Court quashing the subpoena will discourage Lowery from further attempts to interfere with First Amendment activities of his University colleagues.

3. *The request is facially overbroad.* When a court determines that a subpoena is facially overbroad, it may find that it presents an undue burden based upon that fact alone. *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."). This subpoena seeks completely irrelevant documents on an open-ended time frame, the production of which would implicate the competing First Amendment rights of the person to whom the subpoena is directed, *see supra*, it is thus plainly overbroad and should be quashed on this factor alone.

4. *The time period covered by the subpoena is too broad to encompass only even potentially relevant documents.* Even if the Court were to disagree with Kamm's arguments regarding relevance, need, or other undue burdens (and it should not), the subpoena with no time limitation would still not be proper. Communications that post-date Lowery's purported self-chilling, if they even exist, could not have factored into Lowery's purported decision to self-chill. Nor could communications (regardless

Kamm Motion for Protection (document subpoena)                                                                 Page 6 of 10

when they occurred), that Lowery never knew about. The subpoena does not account for either of these points, thus its lack of a time limitation is yet another factor warranting the Court to quash it.

5. *The particularity with which the requested documents are described is not sufficient.* The request for documents "concerning" Lowery's particular appearance on a podcast is probably one sufficiently clear criterion. But the subpoena's demand for any written communication "concerning Richard Lowery" is much less clear (for example, does a communication that doesn't mention him by name but discusses his research center (Salem Center) "concern" Lowery?). Nor is it entirely clear what "any other personal account under custody and control of Kelly Kamm" would entail. This factor, at the very minimum, would thus require the modification and narrowing of the subpoena before Kamm could be expected to reasonably comply.

6. *The subpoena imposes a substantial burden on Kamm.* The foregoing discussion has demonstrated numerous significant burdens on Kamm's rights, and we incorporate that full discussion here. The substantial burden of requiring Dr. Kamm to comply with this subpoena is thus clear: she must search through private communications to potentially turn them over to a colleague who has no litigation need for them, but seeks them anyway, and her exercise of her own First Amendment rights has been weaponized against her.

Kamm would also add that the email she sent that served as the basis for Lowery's subpoena was an anonymous email the type of which the University receives so that faculty who wish to do so may maintain their anonymity while raising legitimate concerns to Compliance. To turn the ability to submit an anonymous communication about the University into an invitation to have other faculty members demand to see private communications would potentially have a significant chilling effect on the anonymous-complaint process. The Court should not embrace Lowery's attempt to go down that path. *E.g.*, *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) (A "decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is

an aspect of the freedom of speech protected by the First Amendment."); *Justice for All v. Faulkner*, 2004 WL 3957872, *10–*11, Civ. Case No. 02-ca-630 (W.D. Tex. March 3, 2004) (recognizing the "longstanding protection" of anonymous speech).

## II. To the Extent Kamm Might Possess Relevant Documents, Lowery Could Obtain Them From the University Without Imposing the Significant Burdens on Kamm.

If Kamm participated in any actually relevant communications that Lowery has not yet been made aware of (which is a legally and factually dubious proposition, given the nature of the self-chilling claim raised by Lowery) those communications must have included the Defendants or, at a minimum, a University actor who could impose the retaliatory acts that Lowery says he feared. Kamm is thus not the only person who might have such communications. Accordingly, even if Lowery could demonstrate that such communications were necessary, he has not even attempted to establish that they are "'unavailable from any other source.'" *Rembrandt*, 2015 WL 4393581, at *1 (quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004)). Communications that do not include the relevant University personnel (if any such communications exist) would not be necessary for the reasons stated above, so those communications could not justify requiring compliance with the subpoena.

## PRAYER

For these reasons, the Court should quash Lowery's subpoena served on Dr. Kelly Kamm on December 18, 2023, and enter a protective order relieving Kamm of any requirement to comply with that subpoena.

       Respectfully submitted,

       JACKSON WALKER LLP

By:   */s/ Joel R. Glover*
       Charles L. Babcock
       Texas State Bar No. 01479500
       cbabcock@jw.com
       Joel R. Glover
       Texas State Bar No. 24087593
       jglover@jw.com
       Javier Gonzalez
       Texas State Bar No. 24119697
       jgonzalez@jw.com
       1401 McKinney Street, Suite 1900
       Houston, Texas 77010
       (713) 752-4200 – Phone
       (713) 752-4221 – Fax

       Matt Dow
       Texas State Bar No. 06066500
       mdow@jw.com
       Adam W. Aston
       Texas State Bar No. 24045423
       aaston@jw.com
       100 Congress Ave., Suite 1100
       (512) 236-2056 – Phone
       (512) 691-4456 – Fax

       ATTORNEYS FOR NON-PARTY
       KELLY KAMM

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 2, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                              */s/ Joel R. Glover*
                                              Joel R. Glover