UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>    *Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, et al.,<br><br>    *Defendants*. | Case No. 1:23-cv-129-DAE |

DECLARATION OF ENDEL KOLDE
IN SUPPORT OF PLAINTIFF'S RESPONSE AND CROSS-MOTION RE: KAMM SUBPOENA

I, Endel Kolde, declare the following:

   1. I am an adult and competent to make this declaration. I am lead counsel for Richard Lowery in this case.

   2. Prior to obtaining Defendant Burris and Mills's DWQ answers in April 2023, we had no idea that someone had anonymously denounced Richard Lowery to the

1

UT compliance office. We asked for UT to show us the complaint, but UT's lawyers refused to provide a copy to us until this case went into regular discovery.

3. Exhibit A is a true and correct copy of Jeff Graves's Aug. 9, 2022, email forwarding the anonymous denunciation to Defendants Mills and Burris. This email was produced to us in discovery on Oct. 30, 2023, and that is the first time we were allowed to see it.

4. As has been set out in the Declaration of Carlos Carvalho and other evidence, all parties agree that a key meeting occurred on Aug. 12, 2023, between Mills, Burris and Carvalho. At this stage, the parties appear to differ somewhat about what was said at the meeting, but all who were present appear to agree that Lowery was a topic at the meeting.

5. Given the temporal proximity of Graves's forwarding of the anonymous email and its focus on Lowery's speech on the Hanania podcast, we sent a subpoena to Yahoo to get basic account information and see if we could learn who sent the email.

6. We received Yahoo response on December 11, 2023. Exhibit B is a true and correct copy of Yahoo's response.

7. Yahoo's response showed that the account was created by "mcombsprof" on July 27, 2022 at 23.54 GMT, which would have been 6:54 PM Central Time. The anonymous email was sent at 7:14 PM CT, on the same date, so the timing lines up. The account was also listed as "active."

8. There was no real name associated with the account, but under Alternate Communication Channels it listed the phone number +15126940137 "Verified." A

2

quick web search revealed that Kelly Kamm listed this phone number on her public facing UT profile, which can be viewed here: https://perma.cc/3WYV-5H3C. We concluded from this evidence that Kelly Kamm was "mccombsprof."

9. On the same day we learned this information, we provided a copy to UT's lawyers, and asked them to accept service of the subpoena to Kamm that is at issue in this motion. *See also* Dkt. 66-1.

10. As has unfortunately become a pattern, Joel Glover did not promptly agree to accept service and only did so a week later, on December 18, 2023. In the interim he asked us not to serve Kamm personally, so this action served to delay discovery, much like UT's motion also serves to delay discovery.

11. Our goal in seeking Kamm's personal emails about Lowery was to determine if her anonymous email was connected to any other key players in this case, including potential associates or intermediaries.

12. On Jan. 1, 2024, defense counsel Joel Glover emailed me, asking that we withdraw the Kamm subpoena and indicating that they were about to file a motion to quash. Due to the holiday, I didn't read the email until Jan. 2 and I asked for more information. Defense counsel Matt Dow responded, and we emailed back and forth. He was vague about the reasons for the motion, but he eventually called me.

13. During that conversation, Dow told me they planned to give us 4-5 emails from UT's email that we already had. I asked him what the big deal was with the subpoena and why couldn't Kamm just do a quick search of her personal emails. He didn't really give me an answer, nor would he tell me directly whether he was

3

aware of responsive emails existing. He did tell me that Kamm had not emailed with Hartzell, Burris or Mills, so from that I infer that some inquiry was conducted.

14. I told him that if Kamm would supply a declaration indicating that she had not emailed with Laura Starks, Meeta Kothare, or any other UT employee about Lowery's speech, then we would consider withdrawing the subpoena. To date no such declaration has been provided.

15. At no point during the conversation did Mr. Dow indicate that UT's lawyers were confused about the date range of the subpoena, or what materials were being sought.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this date, January 5, 2024.

_____
Endel Kolde