# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Case No. 1:23-CV-00129-DAE |
| | § | |
| LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and CLEMENS SIALM, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANTS' RESPONSE TO MOTION TO AMEND SCHEDULING ORDER

If Lowery had a good-faith basis for seeking a little more time to conduct relevant discovery so that the parties could litigate a legitimate dispute, then the parties likely would not need to engage in this motion practice, because Defendants could negotiate an agreement on a reasonable extension. While discovery is sometimes long, expensive, and frustrating, it's often necessary.

But Lowery's Motion (Dkt. 68) proposes discovery that is unnecessary to this case. And even if it were necessary, he wouldn't need extra time to pursue it. Rather, for Lowery, making discovery long, expensive, and frustrating is the point. Lowery's discovery requests—like his lawsuit itself—have become a vehicle to harass those he has a grievance against. Lowery's discovery requests continue to drift farther from his lone remaining claim, which is that he chose to reduce his public speech a year-and-a-half ago because of comments allegedly made by Defendants. And his purported reasons for needing more time are contradicted by his own motion. The Court should deny Lowery's motion and allow the case to proceed on the current discovery schedule, which is more than adequate.

**ARGUMENT**

*Lowery's Requested Discovery Is Unnecessary*

If Lowery wants to continue to spin a conspiracy theory from the existence of one text thread, Dkt. 68 (Motion) at 2, he can do that with the current and impending discovery from Defendants. That's because, even on the theory's own convoluted terms, the *Defendants' actions* were directed by President Hartzell. Dkt. 68 (Motion) at 2 ("Hartzell has never filed a declaration disavowing all involvement in *his subordinates' actions* against Lowery") (emphasis added). So, if, as Lowery imagines, President Hartzell spent his time plotting a way to tell Defendants to "silence" Lowery, the Defendants would have personal knowledge and access to documents supporting that supposed plot. The problem for Lowery is that the few relevant and non-privileged documents about President Hartzell have already been provided. So current and impending discovery from the Defendants will be enough to unravel Lowery's imagined plot.

Lowery concedes that he will soon have the opportunity to depose each original Defendant[1] whose actions he complains of. Dkt 68 (Motion) at 7. He will have the opportunity to learn about any non-privileged conversation Defendants had with President Hartzell relevant to his claims. If his motion to compel is successful, then Lowery will have the *one* text conversation that Defendants had with President Hartzell that mentions Lowery. *See* Dkt. 61 (Defs.' Resp. Motion to Compel) at 4-5 (describing the text message generally). In short, Lowery will soon have everything he needs to understand Hartzell's limited involvement with his claims.

*Lowery's Asserted Need for More Time is Not Credible*

Lowery complains he "would have only nineteen days" from a presumptively successful motion to compel hearing to decide whether to amend his complaint to add Hartzell. Dkt 68 (Motion) at 8. Assuming such an amendment would comport with the legal and factual prerequisites imposed by Rule 11, Lowery's counsel is capable of reviewing interrogatories and a single text message and amending his complaint in nineteen days. After all, "[i]n January alone," he is managing to "depose

---

[1] One of the original Defendants—Titman—has been replaced by his successor as department chair under Fed. R. Civ. P. 25(d), but his deposition is up first.

three witnesses, review UT's response to eight RFPs, thirteen interrogatories, and a subpoena, respond to UT's most recent set of RFPs, write briefs for pending discovery disputes, and prepare for oral argument in February." Dkt. 68 (Motion) at 7. Lowery claims he also needs to depose Hartzell in that time, but he does not explain how the March amendment deadline, rather than the May discovery deadline, applies to Hartzell's deposition. *See generally* Dkt. 68 (Motion) at 8. Nor does he explain why he needs the deposition of Hartzell—a non-party—when he will have already deposed all three of the original Defendants before the hearing. *See generally id.*

*Further Delay is Prejudicial in Light of Lowery's Goal to Harass Non-Parties*

Defendants—and others—will be prejudiced by extending deadlines and discovery. For one, more litigation is just adding on the strain to public resources to defend against relief that would be an unconstitutional prior restraint against Defendants' ability to speak to or about Lowery, *see* Dkt. 1 (Complaint) at Prayer (seeking injunction against "labeling his criticism as violent or uncivil"); *see also Connell W. Trucking Co. v. Estes Express Lines*, No. EP-20-CV-312-KC, 2022 WL 21712355, at *5 (W.D. Tex. Nov. 30, 2022) ("Courts have recognized increased litigation costs as a form of prejudice."); *e.g.*, *Hoffman v. Americahomekey, Inc.*, No. 3:12-CV-3806-B, 2014 WL 12577103, at *2 (N.D. Tex. May 9, 2014). But constitutional irony and costs aside, Lowery is now using the machinery of litigation to harass anyone at the University that he has a personal grievance with—including President Hartzell. That is prejudice that the Court should consider.

Lowery's grievances extend past individuals in his Complaint. Lowery seeks documents from non-party Kelly Kamm that, if they exist, either: (1) would be irrelevant to his self-chilled-speech claim or (2) are documents he has not even attempted to show could not be obtained from Defendants. Worse, he does so in spite of already having obtained from the Defendants both (1) the entirety of Kamm's email communications related to the anonymous comments about one of Lowery's speaking engagements and (2) testimony that the Defendants have never spoken to Kamm about Lowery's speech. His continued insistence on subpoenaing Kamm smacks of a desire to harass Kamm for expressing an opinion—anonymously and confidentially—that displeases him. *See* Dkt. [74] at 5.

Now Lowery also seeks discovery from other non-parties through requests for production, including from their privately owned devices or email accounts, and interrogatories. In doing so, he has never explained why these non-parties, who are not even mentioned in his Complaint, are related to his claims. This is further evidence that Lowery is using the discovery process to harass rather than to seek relevant information that would speed the resolution of this lawsuit.

## PRAYER

Because the parties are able to prepare this case for dismissal or trial on the timeline already set by the Court and Plaintiff presents no good cause to alter it, the Court should deny Plaintiff's Motion to Amend the Scheduling Order.

Respectfully submitted,

JACKSON WALKER LLP

By: */s/ Joel R. Glover*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                          */s/ Joel R. Glover*
                                          Joel R. Glover