UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, *Plaintiff*, v. LILLIAN MILLS, *et al.*, *Defendants*. | Case No. 1:23-cv-00129-DAE |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO EXTEND DEADLINES FOR DISCOVERY**

## REPLY ARGUMENT

### 1. UT's continual delays and objections prevent Lowery from completing discovery by the current deadlines

UT has strategically delayed for months, to run out the clock and prevent Plaintiff Richard Lowery finishing discovery within the timetable set forth in the current scheduling order. Lowery demonstrates good cause to modify the schedule, because, despite his diligence, he cannot reasonably meet the order's deadlines. *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021).

Already in March 2022, Lowery sought to commence depositions and documents productions. Dkt. 16. In contrast, UT refused even to attend a Rule 26(f) conference until late September. *See* Dkt. 57 at 2; Dkt. 24-1 at 1-2. And, in the months since, Defendants repeatedly have missed deadlines, withheld responsive material, and pushed to schedule key events later than Lowery asked. Dkt. 68 at 5-6.

Two weeks, for instance, have elapsed since Lowery filed a motion to extend on January 5, 2024. Dkt. 68 at 7, 10. This is a slightly shorter period than the time between oral argument on February 13 (previously February 12) and the deadline to file motions to amend and join additional parties on March 2. *See* Dkt. 68 at 7, 10. Yet, in these two weeks, UT has objected to, or requested to confer about, two different sets of RFPs (without producing any new documents), moved for a protective order, opposed a motion to compel, rescheduled a planned conferral, and needed thirteen days to correct false information in one of its interrogatory answers that Plaintiff pointed out. Kolde Supp. Dec. ¶ 2. Delays of this sort—even about simple matters—are unfortunately routine.

### 2. Discovery about other UT faculty learned of recently is relevant and proportional to the case

Lowery also seeks discovery from UT employees—Kelly Kamm, Andres Almazan, and Aydogan Alti—which UT will not produce. Kolde Supp. Dec. ¶¶ 3-6.

1

According to UT, because these non-parties are "not even mentioned in [Lowery's] Complaint," they are unrelated to his claim. Dkt. 75 at 4. But Plaintiff only became aware of their involvement through the discovery process. Lowery first learned that Kelly Kamm was the author of the anonymous complaint against him in December 2023. Dkt. 69 at 3; Dkt. 76 at 2. He found out that Almazan emailed Titman and Alti about Lowery's public criticism of Hartzell on August 8, 2022 (just before UT began trying to silence Lowery), only once UT produced documents in late October. *See* Kolde Supp. Dec. ¶¶ 3-6, Ex. A.

The University of Texas, one of the wealthiest universities on the planet, will not be financially strapped by answering a narrow request for communications about Lowery from three people during a short three-month window. An hour of electronic searching through email accounts, followed by sworn declarations if nothing responsive exists, would suffice. *See* Dkt. 64 at 4.

Moreover, Lowery's discovery requests do not unduly burden First Amendment rights. When UT administrators speak in their capacity as administrators—rather than as faculty—they do not possess individual First Amendment rights, because their speech is government speech. *See Adams v. Trustees of University of North Carolina-Wilmington*, 640 F.3d 550, 563 (4th Cir. 2011) ("There may be instances in which a public university faculty member's assigned duties include a specific role in declaring or administering university policy, as opposed to scholarship or teaching. In that circumstance, *Garcetti* may apply" so that "the Constitution does not insulate their communications") (internal quotations omitted); *see also* Keith E. Whittington, *What Can Professors Say on Campus? Intramural Speech and the First Amendment* 23-25 (August 2, 2023) (forthcoming Journal of Free Speech Law) (available at https://ssrn.com/abstract=4551168).

Faculty members (like Lowery) do enjoy a First Amendment right to criticize other faculty members, but if they coordinate that criticism with administrators or were encouraged by administrators (or persons close to those administrators) to do or say things that the administrators wanted, that would be highly relevant to Lowery's claims and entitled to little or no privacy interests. Lowery is not seeking to harass anyone; he is merely using the discover process to ascertain, in an incremental and targeted manner, whether the actions of Kamm, Alti, or Almazan that related to Lowery's speech were in any way connected to Hartzell, Burris, Brazzil, Flores, Mills, Dyer, Starks, or Kothare, or perhaps another person affiliated with them. If UT and its employees have nothing to hide, they would welcome a reasonable extension of discovery, so they can demonstrate that these employees have nothing to do with the campaign to pressure Lowery. *See* Dkt. 77-2 at 4. So too with President Hartzell and the people around him—yet the further we get into discovery, the more we learn that Hartzell played a role in the campaign to silence Lowery. Perhaps he used other people to help him silence Lowery too. *See* Dkt. 77-4 at 2-5.

## CONCLUSION

The frequent delays, the scorched-earth fighting over ordinary discovery, the altered discovery responses—perhaps if UT learned that running out the clock isn't an option, it would cooperate as required, and this case would sooner reach its proper conclusion. This Court should amend its scheduling order and extend all discovery deadlines by sixty days or more.

| | |
|---|---|
| Respectfully submitted, | Dated: January 19, 2024 |
| *s/Endel Kolde* | *s/Michael E. Lovins* |
| Endel Kolde | Michael E. Lovins |
| Washington Bar No. 25155 | Texas Bar No. 24032555 |
| Courtney Corbello | LOVINS \| TROSLCAIR, PLLC |
| Texas Bar No. 24097533 | 1301 S. Cap. Of Texas |
| Nathan J. Ristuccia | Building A Suite 136 |
| Virginia Bar No. 98372 | Austin, Texas 78746 |
| INSTITUTE FOR FREE SPEECH | Tel: (512) 535-1649 |
| 1150 Connecticut Ave., NW | Fax: (214) 972-1047 |
| Suite 801 | michael@lovinslaw.com |
| Washington, D.C. 20036 | |
| Tel: (202) 301-1664 | |
| Fax: (202) 301-3399 | |
| dkolde@ifs.org | |
| ccorbello@ifs.org | |
| nristuccia@ifs.org | |

*Counsel for Richard Lowery*

4