UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-00129-DAE |
| § | |
| LILLIAN MILLS, in her official capacity § | |
| as Dean of the McCombs School of Business § | |
| at the University of Texas at Austin; ETHAN § | |
| BURRIS, in his official capacity as Senior § | |
| Associate Dean for Academic Affairs of the § | |
| McCombs School of Business at the § | |
| University of Texas-Austin; and CLEMENS § | |
| SIALM, in his official capacity as Finance § | |
| Department Chair for the McCombs School § | |
| of Business at the University of Texas-Austin, § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' OPPOSED EMERGENCY MOTION TO QUASH DEPOSITION NOTICE AND SUBPOENA AND FOR PROTECTIVE ORDER

UT needs emergency relief to quash a deposition notice it just received from Plaintiff last night after the close of business and a protective order from Plaintiff's attempt to elicit deposition testimony from his top material witness on a mere four business days' notice. The deposition was unilaterally noticed to take place on January 30, 2024, which, as of this filing, is now only three full business days away. **Accordingly, UT respectfully requests a ruling by Friday, January 26, 2024.**

### I.     BACKGROUND

Just before 7:00 pm last night (January 23, 2024) and without any prior coordination with UT, Plaintiff emailed the deposition notice at issue to counsel for Defendants. *See* Ex. 1 (Kolde Email 1); Ex. 2 (Subpoena). Within seconds, Plaintiff emailed a subpoena to counsel for the intended target, non-party Carlos Carvalho. *See* Ex. 3 (Kolde Email 2). Carvalho is a close colleague and confidant of Plaintiff in UT's McCombs School—so close that Carvalho has already testified on Plaintiff's behalf

in support of his unsuccessful request for a preliminary injunction (the only witness to do so). *See* Dkt. 8-2 (Carvalho Decl.).

This is not a situation where Plaintiff asked when UT or its counsel were available to take Carvalho's deposition, and UT never responded with dates. Instead, Plaintiff sent a late-night, unannounced subpoena on four business days' notice without ever asking whether anybody from UT was available yet apparently well after coordinating this deposition with his star witness.

Why the hurry? According to Plaintiff's counsel, Plaintiff needs Carvalho's deposition because Plaintiff does not know enough to amend his complaint:

> If neither of you is available for this, please find coverage. We plan to proceed with this deposition, because time is of the essence and we are intent on filing our motion to amend the complaint as soon as feasible, which we all know will be opposed.[1]

Plaintiff's search for a rationale for amending his complaint does not justify a rushed deposition, particularly under the current schedule. Requests to amend pleadings or join parties are not due for nearly six weeks, on March 2, 2024, and discovery does not close until May 1, 2024. Dkt. 57 (Scheduling Order). In any event, Plaintiff has never articulated how Carvalho is the secret to the success of his proposed pleading amendment or is somehow unavailable until discovery closes or the amendment deadline passes.

It is also problematic that Plaintiff knows that UT intends to depose Carvalho and when. At a meet and confer on January 19 (on other topics), Plaintiff's counsel asked if and when UT intends to depose Carvalho and was told that it would be after the Court's February 13 hearing on discovery. That was the extent of the discussion. Plaintiff's counsel never mentioned this upcoming move to depose Carvalho on short notice or that he was essential to Plaintiff's request to amend. Regardless,

---

[1] UT sets aside for another day (but notes) Plaintiff's apparent belief that he lacks any factual basis to amend his pleadings.

if Plaintiff had asked four days ago (or any day since), he would know that neither UT nor its counsel are available on January 30. But he did not. And here we are.

UT conferred in good faith to resolve this emergency motion by agreement, asking Plaintiff to withdraw the subpoena and work with UT on dates that work for all parties so that Carvalho (and the parties) only had to attend one deposition for him following the resolution of the discovery issues pending before the Court on February 13. *See* Dkt. 78. Plaintiff refused.

## II.     ARGUMENT

UT must be protected from this conduct. "A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *Davis v. Amazon.com Svcs. LLC*, 2022 WL 18034363 (W.D. Tex. Jan. 17, 2022) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)) (quashing a non-party subpoena and granting a motion for protective order at the request of a party that did not receive reasonable notice). Good cause exists to quash a subpoena and grant a protective order where parties do not receive adequate notice, much less a complete lack of coordination.

