UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, § § § § § § § § § § § § § § § § § § § § | |
| PLAINTIFF, | |
| v. | Case No. 1:23-CV-00129-DAE |
| LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and CLEMENS SIALM, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin, | |
| DEFENDANTS. | |

**DEFENDANTS' OPPOSED MOTION FOR PROTECTIVE ORDER FROM PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION AND RELATED TOPICS FOR DEPOSITIONS**

Defendants move for an order protecting them from Lowery's Fifth Set of Requests for Production[1] and the related topics in depositions. After conferring, Lowery's counsel is opposed because the parties disagree about whether the discovery relates to Lowery's claims. *See* Local Rule 7(g).

**INTRODUCTION**

Lowery's lone surviving claim is that he is self-chilling out of fear from retaliation. Lowery supposedly fears he will face retaliation because Defendants[2] suggested that he sponsor events and teach popular classes as a way to share his viewpoints more productively than tweeting about his

---

[1] Defendants are not seeking protection from RFPs 21 or 26, but will object on the timeline required by the rules.

[2] One of the original Defendants—Sheridan Titman—was replaced in September by Clemens Sialm, his successor as department chair under Fed. R. Civ. P. 25(d).

colleagues. Purportedly afraid of losing his stipend from the Salem Center, Lowery has limited his tweets to his two thousand or so followers, thereby shortening the reach of his message about UT's syllabi policies, handling of the Civitas Institute, and now-banned DEI initiatives.

Lowery now seeks discovery about President Hartzell's son. Neither President Hartzell or his son are Defendants. Neither have spoken to Lowery about his speech. Yet Lowery has sent seven production requests and asked questions in two depositions about President Hartzell's son. And his lawyer plans to ask more questions about President Hartzell's son in a future deposition. No matter the answers to any deposition questions or the documents produced in responding to the requests, neither will affect Lowery's remaining claim. Rather, Lowery's counsel maintains they relate to a draft amended complaint for which Lowery has not yet obtained leave to file.

The discovery is merely the latest attraction in Lowery's circus designed to make this litigation—and this Court—a spectacle rather than a legitimate adjudication of his rights.

## ARGUMENT

Lowery has extolled the limits of discovery when asked to answer questions about his speech in a case about whether he is self-censoring: "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." Dkt. 64 (Lowery's Resp. Motion to Compel) at 5 (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). "Indeed, Rule 26 restricts discovery to matters relevant to the claims and defenses '*already identified* in the pleadings,' rather than merely relevant to 'the subject matter' of the suit." *Id.* (quoting *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017)) (emphasis added).

But now discovery is confirming that Lowery's persecution is imagined and the chill purely self-inflicted, so Lowery is seeking to harass anyone he perceives has wronged him during his tenure at the University. *See, e.g.*, Dkt. 75 (Defendant's Resp. re: Scheduling Order) at 3-4. The newest targets are President Hartzell and his son.

**I. The discovery is unrelated to any claim or defense because President Hartzell's son has nothing do with whether Defendants criticized Lowery, so it is not discoverable.**

Lowery's remaining claim has a limited factual basis. He alleges Defendants asked his friend, Professor Carlos Carvalho, to suggest that Lowery "tone it down" after Lowery tweeted critical things about the university and his colleagues, like that they "invite f***ing communists who support the murder of the Romanov children." Dkt. 1 (Complaint) ¶¶34, 36. Defendants also suggested it was in Lowery's "interest to come up with a class for the Spring that is likely to be popular" and to "jointly sponsor a panel discussion on ESG." *Id.* ¶52. So Lowery set his Twitter account to private so only his approximately 2000 followers can see his tweets. *See* ¶54.

In sum, Lowery complains that, based on these purported "threats," he "reasonably fears that if he continues to offer public commentary that is critical of the UT Administration and its policies Defendants will not renew his appointment to the Salem Center, costing him the $20,000 annual stipend . . ." *Id.* ¶61.

None of this has anything to do with President Hartzell's son. Yet Lowery has sent seven production requests and asked questions in two depositions about Hartzell's son. *See* Ex. A (Lowery's Fifth Set of Production Requests); Dkt. 83-4 (Burris Depo.) at 245:20–250:9. The requests center on Lowery's new unpleaded hunch that Hartzell improperly helped his son gain admission to a graduate program. *See generally* Ex. A (Lowery's Fifth Set of Production Requests); *see also* Dkt. 83-1 (Kolde Decl.) ¶9. But nothing in Lowery's complaint mentions this supposed incident. Instead, Lowery's surviving claim turns on Defendants allegedly "threatening" him over his criticisms of DEI, the Liberty Institute, the Global Sustainability Leadership Institute, its minor, and its ESG panel. Dkt. 1 (Complaint) ¶74; *see also id.* ¶¶52, 53 (Defendant Titman suggesting Lowery sponsor a joint event with ESG, then Lowery responding "I consider this a threat.").

