# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>　　*Plaintiff*,<br><br>v.<br><br>LILLIAN MILLS, et al.,<br><br>　　*Defendants*. | Case No. 1:23-cv-00129-LY |

Plaintiff's Fifth Set of Requests for Production to Defendants

**TO:**　　All Defendants;

**AND TO:**　Joel Glover and all defense counsel;

In accordance with Rules 26, 33, and 34, please answer the following interrogatories and requests for production. These discovery requests are subject to a duty to supplement under Rule 26(e). Please list on a privilege log all items withheld on a claim of privilege or provide equivalent descriptive information in another format.

**DEFINITIONS**

In answering these interrogatories and requests for production, in addition to those set forth in CV 26, the following instructions and definitions apply:

1. "Complaint" refers to Plaintiffs' Complaint filed in this matter.

1

2. "Defendant" or "Defendants" means the official capacity defendants specifically named in this lawsuit, including also the University of Texas-Austin as their employer.

3. "Documents" is to be construed broadly under Rule 34 and includes both hard copies and electronically stored information (including emails, ephemeral communications, and word processing files) and includes all unique versions of a document but does not include exact duplicates. A document containing tracked changes, comments, notes, or marginalia is not an exact duplicate but instead is a unique document subject to production. For email strings, you may produce the most-inclusive string only, so long as no unique branches are omitted. For ephemeral communications not stored on UT servers, you may produce authenticated screenshots or similar records.

4. "Ephemeral communication" refers to a secure written communication between one or more persons that are generally considered dynamic, nonstatic, and potentially lasting a short time, including messages sent via text messaging, SMS, iMessage, Signal, WhatsApp, Facebook Messenger, or similar applications. Ephemeral communications include messages sent and received on privately owned smart phones and other devices under the control of any Defendant, if the messages relate to the subject matter of this lawsuit.

5. "UT" means the University of Texas-Austin.

6. "UT IT asset" means any UT-owned or controlled computer, smartphone, tablet, server, cloud storage, or similar device that is used to store or send electronic communications or files.

7. "Plaintiff" means Richard Lowery

8. "Third Party" or "Third Parties" mean(s) any person or organization who is neither a Plaintiff, a Defendant, nor a speaking agent for UT, including, without

limitation, any elected official who is not on the UT board, any UT faculty member, an employee of another university, a community group, a political party, state-government officials, or any representative or speaking agent for such an organization. This definition does not include UT administrators such as deans, assistant deans, executive directors, university leaders, UT's president, or vice presidents.

Any other words used in this document are defined according to common sense and standard American usage, as shown in a dictionary of the English language.

## FORMAT OF PRODUCTION

Unless you expect to produce more than 1,000 documents in response to any set of requests, please produce all documents in a text-searchable PDF format as one file or a limited number of combined PDF files, organized in a reasonable way, in order to facilitate review. For example, producing files by custodian or by topic would both be reasonable. Excel files, if applicable, should be produced in native format. You may produce screenshots of responsive ephemeral communications. Documents and word-processing files containing tracked changes should be produced in such a way as to show any comments or tracked changes.

Please deduplicate documents and produce only the most-inclusive emails strings, whenever feasible. Other than maintaining searchability, access to tracked changes and comments, we are not requesting metadata. In the event there is evidence of spoliation or a witness claims not to have received or read a communication, we may request discrete production of metadata for those associated files.

In the event that you anticipate producing more the 1,000 documents (after deduplication) we request that you confer with us about format of production. We

reserve the right to request native files and load files, in order to facilitate the review of large productions.

## REQUESTS AND INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 19:** Please produce all email communications sent from November 1, 2020 to March 1, 2021 by Jay Hartzell to Carlos Carvalho on UT email, forwarding, referencing, or attaching the curriculum vita or resume or comparable documentation for any member of Jay Hartzell's immediate family, including his son Robert Hartzell.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all email communications sent from November 1, 2020 to March 1, 2021 by Jay Hartzell to any other UT employee on UT email, forwarding, referencing, or attaching the curriculum vita or resume or comparable documentation for any member of Jay Hartzell's immediate family, including his son Robert Hartzell, or in any way suggesting that his son should receive special handling when applying for admission to a graduate program at UT.

**REQUEST FOR PRODUCTION NO. 21:** Please produce a copy of all policies, regulations, guidelines, or training materials presented or in effect from November 1, 2020 to the present concerning nepotism or conflicts of interest in hiring or admissions at UT, including for graduate programs.

**REQUEST FOR PRODUCTION NO. 22:** Please produce any documents reporting a nepotistic relationship between Jay Hartzell and any child of his, including Robert Hartzell, who is or was receiving a stipend, is or was employed by UT, or matriculated in a graduate program at UT between November 1, 2020, to the present, or any document sufficient to comply with the requirement set forth in UT's Handbook of Operating Procedures 5-1260 that: "Pursuant to the Regents' Rules and Regulations Rule 30106, The University of Texas at Austin shall

4

annually report all nepotistic relationships to The University of Texas System" or any similar standard regarding nepotism in admissions to UT.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any documents evidencing any processes or procedures that were put into place to prevent Jay Hartzell or personnel reporting to Jay Hartzell from influencing the admission, placement, matriculation, employment, or graduation of a child of Jay Hartzell's, including Robert Hartzell, into or from a graduate program or any position at UT from November 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 24:** Please produce any emails sent by Carlos Carvalho on UT's email system forwarding any email or email attachment from Jay Hartzell about one of Hartzell's children, Robert Hartzell, who was applying, had applied, or intended to apply to a graduate program at UT, sent between November 1, 2020 to March 1, 2021.

**REQUEST FOR PRODUCTION NO. 25:** Please produce any emails sent or received by UT employees Greg Salmieri or Tara Smith between November 1, 2020 and September 1, 2021, informing any other UT employee that Jay Hartzell's son, Robert Hartzell, had applied or intended to apply to a graduate program at UT, flagging his application for special handling, or in any way suggesting that it should be given extra attention because of the familial relationship.

**REQUEST FOR PRODUCTION NO. 26:** Please produce a copy of all training materials, including hand-outs and PowerPoint slides, for any workplace training conducted for administrators or staff at UT that in any way reference the terms "white privilege" or "unearned privilege" that were presented from April 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any UT emails, personal emails, text messages, or ephemeral messages sent or received by Nancy

Brazzil between November 1, 2020 to March 1, 2021, concerning any child of Jay Hartzell's who was seeking admission to a graduate program at UT or any other position at UT, including his son Robert Hartzell.

Requests and interrogatories dated January 15, 2024

>  *s/Endel Kolde*
>  Endel Kolde
>  INSTITUTE FOR FREE SPEECH
>  1150 Connecticut Ave., NW,
>  Suite 801
>  Washington, DC  20036
>  202-301-3300
>  dkolde@ifs.org
>
>  *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on defense counsel via email today.

Executed under penalty of perjury on January 15, 2024.

          *s/Endel Kolde*