UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD LOWERY,

      *Plaintiff*,

v.

LILLIAN MILLS, *et al.* ,

      *Defendants*.

Case No. 1:23-cv-00129-DAE

**PLAINTIFF'S MOTION TO COMPEL
RE: SEARCH AND PRODUCTION OF ALMAZAN AND ALTI'S COMMUNICATIONS
IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION NO. 18**

## RULE CV-7(G) STATEMENT

Plaintiff conferred with counsel for Defendants on January 19 and January 26, 2024, who indicated that this motion to compel would be opposed.

## INTRODUCTION

The University of Texas (UT) continues to operate on the belief that it can refuse to participate in aspects of the discovery process that it dislikes. In its latest episode of discovery defiance, UT refuses to conduct a search and production of responsive documents in the possession of one of its administrators, Andres Almazan and professor, Aydogan Alti.

Plaintiff served a proper discovery request, based on a document disclosed in UT's first production, showing that Almazan and Alit were discussing one of Lowery's articles on August 8, 2022. But UT objects to conducting a basic search and production because it believes it need not do so unless the custodian is named in the Complaint or alleged to have engaged in wrongdoing.

There is no basis in law for such a position. And this Court should not reward obstructionist efforts by denying the party being obstructed – Lowery – from obtaining properly requested discovery that is relevant to his claim.

This Court should compel UT to conduct a search of Almazan and Alti's professional and personal IT assets and accounts for communications related to Lowery's speech, and produce, without delay, all relevant, non-privileged documents. At a minimum, UT should be compelled to ask Almazan and Alti to search their personal accounts and devices and UT should search their work accounts.

## FACTS

The essential facts of this case are by now known to the Court and were recently covered in pending motions before the Court. Dkt. 60 at 4-7; Dkt. 68 at 5-7; *see also*

1

Dkt. 1. In the interest of brevity, Lowery will only review the facts specifically relevant to this motion.

In his first set of requests for production, Lowery requested communications between Defendants and other UT personnel regarding his speech. In response, Defendants produced an August 8, 2022 (just a few days before UT began trying to silence Lowery) email from Andres Almazan to Aydogan Alti and former defendant Sheridan Titman. Kolde Dec. ¶ 2. Dkt. 79-2. In the email, Almazan provided links to one of Lowery's articles that was critical of Jay Hartzell (and a second article not authored by Lowery) stating these were "the articles [he] referred to" at some unspecified prior time (but sometime between the earliest date of the articles, July 1, 2022, and the date of the email August 8, 2022). *Id.*

Almazan is a professor of finance and director of the Canfield Business Honors Program for The University of Texas at Austin's McCombs School of Business. Alti is an associate professor of finance at the McCombs School of Business. Lowery has reason to believe Almazan and Alti have a friendly relationship with Jay Hartzell that was likely developed at the time Hartzell was Dean of the McCombs School.

This was the first time the Lowery had learned that Almazan or Alti were involved in conversations regarding his speech. In response, and as the discovery process is designed to allow, Lowery followed up on the newly learned information by issuing another request for production on December 11, 2023:

### OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 18:**   Please produce all written communications, including emails or ephemeral messages, concerning Richard Lowery or his speech, sent or received by Kelly Kamm, Andres Almazan, or Alti Aydogan, between June 1, 2022 and September 1, 2022. This request includes communications stored on privately owned devices or email accounts.

Instead of providing the requested documents as to Almazan or Alti, Defendants objected and requested a "meet and confer."

**OBJECTION:**   Defendants object to this request because the term "ephemeral messages" is vague and ambiguous, even as defined. Defendants further object to this request because a request for "all written communications . . . concerning Richard Lowery" is overbroad, not relevant to any claim or defense, and is not proportional to the needs of the case, making it beyond the scope of discovery. Defendants further object to this request because Kelly Kamm, Andres Almazan, and Alti Aydogan are not named defendants in this suit, nor have there been any allegation by Plaintiff of any wrongdoing by them, and as such, the requested documents are irrelevant to the facts and legal issues in this case.

