UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-00129-DAE |
| § | |
| LILLIAN MILLS, in her official capacity § | |
| as Dean of the McCombs School of Business § | |
| at the University of Texas at Austin; ETHAN § | |
| BURRIS, in his official capacity as Senior As- § | |
| sociate Dean for Academic Affairs of the § | |
| McCombs School of Business at the Univer- § | |
| sity of Texas-Austin; and CLEMENS § | |
| SIALM, in his official capacity as Finance De- § | |
| partment Chair for the McCombs School of § | |
| Business at the University of Texas-Austin, § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' OPPOSED SUPPLEMENTAL MOTION TO COMPEL PRIVILEGE LOG AND DISCOVERY RESPONSES

Defendants supplement their motion to compel to include a second privilege log that has the same deficient entries as the first. *See* Dkt. 62 (Motion to Compel Privilege Log) at 4–6; *see also* Dkt. 67 (Reply) at 5. Defendants have conferred with Lowery, as required by Local Rule 7(g), and he is opposed to this motion because he maintains his "objective" privilege logs suffices.

### INTRODUCTION

Lowery's second privilege log has the same deficiencies as the first privilege log, which is the subject of a pending motion to compel. *See generally* Dkt. 62 (Motion to Compel Privilege Log) at 4–6; *see also* Dkt. 67 (Reply) at 5. Like the first log, rather than explain the basis of the privilege, Lowery relies on "objective" metadata like the to, from, and subject-line fields as his only basis for asserting privilege. *See* Ex. G (Second Privilege Log);[1] *see also* Dkt. 64 (Lowery Resp.) at 9. Those fields provide enough information for some entries, such as an email from Lowery's retained counsel to his other

---

[1] A native copy of the spreadsheet is also being mailed to the court via a thumbdrive.

retained counsel ostensibly collecting emails from an outside attorney. *See, e.g.*, Ex. G (Second Privilege Log). But there remain inscrutable entries with subject lines such as "Re: FYI" and "Contact Info and Thanks" between outside attorneys. *See, e.g.*, *id.* What's more, some entries are emails not from Lowery's attorneys but from other attorneys—such as a non-party witness's attorney, Andrei Popovici. *See id.* Though the work-product doctrine may cover communications *to* third-parties in certain instances because they contain counsel's mental impressions, neither Lowery's privilege log nor his discovery show that the work-product doctrine protects the emails from a non-party's attorney here. *See* Ex. G (Second Privilege Log); Ex. H (Discovery Response). The second privilege log's lack of information prevents Defendants and the Court from "testing the merits of the privilege claim," specifically whether each email contains Lowery's lawyers' mental impressions in preparation for litigation. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 695, 697 (5th Cir. 2017); *see also Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). Accordingly, Defendants request a supplemented privilege log that complies with the Rules of Civil Procedure so that they may understand the basis for each asserted privilege.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged" the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A privilege log is required when a party asserts the attorney-client privilege or work-product doctrine allows withholding materials. *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005) (explaining Rule 26(b)(5) "employs the mandatory term, 'shall,' requiring that the responding party prepare a privilege log where a privilege is asserted"). The party asserting the privilege bears the initial burden of proving a factual basis establishing the applicability of the privilege. *See Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978)). The test for assessing the adequacy

of a privilege log is whether the privilege log's description of each document and its contents "provide sufficient information to permit courts and other parties to test the merits of the privilege claim." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017). "[C]ursory descriptions are not sufficient to support a claim of privilege . . . ." *Zelaya v. H&F Transportation, Inc.*, No. CV SA-16-CA-450-PM, 2016 WL 11583012, at *4 (W.D. Tex. Oct. 28, 2016).

Lowery invokes the work-product doctrine in his second privilege log. *See* Ex. G (Second Privilege Log). The doctrine, codified as Rule 26(b)(3), protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . ." This rule covers "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and other work done by the lawyer in preparation of h[is] client's litigation." *Zelaya*, 2016 WL 11583012, at *4 (citing *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). The privilege is not absolute. The Rule has an exception for when the information is otherwise discoverable, there is a substantial need for the materials, and the seeking party cannot, without undue hardship, obtain the substantially equivalent information. *See id* (citing Fed. R. Civ. P. 26(b)(3)). And "the work-product doctrine protects only the attorney's work product and not the underlying facts." *Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) (original quotes and brackets omitted). And the work product must be "prepared by the attorney or by agents of the attorney." *Id.* at 349.

I. **Lowery's privilege log does not meet Rule 26's standard because ambiguous subject lines plus "to" and "from" fields do not give enough information to test the privilege.**

Like his first privilege log, Lowery's second log does not provide enough information to test his privilege claims. Lowery relies on "objective" metadata like the "to," "from," and subject fields to communicate the basis for the privilege. *See* Ex. G (Second Privilege Log); *see also* Dkt. 64 (Lowery Resp.) at 9. But subject fields such as "Re: FYI" and "Contact Info and Thanks" for emails with outside attorneys are at best "cursory," if not all together uninformative. *See* Ex. G (Second Privilege Log); *see also Zelaya*, 2016 WL 11583012, at 4.

