# Exhibit H

Discovery Response

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Case No. 1:23-CV-00129-LY |
| | § | |
| LILLIAN MILLS, in her official capacity | § | |
| as Dean of the McCombs School of | § | |
| Business at the University of Texas at | § | |
| Austin; ETHAN BURRIS, in his official | § | |
| capacity as Senior Associate Dean for | § | |
| Academic Affairs of the McCombs School | § | |
| of Business at the University of Texas- | § | |
| Austin; and CLEMENS SIALM, in his | § | |
| official capacity as Finance Department | § | |
| Chair for the McCombs School of | § | |
| Business at the University of Texas- | § | |
| Austin, | § | |
| | § | |
| DEFENDANTS. | § | |

LOWERY'S RESPONSES TO
DEFENDANTS' SECOND REQUESTS FOR PRODUCTION

In accordance with Fed. R. Civ. P. 26 and 34, Plaintiff sets forth his objections and responses to Defendants' Second Requests for Production. Plaintiff's responses are set in bold font. Plaintiff is also producing responsive documents in a text-searchable PDF format. Those documents are available for download from a non-public SharePoint folder, the link to which is being separately transmitted to defense counsel. The production consists of one combined PDF file, bearing Bates numbers RL004845—RL4909. A work-product privilege log of communications with outside attorneys is also being produced as an Excel file.

**Request for Production No. 40.** Produce your fee agreement and engagement letter with the Institute for Free Speech.

**RESPONSE: Plaintiff objects to this request based on relevance, the attorney-client privilege, and the work-product doctrine. Without waiving those objections, please see the copies of signed fee agreement that are being produced, with legal advice redacted.**

**Request for Production No. 41.** Produce any documents related to your fee agreement or engagement letter with the Institute for Free Speech. To the extent any privileged documents exist, please produce a privilege log.

**RESPONSE: Plaintiff objects to this request based on relevance, disproportionality, the**

attorney-client privilege, and the work-product doctrine. Without waiving these objections, written communications with Lowery concerning his engagement letter were listed on the privilege log previously produced.

**Request for Production No. 42.** Produce any communications related to your fee agreement or engagement letter with the Institute for Free Speech. To the extent any privileged documents exist, please produce a privilege log.

**RESPONSE: Please see the preceding objections and response.**

**Request for Production No. 43.** Produce your fee agreement and engagement letter with Lovins | Trosclair, PLLC.

**RESPONSE: No such document exists because Mr. Lovins did not execute a separate engagement with Richard Lowery.**

**Request for Production No. 44.** Produce any documents related to your fee agreement or engagement letter with Lovins | Trosclair, PLLC. To the extent any privileged documents exist, please produce a privilege log.

**RESPONSE: Not applicable. Please see the preceding response.**

**Request for Production No. 45.** Produce any communications related to your fee agreement or engagement letter with Lovins | Trosclair, PLLC. To the extent any privileged documents exist, please produce a privilege log.

**RESPONSE: Not applicable. Please see the preceding response.**

**Request for Production No. 46.** Produce any communications with any third party, either from you or your counsel, regarding Defendant Lillian Mills from February 7, 2020 to present.

**RESPONSE: Lowery objects to this request because it is vague, overly broad, disproportionate, unduly burdensome, and seeking communications protected by the attorney-client privilege and work-product doctrine. Without waiving these objections, please see the documents previously produced and the new documents produced concerning communications with journalists.**
**Lowery's counsel has also communicated with attorneys Louis Bonham, Brent Perry, Peter McCabe, and Andrei Popovichi for the purposes of gathering information that would be helpful for this litigation and planning litigation strategy, so Lowery is asserting work-product protection for those communications. "Work an attorney undertakes to assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy is reflected in interviews, statements, and correspondence such that these materials may aptly be termed work product of the lawyer."** ***Booth v. Galveston Cnty.***, **No. 3:18-CV-00104, 2018 U.S. Dist. LEXIS 181063, at \*10 (S.D. Tex. Oct. 10, 2018) (citing** ***Hickman v. Taylor***, **329 U.S. 495, 511 (1947)) (cleaned up);** ***see also In re Grand Jury Proceedings***, **43 F.3d 966, 970 (5th Cir. 1994) ("the test for whether a third party communication is privileged by the work product doctrine is whether the information recorded by the attorney is obtained or prepared by an adversary's counsel with an eye**

toward litigation.") (internal quotation omitted); *Zelaya v. H&F Transp., Inc.*, No. SA-16-CA-450-PM, 2016 U.S. Dist. LEXIS 196119, at *7 (W.D. Tex. Oct. 28, 2016) ("Work product includes interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and other work done by the lawyer in preparation of her client's litigation.") (cleaned up).

The communications (with the exception of McCabe) are listed on an objective privilege log produced with these responses. The single email thread with attorney McCabe has been redacted and produced separately. The attachments to all work-product emails are not privileged, but consist mostly of filings in this case. If defense counsel require additional copies of those filings, please advise and we can supply them, but they are already in your possession.

**Request for Production No. 47.** Produce any communications with any third party, either from you or your counsel, regarding Defendant Ethan Burris from February 7, 2020 to present.

**RESPONSE: Please see the preceding response.**

**Request for Production No. 48.** Produce any communications with any third party, either from you or your counsel, regarding Defendant Sheridan Titman from February 7, 2020 to present.

**RESPONSE: Please see the response to RFP No. 46.**

**Request for Production No. 49.** Produce any communications with any third party, either from you or your counsel, regarding Plaintiff Richard Lowery from February 7, 2020 to present.

RESPONSE: **Please see the response to RFP No. 46.**

**Request for Production No. 50.** Produce any communications with any third party, either from you or your counsel, regarding UT President Jay Hartzell from February 7, 2020 to present.

**RESPONSE: Please see the response to RFP No. 46.**

**Request for Production No. 51.** Produce any communications with any third party, either from you or your counsel, regarding this Lawsuit.

**RESPONSE: Please see the response to RFP No. 46.**

**Request for Production No. 52.** Produce any communications with any third party, either from you or your counsel, regarding the allegations which make the basis of this Lawsuit.

**RESPONSE: Please see the response to RFP No. 46.**

**Request for Production No. 53.** Produce any documents and communications related to payment of legal fees on your behalf to the Institute for Free Speech.

**RESPONSE: Lowery objects to this interrogatory as vague and assuming facts not in evidence. To the extent this RFP implies that some third party is paying IFS to represent Lowery, that is not the case. IFS is representing Lowery on a pro bono basis. Please see the Engagement Letter that has been produced.**

**Request for Production No. 54.**     Produce any documents and communications related to payment of legal fees on your behalf to Lovins | Trosclair, PLLC.


**RESPONSE: Lowery objects to this interrogatory as vague and assuming facts not in evidence. To the extent this RFP implies that some third party is paying Michael Lovins to represent Lowery, that is not the case. Lovins is representing Lowery on a pro bono basis.**


Responses Dated: January 22, 2024

The undersigned counsel certifies that these responses and objections comply with Fed. R. Civ. P. 26(g).


   *s/Endel Kolde*
Endel Kolde
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW Suite 801
Washington, D.C. 20036
(202) 301-1664
dkolde@ifs.org