UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-00129-DAE |
| § | |
| LILLIAN MILLS, in her official capacity § | |
| as Dean of the McCombs School of Business § | |
| at the University of Texas at Austin; ETHAN § | |
| BURRIS, in his official capacity as Senior As- § | |
| sociate Dean for Academic Affairs of the § | |
| McCombs School of Business at the Univer- § | |
| sity of Texas-Austin; and CLEMENS § | |
| SIALM, in his official capacity as Finance De- § | |
| partment Chair for the McCombs School of § | |
| Business at the University of Texas-Austin, § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
MILLS DEPOSITION AND PAYMENT OF EXPENSES**

Defendants respond to Plaintiff's Motion to Compel the Deposition of Defendant Lillian Mills and for Payment of Expenses for Her Non-Appearance (Dkt. 89).

**ARGUMENT**

**I. The Parties agreed, before Lowery filed the Motion to Compel, to set Mills's deposition for February 16, so there is nothing to compel.**

On January 30, Lowery asked the Court to compel the Mills deposition between February 14 and 17. Dkt. 89 (Motion) at 6. This motion was unnecessary because before the motion compel was filed, the parties had already confirmed that Mills's deposition would take place on February 16. Ex. 1 (Dow 1/29/24 Email) (committing to Mills deposition on February 16); *see also* Dkt. 89-5 (Mills Depo) at 7:22–25 (standing by rescheduling any date after February 13 hearing). Because the Mills deposition will go forward on February 16 with Court action, the Court should deny Plaintiff's motion to compel Mills's deposition as moot.

**II.     For a week, Lowery's counsel knew the deposition was not happening and a motion for a protective order would be pending; Defendants filed the motion for a protective order, yet Plaintiff undertook unnecessary expenses anyway.**

Lowery also asks for expenses and attorney's fees under Rule 37(d)(1)(A) for flying from Seattle to Austin and taking a non-appearance of Mills on January 29. See Dkt. 89 (Motion) at 5. The Court should deny that motion as well. Lowery's counsel incurred fees unnecessarily because, one week before the scheduled January 29 deposition date, Defendants sent Lowery's counsel written confirmation that Mills would not appear for a deposition on that date.

Whether sanctions should be awarded under Rule 37(d) turns on whether the non-appearance was substantially justified. Rule 37(d)(2) adds another requirement that if a party seeks to excuse the non-appearance because the discovery is objectionable, then that party must have "a pending motion for a protective order under Rule 26(c)." Finally, there should be no fee award if Lowery's counsel's expenses and fees are unreasonable and manufactured, because any such award would be unjust. Further, the award would be unjust because Mills's non-appearance was substantially justified under Rule 37(d) and Defendants satisfied Rule 37(d)(2). Accordingly, no expenses should be awarded.

Lowery's expenses and fees were all unnecessarily incurred because Defendants communicated clearly to Lowery's counsel that they would not allow Mills to be subjected to improper and harassing discovery. On January 15, Lowery served discovery requests seeking information concerning President Hartzell's son. Dkt. 88-1 (Lowery's Fifth Requests for Production) at 6 (January 15 service date); *see also* Dkt. 88 (Motion for Protection). Four days later, on Friday, January 19, the parties conferred but did not reach any resolution. After the weekend, on January 22, Defendants alerted Lowery's counsel in writing that they would not produce Mills to appear for deposition on January 29 and would be filing a motion for protection. Dkt. 89-5 (Mills Depo) at 5:2–9 (recitation of January 22 Glover email); *see also* Dkt. 88-3 (January 22 Glover email). Four days later, on January 26, Defendants again confirmed Mills's non-appearance, stated that their motion for protection would be filed that day, and reminded Lowery's counsel that he did not travel to formally take a non-appearance because Glover's January 22 email confirming Mills's non-appearance was enough. That same day, Defendants filed a motion for a protective order specifically referencing the Mills deposition. Dkt. 88 (Motion for

Protective Order) at 1 (Protective Order to include topics in deposition), 4 (requesting protective order to include Mills deposition), 5 (Prayer referencing Mills deposition). Thus, Defendants' motion for a protective order and Mills's non-appearance was not an eleventh-hour surprise; Lowery's counsel had known about it for a week before. Nonetheless, Lowery's counsel chose to fly from Seattle to Austin to take an unnecessary non-appearance. Awarding any fees or expenses in these circumstances would be unjust.

