UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD LOWERY,

      *Plaintiff*,

v.

LILLIAN MILLS, *et al.*,

      *Defendants*.

Case No. 1:23-cv-00129-DAE

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF
LILLIAN MILLS AND FOR PAYMENT OF EXPENSES FOR HER NON-APPEARANCE**

REPLY ARGUMENT

**1. Mills's promise to attend her deposition on February 16 does not moot Lowery's motion**

On January 31, the parties rescheduled Lillian Mills's deposition to February 16. Dkt. 100-1 at 2; *see also* Dkt. 89-5 at 5:7-9, 7:22-25; Dkt. 89-1, ¶ 9. But defendant Mills has promised to attend a deposition on a date that the parties mutually agreed upon before. Dkt. 85-1, ¶ 2; Dkt. 83-1, ¶¶ 4-6. That did not stop her from unilaterally cancelling, supposedly to avoid questions about UT President Jay Hartzell's alleged nepotism. Dkt. 83-2 at 2.

"[V]oluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (quotation omitted). When Mills first cancelled her deposition, UT's counsel offered February 15, 16, and 26 as possible rescheduling dates but warned that "[i]f the Court does not rule on our motion [for a protective order]" at the February 13 hearing, "then we may need to find a later date." Dkt. 83-2 at 2. That is, UT stated that even if parties reschedule for February 16, UT may unilaterally cancel a second time and insist on a date sometime after February 26.

Since giving this warning, UT backtracked. Twice now, UT has tried to reassure Plaintiff that the Mills deposition will occur February 16, regardless of what this Court decides at the February 13 hearing. *See* Dkt. 100-1 at 3-4; Dkt. 89-5 at 8:2-19. But the conflicting information—coming from two different UT counsel, who work in different offices and may not be in accord—concerns Plaintiff. And Lowery has learned not to rely on UT's assurances, for Defendants have repeatedly changed information that they previously offered under oath. *See, e.g.*, Dkt. 94 at 6, 8.

Because Lowery has only a promise from UT, nothing prevents Mills from cancelling again. This motion is not moot. An order from this Court, however, will

guarantee that the February 16 deposition occurs. If UT truly "stand[s] by" its promise of a February 16 deposition, *see* Dkt. 100 at 1, it would not object to this Court ordering it to do something that it intends to do anyway.

### 2. Payment of Lowery's reasonable expenses and attorneys' fees are effectively mandatory, as Mills's non-appearance lacked substantial justification

When a party fails to appear for its properly noticed deposition, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added). This Court, therefore, may only deny Plaintiff's motion for expenses and fees if this Court makes a finding of substantial justification or injustice. In contrast, this Court has full discretion to decide if any of the six types of Rule 37(d)(1)(A) sanctions are appropriate. *See* FED. R. CIV. P. 37(d)(1)(A)(i) (stating that the court "*may*, on motion, order sanctions") (emphasis added). Lowery has not requested these sanctions. *See* Dkt. 89 at 7.

A pending motion is a safe harbor only as far as "a pending protective order is merely a necessary condition for excusing a party's failure to appear. It is not alone sufficient." *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 447 (6th Cir. 2020); *see also Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 (D. Nev. 2016) (collecting cases). Indeed, the Fifth Circuit has repeatedly affirmed awards even though the party forced to pay had a motion pending. *See Barnes v. Madison*, 79 F. App'x 691, 706-07 (5th Cir. 2003); *King v. Fid. Nat'l Bank*, 712 F.2d 188, 191-92 (5th Cir. 1983); *see also Hepperle v. Johnston*, 590 F.2d 609, 613-14 (5th Cir. 1979) (affirming the harsher sanction of dismissal for non-appearance, despite pending motion).

UT barely attempts to distinguish these highly analogous cases. *See* Dkt. 100 at 3. True, the *King* court believed that one of the three separate defenses the unsuccessful party offered was borderline frivolous. *King v*, 712 F.2d at 191 & n.7. But the losing party's main argument was that its timely pending motion was a substantial justification that excused non-appearance—exactly UT's contention here. *Compare King*, 712 F.2d at 191-92 *with* Dkt. 100 at 3. And the Fifth Circuit rejected this argument as "the greater error in the [] analysis." *King*, 712 F.2d at 191. *Barnes* is even more analogous, as the unsuccessful party moved for a protective order on the Friday preceding her Monday morning deposition, just like Mills did. *See Barnes*, 79 F. App'x at 707; Dkt. 88 at 7. The Circuit concluded that, "[g]iven the timing," the non-appearing party "could hardly have expected in good faith to receive a court order excusing her attendance" and thus her failure to appear "was not substantially justified." *Barnes*, 79 F. App'x at 707.

UT's pending motion for a protective order is not substantial justification for Mills violating her duty to appear.

