UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD LOWERY,

    *Plaintiff*,

v.

LILLIAN MILLS, *et al.*,

    *Defendants*.

Case No. 1:23-cv-00129-DAE

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL
RE: SEARCH AND PRODUCTION OF ALMAZAN AND ALTI'S COMMUNICATIONS
IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION NO. 18**

REPLY ARGUMENT

1. **Lowery's request is based on the Defendants' prior discovery responses, not speculation**

UT complains that Lowery is merely "speculating" that Almazan or Alti discussed his speech with other UT employees. Dkt. 99 at 5-6. This argument ignores the fact that Defendants have already produced an email demonstrating that Almazan and Alti *have* spoken about Lowery's speech not only with UT employees, but with a *defendant* UT employee. Dkt. 79-2. Lowery's request is not based on a speculation that such evidence exists, it's based on evidence that he already *knows* exists.

Lowery is well within his discovery rights to explore all avenues of possible discussions about his speech between Almazan or Alti and a third party. Using carefully selected language, Defendants claim they've already allowed Lowery to do so. But that's not true. Defendants' Response only guarantees that certain evidence of certain conversations between certain people does not exist. Specifically, Defendants point to their interrogatory responses stating that there were no *oral* conversations between Almazan or Alti and either Defendants or specific individuals. Dkt. 99 at 4. First, we know this may not be entirely accurate because Defendant Titman's own email shows that there *was* some sort of oral conversation between himself and Almazan and Alti regarding an article Lowery had written. *See* 79-2. Second, this argument does not ensure that there are no *written* communications between Almazan, Alti and any third-party regarding Lowery's speech. And Lowery is entitled to test this claim regardless, especially in light of the

1

fact that Defendants have already had to change material testimony, such as the now disproven claim that President Hartzell never texted Mills or Burris about Lowery in the summer of 2022.

When it comes to physical evidence, Defendants assert that they and several others have searched for written communications regarding Lowery's speech and that the only one that exists involving Almazan and Alti is the August 8th email. Dkt. 99 at 4. But that assertion does not respond to RFP No. 18. That request asks for communications in Almazan and Alti's possession regarding Lowery's speech. Dkt. 91-1. The RFP is not limited to communications with only certain individuals, nor does it ask those same individuals to produce copies of the communications sought. *Id.*

RFP No. 18 is about what is in Almazan and Alti's possession, not other persons, that UT may have searched already. It is not unreasonable for Lowery to ask what is in the possession of these UT employees, whom the evidence shows have had conversations about his speech. Particularly where Defendants' prior assertions about what is in their possession, or what they remember, have proven to be unreliable. *Compare* Dkt. 99 at 3 (Acknowledging that the "DWQ responses indicate that . . . Titman never communicated with either Professor Almazan or Professor Alti about Lowery's speech activities.") *with* Dkt. 79-2 (e-mail between Titman, Almazan and Alti); *also compare* Dkt. 31-2 at 8, Dkt. 31-3 at 4 (Defendants Mills and Burris' testimony in April that they never exchanged texts with Jay Hartzell about Lowery) *with* Dkt. 60 at 6-7 (admitting in December 2023 that they texted

with Hartzell just days before they tried to pressure Carlos Carvalho into censoring Lowery's speech).

Because of the repeated inaccuracies in Defendants' discovery responses, Lowery must obtain relevant information from other UT employees to "better ensure[] the discovery is full and complete." *Prudential Def. Sols., Inc. v. Graham*, 517 F. Supp. 3d 696, 702 n.2 (E.D. Mich. 2021); *see also Composition Roofers Union Local 30 Welfare Tr. Fund v. Graveley Roofing Enters.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) ("the information Plaintiffs requested cannot be more easily obtained from Defendant. As noted above, Plaintiffs have tried repeatedly to obtain the information from Defendant, without success."). Denying him that ability would be prejudicial and require him to rely on Defendants' proven-unreliable assertions about what evidence does, or does not, exist in this case. Moreover, it would not be difficult for UT to search to conduct targeted searches of these employees' work emails or to ask those employees to conduct self-searches of their personal emails or devices.

