UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RICHARD LOWERY,** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**LILLIAN MILLS, IN HER** §<br>**OFFICIAL CAPACITY AS DEAN** §<br>**OF THE MCCOMBS SCHOOL OF** §<br>**BUSINESS AT THE UNIVERSITY** §<br>**OF TEXAS AT AUSTIN, ET AL.,** §<br>*Defendants* § | No. 1:23-CV-00129-DAE |

**AMENDED ORDER**

Before the Court are nine motions referred to the Court for disposition. Those motions can be found at docket entries 60, 62, 66, 68, 71, 73, 88, 89, and 91. The Court set the motions for hearing, Dkt. 92, and after considering the parties' filings, the arguments at the hearing, and the applicable law, the Court announced its rulings on the motions, along with the reasons for those rulings, on the record. This written order memorializes those rulings.[1]

Plaintiff's Motion to Compel re UT's Privilege Log, Dkt. 60: **GRANT IN PART AND DENY IN PART**. Regarding Plaintiff's argument that Defendants improperly withheld documents pursuant to the attorney-client privilege, the undersigned conducted an *in camera* review of the withheld documents, and after considering the

---

[1] In the previous order on these motions, the Court neglected to include a ruling regarding Defendants' privilege log, which is the subject of Dkt. 60. This amended order adds language addressing that ruling, *infra* at 2, and otherwise makes no other changes to the previous order.

1

log entries, the withheld documents, and the record in support of the privilege assertion (including the declaration of Amanda Cochran-McCall, Dkt. 61-2), the undersigned concluded that Defendants properly asserted the attorney-client privilege as to the communications listed in Defendants Amended Privilege Log, Dkt. 61-1. Accordingly, the Court **DENIES** the motion as to these communications (moreover, the parties agree that Defendants' amended log addressed Plaintiff's concerns regarding the completeness of the entries).

Plaintiff also objected to Defendants' failure to log communications responsive to their Interrogatories 2 and 7. The Court finds that Defendants should have also included any communications responsive to these interrogatories that were withheld pursuant to the attorney-client privilege and therefore **GRANTS** the motion as to these communications and **ORDERS** Defendants to serve a supplemental privilege log including these communications within 14 days of this order.[2]

The Court **FURTHER ORDERS** Defendants to supplement, by the same date, the entry at line 7 of their Amended Privilege Log, *see* Dkt. 61-1, at 5, to include the sender of each individual message within text chain and the time and date of each individual message.

Defendants' Motion to Compel Privilege Log and Discovery Responses, Dkt. 62: **GRANT IN PART AND DENY IN PART**. As to Defendants' complaints about Plaintiff's privilege log, the Court **GRANTS** the motion and **ORDERS** Plaintiff to

---

[2] Note that the Court intends for the deadlines imposed in the previous order to be the same, so, for example, where a party is instructed to supplement production "within 14 days of *this* order," those 14 days still run from the date of the previous order.

produce a supplemental privilege log specifically (1) describing the content sufficiently to assess the assertion of the privilege and (2) identifying the privilege asserted within 14 days of Defendants' identifying the specific communications from the present log for which this additional information is needed.

As for Defendants' motion to compel Plaintiff to respond to RFPs 6, 7, 13, and 29, the Court **GRANTS IN PART AND DENIES IN PART** this portion of the order and **ORDERS** Plaintiff to respond, within 14 days of this order, with any responsive documents related to his public speech regarding the University of Texas or other communications related to his claims in this case.

Non-Party Kelly Kamm's Opposed Motion to Quash and for Protection from Plaintiff's Subpoena to Produce Documents, Dkt. 66, and Plaintiff's Brief in Support of Cross-Motion to Compel Compliance with Kamm Subpoena, Dkt. 71: The Court **GRANTS IN PART AND DENIES IN PART** both motions. The Court **ORDERS** Kamm to respond to Plaintiff's subpoena, within 14 days of this order, modified as follows: "All emails or written communications concerning Richard Lowery's, his appearance on the Richard Hanania hosted podcast, or any Tweet or online article authored by Lowery, sent or received between June 1, 2022, and September 1, 2022, that are associated with the email account: mccombsprof@yahoo.com or any other personal email account under the custody and control of Kelly Kamm."

Plaintiff's Opposed Motion to Extend Case Deadlines, Dkt. 68: The Court **DENIES** the motion without prejudice to its being re-urged should circumstances arise necessitating a modification of the scheduling order.

3

Defendants' Opposed Motion for Entry of Western District Standard Protective Order, Dkt. 73: The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion and **ORDERS** the parties to file, within 7 days of this order, the form Western District Protective Order, found at Appendix H-2 of the Local Rules website, modified to include the second addition proposed by Plaintiff at Dkt. 77-3, at 3, adding "plaintiff's personal emails and text messages about non-UT business" to the definition of Classified Information, and adding the first addition proposed by Plaintiff at Dkt. 77-3, at 4, adding language to the definition of AEO material.

Defendants' Opposed Motion for Protective Order from Plaintiff's Fifth Set of Requests for Production and Related Topics for Depositions, Dkt. 88: The Court **GRANTS** the motion without prejudice to Plaintiff's re-raising these topics as appropriate for discovery should the Court grant Plaintiff's motion to amend his complaint, found at Dkt. 94. That is not to say that granting the leave to amend will necessarily render this material discoverable. The Court simply offers this clarification to ensure that the parties understand that the ruling on this motion for protection does not foreclose a consideration of the merits of Plaintiff's arguments on this topic should the requested leave to amend the complaint be granted.

Plaintiff's Motion to Compel the Deposition of Defendant Lillian Mills and for Payment of Expenses for her Non-Appearance, Dkt. 89: The Court **DENIES AS MOOT** Plaintiff's motion to compel and **DENIES** the requested sanctions.

Plaintiff's Motion to Compel re: Search and Production of Almazan and Alti's Communications in Response to Plaintiff's Request for Production No. 18, Dkt. 91:

4

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion and **ORDERS** Defendants to obtain from Almazan and Alti responsive documents to RFP 18, as modified: "… concerning Richard Lowery's ~~or his~~ speech …".

SIGNED February 14, 2024.

                                                  DUSTIN M. HOWELL
                                                  UNITED STATES MAGISTRATE JUDGE