UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RICHARD LOWERY,<br><br>  PLAINTIFF,<br><br>v.<br><br>LILLIAN MILLS, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; ETHAN BURRIS, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas-Austin; and CLEMENS SIALM, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas-Austin,<br><br>  DEFENDANTS. | Case No. 1:23-CV-00129-DAE |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO ADD JAY HARTZELL AS DEFENDANT

Lillian Mills, in her official capacity as Dean of the McCombs School of Business at the University of Texas at Austin; Ethan Burris, in his official capacity as Senior Associate Dean for Academic Affairs of the McCombs School of Business at the University of Texas at Austin; and Clemens Sialm, in his official capacity as Finance Department Chair for the McCombs School of Business at the University of Texas at Austin (collectively "Defendants") file this opposition to Plaintiff Richard Lowery's Motion for Leave to Amend Complaint and to Add Jay Hartzell as Defendant (Dkt. 94; hereafter "Motion"):

**INTRODUCTION**

Lowery's original complaint and proposed amended complaint seek the same ultimate relief: an injunction and declaratory relief against the University officials who have control over his position at the Salem Center (and the related $20,000 annual stipend) that would prevent them from removing him from that position based upon his First Amendment activities.[1] Thus, Lowery does not need these amendments to continue to pursuing the relief he has sought from the beginning. Instead, Lowery would surely rely on the amendments as his basis for more burdensome and harassing discovery and an extension of the discovery schedule.

Lowery's Motion displays its own lack of necessity and purpose through both internal inconsistencies and the discrepancies it shares with what he has repeatedly told the Court, including as recently as this week in the hearing on nine discovery motions held on February 13, 2024. For example:

• The Motion claims that Lowery's proposed second claim and addition of President Hartzell as a Defendant "could not have [occurred] earlier," *e.g.*, Motion at 7 (arguing this is a good-faith filing), but also asserts that Lowery's original complaint and proposed amended complaint involve "essentially all the same events, people, and theories," *id.* at 8 (trying to refute prejudice to Defendants),  that "Lowery has long maintained that Jay Hartzell and the President's Office was involved," *id.* at 9 (same), that "the true defendant is not changing—it has always been UT," *id.* at 8 (same), and that "[f]rom the

---

[1] He also seeks injunctive relief that would impermissibly operate as a prior restraint on Defendants' speech rights (such as an injunction prohibiting them from saying Lowery's speech is "uncivil" or "rude"), but that is true of both the original and amended complaints, and regardless which University personnel are named Defendants.

beginning, Lowery suspected that President Jay Hartzell was a central figure in the campaign to silence him," *id.* at 2.

• The Motion argues that Lowery's purported new speech-code claim is really just a sub-claim of the pre-existing self-chilling claim, *id.* at 4, yet his proposed amended complaint includes (more accurately) that claim as an amendment to the previously dismissed retaliation claim (Dkt. 94-4 at 30–34).[2]

• Lowery argues that the Motion is timely and won't interfere with the Court's scheduling order or deadlines, *e.g.*, Motion at 8 (urging that Defendants would have ample time to complete discovery on the amended complaint, in part because it will "barely alter" the discovery in this case), yet Lowery has been seeking to expand the discovery period since before he filed his motion to amend, (Dkt. 68 (Opposed Motion to Extend Case Deadlines)), and Lowery requested that Judge Howell's denial of his motion to amend the scheduling order be without prejudice so that he could once again seek to expand the discovery calendar down the road, Hearing (Feb. 13, 2024) (Transcript forthcoming).

Lowery does not need to amend his complaint in order to seek the relief he demands. Accordingly, the request for leave to amend at this time (with the sure-to-follow increase in discovery demands upon more and more uninvolved University personnel and a renewed request to expand the discovery timelines) should be denied for at least the reasons that is has been filed in bad faith or with dilatory motive, would cause undue prejudice, and is ultimately futile.

---

[2] Defendants' argument here is not merely semantic/technical regarding the placement of the new paragraphs within Claim 2. Rather, as shown below, Lowery's new claim is merely a repackaged retaliation claim based upon the already rejected allegations that UT has taken action against him for his speech and seeking the same previously foreclosed relief. *See infra* at 7–8.

**BACKGROUND**

The Court is well aware of the general factual and procedural background to date, so Defendants provide below only the particular facts relevant to this motion.