Rule 30(b)(1) governs notice, and its requirement is plain: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). This requirement applies with equal force to a non-party deposition subpoena issued under Rule 45. *See Buckert v. Traynor*, SA-19-CV-00727-XR, 2022 WL 126487, at *1 (W.D. Tex. Jan. 13, 2022) (noting the interplay between Rule 30(b)(1) and Rule 45 when deposing a non-party witness); *Reedy v. CITGO Petroleum Corp.*, Civil Action No H-10-2971, 2011 WL 13350687, at *5 (S.D. Tex. Dec. 1, 2011) (considering the reasonableness of party notice under Rule 30(b)(1) where a party moved to quash a non-party deposition subpoena issued under Rule 45).

Plaintiff has given Defendants four business days' notice to prepare for and attend this deposition. That is not reasonable notice. With such short notice, motions to quash and for protective

order are routinely granted in this District. *See Sanchez v. England*, No. EP-17-CV-354-KC, 2018 WL 7350677, at *2 (W.D. Tex. Sept. 27, 2018) (quashing a deposition notice and entering a protective order where notice was only given four business days out and, as here, required out of town travel for counsel of record, even where the notice had to go out when it did because of "the looming discovery deadline"); *Davis*, 2022 WL 18034363, at *1 (quashing a deposition notice and entering a protective order where a party unilaterally issued a deposition notice two business days out and on dates when opposing counsel was unavailable and noting that "unavailability and short notice render [the party's] notices unreasonable").

Allowing this deposition to proceed will likely deprive UT of its chance to fully and fairly depose this witness. This could be the only time Carvalho testifies. Citing nothing, Plaintiff offered with his deposition notice that UT is "always free to depose [Carvalho] further later on – we will not claim this is your one shot at this witness." Ex. 1 (Kolde Email). But despite the close coordination between Carvalho and Plaintiff, Carvalho is not a party, and Rule 30(a)(2)(A)(ii) forecloses a second deposition without leave of Court (uncertain) or stipulation (unknown). Even if Carvalho did so stipulate, UT, a public entity, does not consent to piecemeal depositions—the very type of protracted, inefficient discovery rejected by Rule 1. Fed. R. Civ. P. 1 (requiring the Rules to "be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## CONCLUSION AND PRAYER

UT remains willing to coordinate Carvalho's deposition for a date set after the Court rules on the matters pending at the February 13 hearing and before the pleading amendment deadline. WHEREFORE, PREMISES CONSIDERED UT respectfully requests that the Court grant this Motion to Quash and enter a protective order consistent with this this Motion.

          Respectfully submitted,

          JACKSON WALKER, L.L.P.

By:  /s/ *Matt Dow*
      Charles L. Babcock
      Texas State Bar No. 01479500
      cbabcock@jw.com
      Joel R. Glover
      Texas State Bar No. 24087593
      jglover@jw.com
      Javier Gonzalez
      Texas State Bar No. 24119697
      jgonzalez@jw.com
      1401 McKinney Street, Suite 1900
      Houston, Texas 77010
      (713) 752-4200 – Phone
      (713) 752-4221 – Fax

      Matt Dow
      Texas State Bar No. 06066500
      mdow@jw.com
      Adam W. Aston
      Texas State Bar No. 24045423
      aaston@jw.com
      JACKSON WALKER, L.L.P.
      100 Congress Ave., Suite 1100
      Austin, Texas 78701
      (512) 236-2056 – Phone
      (512) 691-4456 – Fax

      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  I hereby certify that on January 24, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

| | |
|---|---|
| Courtney Corbello | Michael E. Lovins |
| Endel Kolde | LOVINS \|TROSCLAIR, PLLC |
| Nathan John Ristuccia | 1301 S. Cap. Of Texas Building A |
| INSTITUTE FOR FREE SPEECH | Suite 136 |
| 1150 Connecticut Ave., NW | Austin, Texas 78746 |
| Suite 801 | Tel: (512) 535-1649 |
| Washington, D.C. 20036 | Fax: (214) 972-1047 |
| Tel: (202) 301-1664 | michael@lovinslaw.com |
| Fax: (202) 301-3399 | |
| dkolde@ifs.org | |
| ccorbello@ifs.org | |
| nristuccia@ifs.org | |

                */s/ Matt Dow*
                Matt Dow