Lowery does not allege in his Complaint that Hartzell took any action to threaten Lowery; indeed, Hartzell is not even a Defendant.[3] Lowery mentions Hartzell several times in the complaint, but only to note that Lowery has criticized him over the University's perceived stance on topics like

---

[3] Lowery alleges that Titman told Carvalho that "President Hartzell is upset about Lowery's political advocacy." Dkt. 1 (Complaint) ¶36. But he never connects this allegation to later events.

critical race theory, affirmative action, and DEI, and the history of the Liberty (later Civitas) Institute *Id.* ¶¶9, 18, 20–24.

The depositions also show that these requests have nothing to do with Defendants or the complaint. Burris's deposition was uneventful. *Contra* Dkt. 83 (Lowery's Resp. to Motion to Quash) at 1. Burris testified that he is unaware that President Hartzell has ever sought favors for a family member or friend seeking admission to or employment with UT Austin. Dkt. 83-4 at 246:5–8. Rather the depositions reveal that Lowery's counsel was fishing for the purpose of investigating unalleged theories and opinions. Dkt. 83-4 (Burris Depo.) at 248:22–23 ("Q. I'm just in the process of investigating these facts and allegations . . . ."); *see* Ex. B (Draft Amended Complaint); Ex. C (Email Sending Draft Complaint).

During the meet-and-confer, Lowery's counsel admitted that the fifth set of discovery requests are based on the amended complaint that he plans to seek leave to file. The yet-filed amended complaint cannot be the basis of the discovery requests. *See*, *infra* Part II. And because the live complaint has no allegations relating to the discovery or otherwise showing how it is relevant to Lowery's claims, the live complaint also cannot be the basis of the discovery requests. *Chung*, 321 F.R.D. at 280 ("Parties . . . have no entitlement to discovery to develop new claims or defenses that are *not already identified in the pleadings*.") (quote omitted, emphasis added). The Court should enter a protective order from the requests for production and deposition questions, including the Mills deposition, to the Defendants on this topic.

**II. The discovery about President Hartzell's son is, on Plaintiff's own justification, premature because it pertains to claims in an amended complaint that Lowery has not yet requested or received leave to file.**

Lowery's justification for his discovery regarding President Hartzell's son is that it will be relevant when Lowery adds President Hartzell as a defendant. "But [Lowery] has the matter backwards—by seeking discovery on these issues prior to pleading them, he would force [Defendants] to produce documents and discovery responses while robbing [them] of the ability to seek an early disposition of the viability of the [claims] through an opposition to his motion to amend or a motion

to dismiss or to strike." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280–81 (N.D. Tex. 2017) (cited by Lowery in Dkt. 64). Nor can he hang the request on the hope that he discovers information, so that he can amend his complaint later. Rather, "[t]he role of discovery . . . is to find support for properly pleaded claims, not to find the claims themselves." *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009). That makes these requests premature.

In sum, an amended complaint that Lowery has not received leave to file is not a proper basis of discovery.

## PRAYER

For these reasons, the Court should enter an order protecting Defendants from Lowery's requests for production 19, 20, 22–25, and 27, and barring his counsel from asking any deponent, including Dean Mills, questions about the topic of those requests or other questions that are not reasonably calculated to lead to admissible evidence about his pleaded claim.

        Respectfully submitted,

        JACKSON WALKER LLP

By: */s/ Joel R. Glover*
     Charles L. Babcock
     Texas State Bar No. 01479500
     cbabcock@jw.com
     Joel R. Glover
     Texas State Bar No. 24087593
     jglover@jw.com
     Javier Gonzalez
     Texas State Bar No. 24119697
     jgonzalez@jw.com
     1401 McKinney Street, Suite 1900
     Houston, Texas 77010
     (713) 752-4200 – Phone
     (713) 752-4221 – Fax

     Matt Dow
     Texas State Bar No. 06066500
     mdow@jw.com
     Adam W. Aston
     Texas State Bar No. 24045423
     aaston@jw.com
     100 Congress Ave., Suite 1100
     (512) 236-2056 – Phone
     (512) 691-4456 – Fax

     ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 19 and 22, 2024, I conferred with Plaintiff's counsel who noted they were opposed.

/s/ *Joel R. Glover*
Joel R. Glover

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

/s/ *Joel R. Glover*
Joel R. Glover