**RESPONSE:**   Subject to these objections, see Defendants' produced documents as to non-party Kelly Kamm. Defendants are willing to meet and confer on the request as it relates to non-parties Andres Almazan and Alti Aydogan.

Kolde Dec. ¶¶ 2-3; Exhibit A.

Plaintiff's counsel repeatedly attempted to confer with defense counsel and obtain an agreement to search Almazan and Alti's professional and personal communication devices. Kolde Dec. ¶ 5. On January 19, 2024, defense counsel initially told Plaintiff's counsel they didn't understand Almazan and Alti's role in the case, asked for time to confer with UT's in-house counsel, and then asked to re-confer on Jan. 26. *Id.*

Plaintiff's counsel followed up on January 26, 2024. Kolde Dec. ¶ 6. At that time, defense counsel stated UT would be standing by its objections as to Almazan and Alti's communications. *Id.* They also stated that Almazan and Alti disputed Lowery's position that they disliked Lowery and would have motivation to work with Defendants and Jay Hartzell to silence Lowery's speech. Plaintiff's counsel asked whether, at the very least, UT had performed a targeted search of Almazan and Alti's UT emails. *Id.* Defense counsel stated it had not, and that it would not perform a search based on Plaintiff's speculation that Almazan and Alti were involved in the matters giving rise to this case. *Id.* Defense counsel did not represent that such a search would be burdensome to UT or that Almazan and Alti never communicated with Defendants, Jay Hartzell or Nancy Brazzil regarding Lowery's speech. *Id.*

## ARGUMENT

UT should be compelled to search for, and produce, relevant documents contained in Almazan and Alti's professional and personal devices and accounts. UT believes it has no obligation to comply with Plaintiff's request for these documents on the basis that Almazan and Alti are "not named defendants" in Lowery's Complaint and have not been alleged to have committed "any wrongdoing." According to UT, this makes any documents that Almazan and Alti may have that are responsive to Lowery's request "irrelevant." But Lowery seeks only communications about him or his speech, during a three-month period leading up to the key events at issue in this case. Ex. A. And since Almazan and Alti are

connected to Jay Hartzell, it is plausible that he or an intermediary asked one or both of them to play a role in the campaign to silence Lowery. At the least, Lowery should be allowed to use discovery to find out if they were involved.

UT misunderstands, purposefully or not, what qualifies as "relevant" under the Federal Rules. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See also LULAC v. Abbott,* 2022 U.S. Dist. LEXIS 150422, at *6-7 (W.D. Tex. Aug. 22, 2022) (citations omitted). "Once the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Medina v. Schnatter*, No. 1-22-CV-498-LY, 2022 U.S. Dist. LEXIS 106547, at *3 (W.D. Tex. June 15, 2022) (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)).

Lowery's request is self-evidently relevant to his claims because he has asserted that he was subject to a pressure campaign related to his speech publicly criticizing UT and its leaders. Lowery's RFP No. 18 asks only for communications about him or his speech for a three-month period leading up to the campaign to pressure Lowery over this speech in mid-August 2022, and his related decision to self-censor in late August 2022. Moreover, there is already evidence that Almazan was talking about Lowery's speech on or about August 8, 2022, only a few days before the pressure

campaign began in earnest, on August 12, and the day before a member of Jay Hartzell's office forwarded an anonymous email complaint against Lowery to Defendants Burris and Mills. Dkt. 79-2 (Aug. 8 Almazan email about Lowery's speech); Dkt. 69-3 (Aug. 9 email from UT Chief Compliance Officer to Mills and Burris about Lowery's speech); Dkt. 83-3 (Mills's Aug. 12 meeting notes detailing expectations re Lowery's speech).