Take the "Re: FYI" email thread. The "FYI" emails are primarily from someone named Louis Bonham, who Lowery describes as an "[o]utside attorney[] consulted by counsel," with a few emails

from Plaintiff's retained counsel. *See* Ex. G (Second Privilege Log). Ostensibly, this subject line means "for your information," but because it is also apparently a reply, there is no way to determine for whom the information is intended. And there is no way to understand if that information is Lowery's counsel's work or underlying facts not protected by the privilege. *See Adams*, 973 F.3d at 350. And the seven earliest emails with that subject line on the log are from Bonham, not Lowery's retained counsel. From the log it is not apparent whether the mental impressions that are conveyed in the email are those of Lowery's retained counsel, or some other attorney's. *Id.* at 349 (work product doctrine protects materials "prepared by the attorney or agents of the attorney"). Even if there *could* be explanations for why this somehow reflects Lowery's counsel's work product, Lowery's log does not provide them.

Another category of entries worth scrutiny is the set of emails from a non-party witness's attorney to Lowery's attorneys. See Ex. G (Second Privilege Log). The non-party is Lowery's close colleague and confidant Carlos Carvalho, who is represented by attorney Andrei Popovici. Popovici is neither Lowery's attorney nor Lowery's attorney's agent, so his work and correspondence is not Lowery's or his attorney's work product to protect. *See Adams*, 973 F.3d at 349 (work product doctrine protects materials "prepared by the attorney or agents of the attorney"). And the subject lines "Representing a witness," "Re: Carlos Carvalho contact info," and "RE: Carvalho deposition scheduling **Litigation Work Product**"[2] do not shed light on how Lowery's attorney's work product is implicated in the emails *from* Popovici, a non-party witness's lawyer. *See* Ex. G (Second Privilege Log).

It is Lowery's burden to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). And Lowery also carries the initial burden of proving a factual basis establishing the applicability of the privilege. *See Stoffels*, 263 F.R.D. at 411. It is not Defendants' burden to imagine the universe of potential justifications for Lowery's withholding of responsive documents and accept them without

---

[2] Just as cursory explanations are not enough to obtain protection of the privilege, conclusory labels are also insufficient. *Cf. EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017) ("[C]ourts have stated that simply describing a lawyer's advice as "legal," without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege.").

confirmation. The second privilege log—and Lowery's justifications for the communications described in it and the first privilege log—mixes up that burden and confuses the law. Accordingly, Defendants request the Court to compel a supplemental privilege log that allows Defendants and, if necessary the Court, to assess all of the privileges asserted by Lowery.

* * *

A party's delay or outright failure to provide a privilege log may result in the waiver of some or all privilege claims. *See* Fed. R. Civ. P. 26(b)(5); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005); *U.S. v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003); *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.12 (5th Cir. 1999). But Defendants are not seeking that remedy at this time. Rather, Defendants merely want a complete privilege log followed by a good-faith meet-and-confer, which would hopefully resolve further issues once Defendants have the ability to assess Lowery's privilege claims.

As a result of Lowery's refusal to provide a detailed privilege log as required by the Rules, Defendants have incurred attorney's fees and expenses in bringing this Motion. Under Federal Rule of Civil Procedure 37(a)(5), Defendants are entitled to recover such fees and expenses from Plaintiff in addition to the relief requested herein, and reserve their right to request them if, after a motion to compel, Plaintiff fails to produce a compliant privilege log.

## CONCLUSION

Because the second privilege log—like the first one—does not permit Defendants or the Court to test the merits of the privilege claims, this Court should compel a supplemented privilege log.

        Respectfully submitted,

        JACKSON WALKER L.L.P.

By:  */s/ Matt Dow*
     Charles L. Babcock
     Texas State Bar No. 01479500
     cbabcock@jw.com
     Joel R. Glover
     Texas State Bar No. 24087593
     jglover@jw.com
     Javier Gonzalez
     Texas State Bar No. 24119697
     jgonzalez@jw.com
     1401 McKinney Street, Suite 1900
     Houston, Texas 77010
     (713) 752-4200 – Phone
     (713) 752-4221 – Fax

     Matt Dow
     Texas State Bar No. 06066500
     mdow@jw.com
     Adam W. Aston
     Texas State Bar No. 24045423
     aaston@jw.com
     100 Congress Ave., Suite 1100
     Austin, Texas 78701
     (512) 236-2056 – Phone
     (512) 691-4456 – Fax

     ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 1, 2023, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

           */s/ Matt Dow*
           Matt Dow