Contrary to Plaintiff's assertions, Defendants' motion for protective order and non-appearance occurred in good faith, and do not reflect "cesspool" tactics or "Rambo litigation" with. *Contra* Dkt. 89 (Motion) at 4 (quoting *Turner v. Nationstar Mortg. LLC*, No. 3:14-CV-1704-L-BN, 2015 WL 12765513, at *3 (N.D. Tex. May 14, 2015)). First, Defendants satisfied Rule 37(d)(2)'s requirement that a motion for a protective order be pending, if the basis of non-appearance is that the discovery is objectionable.[1] *See generally* Dkt. 88 (Motion for Protective Order); *see also Turner v. Nationstar Mortg. LLC*, No. 3:14-CV-1704-L-BN, 2015 WL 12765513, at *3 (N.D. Tex. May 14, 2015) (denying motion for sanctions in part because "Plaintiff technically complied with Rule 37(d)(2)'s safe harbor from sanctions" despite the motion having been filed the morning of the deposition) (cited by Dkt. 89 (Motion for Sanctions) at 4). Second, Defendants have good-faith arguments why the discovery is objectionable and harassing, as explained in their motion for Protective Order. *See generally* Dkt. 88. That distinguishes this case from *King v. Fidelity National Bank of Baton Rouge*, where a party cited no authority for a "novel proposition" that the Fifth Circuit lambasted as essentially frivolous in a footnote. 712 F.2d 188, 191, 191 n.7 (5th Cir. 1983). And while "the mere act of filing a motion for a protective order does not relieve a party of the duty to appear;" the award of sanctions remains in the Court's discretion. *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003). Because of Defendants' good-faith objections to Plaintiff's discovery tactics, the efforts at conferral, the one-week advance

---

[1] Lowery cites *MetroPCS v. Thomas*, 327 F.R.D. 600, 615 (N.D. Tex. 2018) for the proposition that a "pending motion for a protective order 'may only protect her from Rule 37(d)(1)(A) sanctions.'" Dkt. 89 (Motion) at 5. But those are the sanctions that Lowery is seeking here. Moreover, in *MetroPCS* this was in contrast to Rule 45(g) sanctions, which are not relevant here. 327 F.R.D. at 615.

notice of non-appearance, and Plaintiff's counsel undertaking unnecessary expenses, the Court should not award Plaintiff any expenses or attorney's fees.[2]

## CONCLUSION

For the reasons above, the Court should deny Plaintiff's Motion to Compel, let the party's agreement on the Mill's deposition stand, and not award Plaintiff any expenses or attorney's fees.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: */s/ Matt Dow*
Charles L. Babcock
Texas State Bar No. 01479500
cbabcock@jw.com
Joel R. Glover
Texas State Bar No. 24087593
jglover@jw.com
Javier Gonzalez
Texas State Bar No. 24119697
jgonzalez@jw.com
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200 – Phone
(713) 752-4221 – Fax

Matt Dow
Texas State Bar No. 06066500
mdow@jw.com
Adam W. Aston
Texas State Bar No. 24045423
aaston@jw.com
100 Congress Ave., Suite 1100
Austin, Texas 78701
(512) 236-2056 – Phone
(512) 691-4456 – Fax

ATTORNEYS FOR DEFENDANTS

---

[2] If there were any late cancellation fees for the videographer or the court reporter that were triggered by January 22, then these expenses may be appropriate. If the Court finds an award of expenses or attorney's fees are appropriate, then the award should be assessed against Defendants' counsel, not Mills.

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 6, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                          */s/ Matt Dow*
                                          Matt Dow