### 3. Awarding Lowery's reasonable expenses and fees is just

UT knew for over a month that Plaintiff arranged for a court reporter and videographer to record the deposition. *See* Dkt. 89-2; Dkt. 89-3. Likewise, UT was aware that Lowery's lead counsel must fly in from Seattle and get a hotel for each deposition. *See* Dkt. 83-1, ¶¶ 2, 6; Dkt. 89-1, ¶¶ 6, 8. Far from being "unreasonable and manufactured," *contra* Dkt. 100 at 2, these are normal deposition costs.

Moreover, Lowery did not know that defendant Mills would refuse to attend her deposition until Friday, January 26 at the earliest—one business day before her deposition. On Monday, January 21, UT's counsel emailed, noting that it was "resetting" Mills's deposition date. Dkt. 83-2 at 2. But UT also stated that "[w]e are happy to discuss any of this." *Id.* Accordingly, Lowery's counsel responded that

Lowery would not agree to cancellation but proposed a compromise. *Id.* at 1. Because UT putatively cancelled to keep Mills from questions about Hartzell's alleged nepotism, *see id.* at 2, Lowery offered to hold off inquiring into nepotism until all other questions were answered and then to allow UT to break off the deposition and move for a protective order. Dkt. 89-1, ¶ 5; Dkt. 83-2 at 2. Lowery never received a response, accepting or rejecting this compromise. Dkt. 89-5 at 7:17-20. Later, on Friday, January 26, Lowery conferred in good faith, seeking to resolve this dispute without court involvement. *See* Dkt. 89 at ii.

Conferring in good faith requires "a genuine attempt to resolve the dispute" through the "two-way communication necessary to genuinely discuss any issues and avoid judicial recourse." *Wareka v. Square*, No. 1:21-CV-00382-LY-SH, 2022 U.S. Dist. LEXIS 15598, at *8 (W.D. Tex. Jan. 28, 2022) (citations omitted); *see also Am. Re Syndicate, Inc. v. Gen. Ins. Corp.*, No. 1:22-MC-00643-LY-SH, 2022 U.S. Dist. LEXIS 138602, at *6 (W.D. Tex. Aug. 4, 2022) (defining good-faith conferral as "actually discussing and attempting to resolve issues"). The one-way email sent on Monday, January 21 cannot qualify as conferring in good faith. UT was attempting to present Lowery with a fait accompli.

Thus, until Friday, January 26, Lowery had reason to believe that the parties were still discussing a compromise. *See* Dkt. 89-1, ¶ 5. UT now asserts that "[f]or a week, Lowery's counsel knew the deposition was not happening": that is, cancellation was non-negotiable from Monday, January 22 onwards. Dkt. 100 at 2. But if this were true, then UT never conferred in good faith and the Friday, January 26 conference was a farce—contrary to what UT certified under the penalty of perjury. *See* Dkt. 88 at 1.

Even once UT filed its motion, after business hours on the evening of Friday, January 26, *see* Dkt. 88, Lowery's counsel still had to fly to Austin for the Monday

morning deposition. UT's motion was never granted, and the deposition remained scheduled. "A party cannot unilaterally cancel a properly noticed deposition." *Panzer v. Swiftships, LLC*, 318 F.R.D. 326, 328 (E.D. La. 2016). If Mills decided at the last minute to appear and Lowery's counsel did not show, Plaintiff potentially would be subject to sanctions. As a result, Lowery's counsel had to do exactly what he did—presume the deposition was still happening and fly to Austin. Any other behavior would have violated his duties under the federal rules of procedure.

Lowery's expenses and fees were necessary and reasonable. UT's misconduct wasted these resources, so it is just for this Court to award Lowery's costs.

## CONCLUSION

This Court should compel defendant Mills to appear for her deposition between Feb. 14 and 17 or within seven days of its ruling. This Court should also require that UT, Mills, or her counsel pay Plaintiff's reasonable expenses and fees, caused by Mills's non-appearance at her January 29 deposition.

Respectfully submitted,                              Dated: February 8, 2024

 _ s/Endel Kolde_                                      _ s/Michael E. Lovins_
Endel Kolde                                          Michael E. Lovins
Washington Bar No. 25155                             Texas Bar No. 24032555
Courtney Corbello                                    LOVINS | TROSLCAIR, PLLC
Texas Bar No. 24097533                               1301 S. Cap. Of Texas
Nathan J. Ristuccia                                  Building A Suite 136
Virginia Bar No. 98372                               Austin, Texas 78746
INSTITUTE FOR FREE SPEECH                             Tel: (512) 535-1649
1150 Connecticut Ave., NW                            Fax: (214) 972-1047
Suite 801                                            michael@lovinslaw.com
Washington, D.C. 20036
Tel: (202) 301-1664
Fax: (202) 301-3399
dkolde@ifs.org
ccorbello@ifs.org
nristuccia@ifs.org

*Counsel for Richard Lowery*


[Pursuant to Fed. R. Civ. P. 5(d)(1)(B) and Section 14(c) of the current
Administrative Policies and Procedures for Electronic Filing, no certificate of service
is required for this filing. All parties were served via ECF]

6