2. **Almazan and Alti's communications about Lowery's speech are relevant regardless of whom they are with or whether Lowery is permitted to amend his complaint**

Defendants claim that they are entitled to refuse to produce conversations between Almazan or Alti's and *any* "third party" who does not have direct supervisory authority over Lowery. But these are UT employees, in what is

3

functionally and legally a lawsuit against UT.[1] And, as explained in Lowery's motion, the standard of what is discoverable is not based on the parsing of such details but, instead, need only be "relevant to any party's claim or defense and proportional to the needs of the case." Dkt. 91 at 5 (quoting Fed. R. Civ. P. 26(b)(1)). Lowery made clear that Almazan and Alti's communications could support other evidence obtained that suggests UT employees were engaged in a campaign against Lowery's speech, which eventually involved bringing their "concerns" to those who do have supervisory authority to Lowery and causing Lowery to be counseled. *See id.* at 5-6. Moreover, they may have been acting in coordination with others. Such evidence would be relevant to either Lowery's original or proposed Amended Complaint. And if the evidence showed that Hartzell, or someone close to him, communicated Almazan and Alti about Lowery, that would provide further support for Lowery's motion to amend his complaint.

Because Lowery's Motion to Compel provided this same explanation as to the relevance of Almazan and Alti's communications, the burden shifted to Defendants to show why the discovery was irrelevant or burdensome. *Id.* at 5 (quoting *Medina v. Schnatter*, No. 1-22-CV-498-LY, 2022 U.S. Dist. LEXIS 106547, at *3 (W.D. Tex. June 15, 2022)). Defendants' Response makes no attempt to do so. Instead, Defendants make the conclusory assertion that the communications sought are

---

[1] An official-capacity lawsuit is only another way of pleading an action against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015).

4

"completely irrelevant" without explanation and then argue it would burden Almazan and Alti's First Amendment rights to have to comply with a discovery request for communications in their possession. Dkt. 99 at 6-7. Defendants did not object to RFP No. 18 based on a First Amendment right (*see* Dkt. 91-2), thus, this argument is waived.

Further, UT has failed to plead specific facts showing that "disclosure of the information may expose its members to economic reprisal, loss of employment, threat of physical coercion, [or] other manifestations of public hostility" nor even that Lowery's discovery request qualifies as a "state action which may have the effect of curtailing the freedom to associate." *Young Conservatives Found. v. Univ. of N. Tex.*, No. 4:20-CV-973-SDJ, 2022 U.S. Dist. LEXIS 132093, at *6-7 (E.D. Tex. Jan. 11, 2022) (cleaned up). This failure is fatal to Defendants' attempt to avoid discovery on First Amendment grounds. *See T.S. by & through P.O. v. Burke Found.*, No. 1:19-CV-809-RP, 2021 U.S. Dist. LEXIS 168252, 2021 WL 3924796, at *3 (W.D. Tex. June 29, 2021) ("boilerplate, and unsupported objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections."). Defendants have provided no explanation why a quick search on a targeted subject within a three-month period would be burdensome.

## CONCLUSION

This Court should compel Defendants to comply with Plaintiff's RFP No. 18 and produce Almazan and Alti's communications concerning Richard Lowery on an expedited basis.

5

| | |
|---|---|
| Respectfully submitted. | Dated: February 8, 2024 |
| *s/Endel Kolde* | *s/Michael E. Lovins* |
| Endel Kolde | Michael E. Lovins |
| Washington Bar No. 25155 | Texas Bar No. 24032555 |
| Courtney Corbello | LOVINS \| TROSLCAIR, PLLC |
| Texas Bar No. 24097533 | 1301 S. Cap. Of Texas |
| Nathan J. Ristuccia | Building A Suite 136 |
| Virginia Bar No. 98372 | Austin, Texas 78746 |
| INSTITUTE FOR FREE SPEECH | Tel: (512) 535-1649 |
| 1150 Connecticut Ave., NW, Ste 801 | Fax: (214) 972-1047 |
| Washington, D.C. 20036 | michael@lovinslaw.com |
| Tel: (202) 301-1664 | |
| Fax: (202) 301-3399 | |
| dkolde@ifs.org | |
| ccorbello@ifs.org | |

*Counsel for Richard Lowery*

[Pursuant to Fed. R. Civ. P. 5(d)(1)(B) and Section 14(c) of the current Administrative Policies and Procedures for Electronic Filing, no certificate of service is required for this filing because all parties' counsel are registered for ECF service]