Lowery sued three University officials in February 2023, asserting two claims: (1) the state-actor Defendants chilled his speech in violation of his First Amendment rights and (2) Defendants retaliated against him for exercising his First Amendment rights. (Dkt. 1 at 20–24). Lowery sought injunctive and declaratory relief, (Dkt. 1 at 24–25), and shortly thereafter he sought a preliminary injunction (Dkt. 8). In the P.I. motion, Lowery clarified that his chilled-speech claim was based upon his professed chilling of his own speech that he allegedly began in August 2022 (Dkt. 8 at 10–15, 19). Defendants opposed the motion for a preliminary injunction (Dkt. 14) and filed a motion to dismiss the complaint in its entirety (Dkt. 15).

The Court denied Lowery's preliminary injunction motion and granted in part Defendants' motion to dismiss. (Dkt. 51). Specifically, the Court granted the motion to dismiss as to count 2 of the complaint "[b]ecause [Plaintiff] has not sufficiently alleged an adverse employment action" to support a First Amendment retaliation claim. (Dkt. 51 at 24). The Court did not dismiss the chilled-speech claim, finding that Lowery had "sufficiently alleged that Defendants' threats would chill a person of ordinary firmness from publicly criticizing [the University]." (Dkt. 51 at 25).

**ARGUMENT**

1.  *The Standards for Amending a Complaint*

At this stage in the litigation, the Federal Rule governing pleading amendments requires the opposing party's consent or leave from the Court, which "[t]he Court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In evaluating whether to grant leave, district courts should " 'examine five considerations . . . (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, (5) futility of

the amendment.'" *Morales v. Copestone Gen. Contractors*, 2024 WL 492396, *2 (W.D. Tex. Feb. 8, 2024) (quoting *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016)). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Here, several of these factors weigh in favor of denying leave to amend: bad faith or dilatory motive, undue prejudice, and futility.

The Fifth Circuit has noted that when a plaintiff that had known of the underlying facts of his claim before filing suit yet waited nine months after initiating the action to seek to amend, there could be an "inference that the party was engaging in tactical maneuvers to force the court to consider various theories seriatim . . . and . . . denial of leave to amend on the grounds of bad faith may be appropriate." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993) (citation omitted). Similarly, waiting to add a new defendant whom plaintiff knew about from the outset of the litigation could show bad faith or dilatory motive. *Morales*, 2024 WL 492396, at *3 (citation omitted). An amendment that leads to a significant expansion of discovery can cause undue prejudice. *E.g.*, *SMH Enter., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 562 (E.D. La. Feb. 2, 2022). As for futility, an amendment would be futile if the new claim could not survive dismissal under Rule 12(b). *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) (per curiam) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

    2.    *Adding Hartzell as a New Defendant is Neither Necessary Nor Appropriate*

Lowery's recent discovery conduct has shown his intention to harass Hartzell, rather than pursue legitimate, relevant discovery. The Court recently denied Lowery's demand to conduct discovery relating to Hartzell's son, who has nothing to do with this case. (Dkt. 110 at 4) (Amended Order, granting Defendants' Motion for Protective Order (Dkt. 88)). Considering Lowery's

willingness to engage in these efforts against Hartzell as a non-party, there is no reason to believe Lowery would change course if Hartzell becomes a Defendant.

Moreover, Lowery has no need to add Hartzell as a Defendant because the injunctive and declaratory relief he seeks would be effective if awarded against the current Defendants—Dean Mills, Senior Associate Dean Burris, and Finance Department Chair Sialm are the appropriate parties to enjoin from refusing to reappoint Lowery to his position at the Salem Center if the Court ultimately finds that an injunction is appropriate and warranted. **Ex. A** (2023 Reappointment Letter). Enjoining Hartzell from those acts would add nothing to the relief obtained by Lowery because Hartzell is not involved in those decisions, nor could he interfere with them without violating this Court's order if an injunction is entered against the current Defendants.