Why were all these people suddenly communicating with Lowery's supervisors about his speech? Does UT really submit it was only a coincidence that in the August 8-12 timeframe a number of individuals having some link to Jay Hartzell were discussing Lowery's published opinions? It is reasonable for Lowery to follow-up on that disclosure by asking whether he and Almazan's conversation partner (Alti) had other communications about Lowery and his speech. That UT is unwilling to even look suggests that UT fears what it might find.

It is possible that Almazan and Alti possess further, similar evidence, which could establish that Defendants were at least partially motivated to silence Lowery's speech due to pressure from dissenting colleagues, like Almazan and Alti, who disliked Lowery, or that they were acting on behalf of others. Lowery need not name Almazan or Alti as defendants, or formally accuse them of wrongdoing, for documents in their possession to be relevant to his claims in this suit. Especially if they acted on behalf of Jay Hartzell or someone connected to Hartzell or another one of Lowery's critics.

Plaintiff only became aware of Almazan and Alti's possible involvement in the suppression of his speech through the discovery process. Lowery first learned that Almazan emailed Titman and Alti about Lowery's public criticism of Hartzell on August 8, 2022 (just before UT began trying to silence Lowery), once UT produced documents in late October. *See* Kolde Dec. ¶ 2; Dkt. 79-2.

Lowery has promptly followed up on the discovered information, attempting to discern whether Almazan or Alti has contributed to or received any other documentation that evidences Defendants' desire to suppress Lowery's speech. Thus far, Lowery has already been able to confirm with Defendant Titman that Almazan and Alti's views diverge from Lowery's, that neither like Lowery, and that they are "colleagues" of Jay Hartzell. *See* Exhibit B (Sheridan Titman Dep. at 74:20-75:17; 75:6-20; 76:10-23; 93:13-94:20). Both Alamazan and Alti have spoken with at least one former defendant in this case about Lowery's speech (Dkt. 79-2). These facts make Almazan and Alti's communications relevant and negate the legitimacy of UT's refusal to perform even the most routine searches into relevant documents they may possess. At a minimum, UT should search their work email and ask them to search their personal accounts and text-messages for responsive communications.

And, to be sure, there is no reason to believe the search would be anything other than routine. The University of Texas, one of the wealthiest universities on the planet, will not be financially strapped by responding to a narrow request for communications about Lowery from a UT administrator and a UT professor during a short, three-month window. An hour or less of electronic searching through email

and mobile accounts, should suffice. *See* Dkt. 64 at 4. If UT has nothing to hide, why does it refuse to simply do that? The more UT refuses to fulfill its discovery obligations (*see* Dkts. 60, 68, 69, 71, 77, 83 (discussing other obstructionist efforts)), the more its reasons for doing so should be apparent.

CONCLUSION

UT should not be rewarded for refusing to engage in fundamental aspects of the discovery process. The Court should compel UT to conduct a search of Almazan and Alti's professional and personal devices and accounts and produce all documents relevant to Lowery's claims in this lawsuit pursuant to Federal Rule of Civil Procedure 26(b)(1).


Respectfully submitted.                     Dated: January 30, 2024

   *s/Endel Kolde*                              *s/Michael E. Lovins*
Endel Kolde                                  Michael E. Lovins
Washington Bar No. 25155                     Texas Bar No. 24032555
Courtney Corbello                            LOVINS | TROSLCAIR, PLLC
Texas Bar No. 24097533                       1301 S. Cap. Of Texas
Nathan J. Ristuccia                          Building A Suite 136
Virginia Bar No. 98372                       Austin, Texas 78746
INSTITUTE FOR FREE SPEECH                    Tel: (512) 535-1649
1150 Connecticut Ave., NW, Ste 801           Fax: (214) 972-1047
Washington, D.C. 20036                       michael@lovinslaw.com
Tel: (202) 301-1664
Fax: (202) 301-3399
dkolde@ifs.org
ccorbello@ifs.org

*Counsel for Richard Lowery*