Finally, the Court should give no credence to Lowery's assertion that he could not have added Hartzell as a defendant any earlier (*i.e.*, at a time that would have been less likely to cause delays and another demand from Lowery for an expansion of the discovery schedule).[3] Lowery mentioned Hartzell eight times in the Original Complaint (*see generally* Dkt. 1), eight times in his Preliminary Injunction motion (*see generally* Dkt. 8), and nine times in his reply brief in support of his PI motion (*see generally* Dkt. 17), in which Lowery claimed that he already had "credible evidence . . . that UT President Jay Hartzell wanted Lowery silenced" (Dkt. 17 at 1) and claimed it was "conspicuous[]" that Hartzell did not provide a declaration in support of Defendants' opposition to the PI motion (Dkt. 17 at 1). If Lowery believed it was necessary to sue Hartzell to obtain the relief he seeks, he would have done so long ago. To the contrary, Lowery again argued at this week's hearing that he didn't need to name someone as a defendant to pursue discovery from them directly, and the Court has permitted

---

[3] To be sure, the Court denied Lowery's initial request to expand the discovery schedule (Dkt. 110 Amended Order at 3) but there is little doubt that Lowery will renew that request if the amended complaint is permitted.

him to do so. (Dkt. 110 Amended Order at 3–4). Lowery should not be permitted to have it both ways.

### 3. *Lowery Should Not Be Permitted to Re-Insert the Dismissed Retaliation Claim By rebranding it as a Speech-Code Claim*

Lowery seeks leave to add a new speech-code claim to replace the retaliation claim that the Court dismissed six months ago. (Dkt. 51 at 24, 26) (Order dismissing claim 2 of the Original Complaint); (*see also* Dkt. 94-4 at 30–34) (Proposed Amended Complaint, Count Two). But the Court dismissed the retaliation claim because Lowery's allegations that Defendants threatened "to reduce his pay, involuntarily end his affiliation with the Salem Center, reduce his access to research opportunities, inquire about his tweets, labeling him, requesting that his speech be placed under police surveillance, or otherwise disciplining him" were "insufficient to establish an adverse employment action because even if true they alleged only "the mere threat or potential of an ultimate employment decision," (Dkt. 51 at 24). The amended complaint relies on the same allegation of retaliation, for which there is no evidence. (Dkt. 94-4 at 33, paragraph 127 of the Amended Complaint makes the same unfounded allegation seeking to elevate non-retaliatory acts to actionable conduct); *see also* **Ex. A** (Salem Center Reappointment); **Ex. B** (Lowery's 2023 raise).

The Amended Complaint seeks to impose liability for the very same conduct that the Court already determined has not occurred and would not be actionable in any event: it urges that UT "allows for administrators to counsel or discipline faculty for 'uncivil' or rude speech'" (Dkt. 94-4 at 31, paragraph 120); complains that the alleged unwritten speech code allows for the labeling of speech as "disruptive" (*id.*, paragraph 121); complains about the potential for being labeled as "rude" or being asked to tone-down speech (*id.* at 32, paragraph 123); suggests that this alleged speech code is selectively enforced (*id.*, paragraph 124); argues that Lowery has been retaliated against through "labeling" of his speech and seeking to have him "counseled" (*id.* at 33, paragraph 127). Given these allegations, Lowery accurately made them in the context of a retaliation claim—but that is the claim

already foreclosed by the Court. More than a year after this lawsuit was filed, there is still no evidence that Lowery can point to that anyone has retaliated against him for his speech. The Court was correct to dismiss the retaliation claim in its order on the motion to dismiss; there is no basis for the Court to allow Lowery to reinsert a retaliation claim into this case through creative pleading to call it a speech-code claim.

Moreover, the proposed speech-code claim would be subject to all of the Rule 12(b) arguments that supported dismissal of the original retaliation claim. If the amended claim is permitted, Defendants will be entitled to seek relief under Rule 12(b) prior to the conducting of any discovery on that new claim, and they will promptly do so. Amendment to revive a retaliation claim is futile under the circumstances, providing the Court ample justification to deny leave to amend.

## CONCLUSION

The Court should deny the motion for leave to amend.

        Respectfully submitted,

        JACKSON WALKER LLP

By: */s/ Matt Dow*
    Charles L. Babcock
    Texas State Bar No. 01479500
    cbabcock@jw.com
    Joel R. Glover
    Texas State Bar No. 24087593
    jglover@jw.com
    Javier Gonzalez
    Texas State Bar No. 24119697
    jgonzalez@jw.com
    1401 McKinney Street, Suite 1900
    Houston, Texas 77010
    (713) 752-4200 – Phone
    (713) 752-4221 – Fax

    Matt Dow
    Texas State Bar No. 06066500
    mdow@jw.com
    Adam W. Aston
    Texas State Bar No. 24045423
    aaston@jw.com
    100 Congress Ave., Suite 1100
    (512) 236-2056 – Phone
    (512) 691-4456 – Fax

    ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 16, 2024, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties via the Court's ECF system.

                                        */s/ Matt Dow*
                                        Matt Dow