IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | No. 1:23-CV-129-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| LILLIAN MILLS, in her capacity as | § | |
| Dean of the McCombs School of | § | |
| Business at the University of Texas at | § | |
| Austin, ETHAN BURRIS, in his official | § | |
| capacity as Senior Associate Dean for | § | |
| Academic Affairs of the McCombs | § | |
| School of Business at the University of | § | |
| Texas-Austin, SHERIDAN TITMAN, in | § | |
| his official capacity as Finance | § | |
| Department Chair for the McCombs | § | |
| School of Business at the University of | § | |
| Texas-Austin, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS

The matter before the Court is Plaintiff Richard Lowery's ("Plaintiff"

or "Lowery") Statement of Appeal of Magistrate Judge's February 13 and

February 15, 2024 Orders (Dkts. ## 110, 112). (Dkt. # 116.) Plaintiff contends

these discovery orders correctly ordered the University of Texas ("UT") to disclose

certain relevant evidence, but erred as to several important issues within the

motions. (Id.) The Court reviews such orders for clear error; upon consideration

of the appealed orders, Plaintiff's proffered ground for reversal, and the applicable law, the Court discerns in the Order not only no clear error, but no error at all, and for the reasons below, will **AFFIRM** the Orders.

## BACKGROUND

This is a free speech case in which Plaintiff, a professor at UT, has used social media and online opinion articles to publicly criticize university officials' actions, and has asked elected state-governmental officials to intervene. (Dkt. # 1.)  Plaintiff believes that UT officials have attempted to silence his speech by threatening his job, pay, institute affiliation, research opportunities, academic freedom, and labeled his behavior as inviting violence or lacking in civility. Fearing further retribution, Plaintiff alleges that he began self-censoring and slowed down his social media use as well as altered his topics of speech in academic settings.

On February 2, 2023, Plaintiff filed suit in this Court alleging claims against Defendants for violations of his First Amendment Right of Free Speech pursuant to 42 U.S.C. § 1983 for Chilling of Free Speech by State Actors, and Retaliation for his Protected Speech.  (Dkt. # 1.)  On September 5, 2023, the Court

dismissed without prejudice Plaintiff's retaliation claim, and the chilled speech claim is the only claim now before the Court.[1]  (Dkt. # 51.)

On February 14, 2024, the Magistrate Judge filed an Amended Order on nine pending motions, including: (1) Plaintiff's motion to compel production of three documents (Dkt. # 60); (2) Defendants' motion to compel privilege log details (Dkt. # 62); (3) Defendants' motion for protective order regarding nepotism allegations (Dkt. # 88); and (4) Plaintiff's motion for payment of expenses for Lillian Mill's failure to attend deposition (Dkt. # 89).  (Dkt. # 110.)  On February 15, 2024, the Magistrate Judge also filed an Order on Defendants' opposed motion to compel privilege log and discovery responses.  (Dkt. # 112.)

After the Magistrate Judge filed his non-dispositive Orders, on February 27, 2024, Plaintiff filed an appeal challenging portions of the Magistrate Judge's ruling on the motions.  (Dkt. # 116.)  Defendants did not file any response.

<u>LEGAL STANDARD</u>

Plaintiff's appeal challenges the Magistrate Judge's Orders on non-dispositive motions.  <u>See</u> <u>Castillo v. Frank</u>, 70 F.3d 382, 385 (5th Cir. 1995) (considering pre-trial discovery motions to be nondispositive).  Accordingly, the Court must review the Magistrate Judge's Orders under the clearly erroneous or

---

[1] By separate Order, however, the Court is allowing Plaintiff leave to amend his complaint but the amended complaint does not seek to re-allege a retaliation claim. (<u>See</u> Dkt. # 94.)

contrary to law standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see

Castillo, 70 F.3d at 385 (stating that 28 U.S.C. § 636 "specifically requires" the

district court apply the clearly erroneous standard when reviewing a magistrate

judge's ruling on non-dispositive discovery motions).  That standard is a "highly

deferential" one; the Court must affirm the Magistrate Judge's decision unless "on

the entire evidence [the Court] is left with a definite and firm conviction that a

mistake has been committed."  Gomez v. Ford Motor Co., 2017 WL 5201797, at

*2 (W.D. Tex. April 27, 2017) (quoting United States v. United States Gypsum

Co., 333 U.S. 364, 395 (1948)) (internal quotations omitted).  In other words, even

were the Court disposed to differ with the Magistrate—and it is not—such a

difference of opinion would not alone entitle it to reverse or reconsider the Order.

Id. (citing Guzman v. Hacienda Records & Recording Studio, Inc., 808 F.3d 1031,

1036 (5th Cir. 2015)).  The Magistrate Judge's legal conclusions are reviewed de

novo.  Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co., 431 F. Supp. 3d

857, 860 (N.D. Tex. 2020).

## ANALYSIS

Plaintiff appeals the Magistrate Judge's rulings regarding:

(1) withheld UT documents; (2) Plaintiff's privilege log; (3) UT's motion to

compel; (4) discovery into Jay Hartzell's alleged nepotism; and (5) Lillian Mill's failure to attend her deposition.[2]  (Dkt. # 116.)  Each issue is addressed below.

A.     Withheld UT Documents

Plaintiff contends the Magistrate Judge improperly withheld three UT documents because they are mixed business and legal communications which should at least be partly redacted and provided to Plaintiff.  (Dkt. # 116 at 6.) Plaintiff challenges the withholding of: (1) Jay Hartzell's text chain among UT administrators about "media coverage" of the Civitas Institute, referring to advice concerning Lowery that UT's in-house counsel gave Hartzell days earlier; (2) a second text-chain created by non-lawyer leaders at UT deciding how to respond to media coverage; and (3) an email from Mike Rosen circulating legal advice regarding syllabus inquiries.  (Dkt. # 116 at 7–8.)

Upon reviewing the withheld documents in camera, and after considering the privilege log entries and the record in support of the privilege assertion, including the declaration of Amanda Cochran-McCall, UT's Vice-President for Legal Affairs and General Counsel, the Magistrate Judge determined that "Defendants properly asserted the attorney-client privilege as to the communications listed in Defendants Amended Privilege Log, Dkt. # 61-1."  (Dkt.

_____

[2] Plaintiff also appealed the Magistrate Judge's Order on Plaintiff's motion to extend deadlines.  (Dkt. # 116 at 12.)  However, because the deadlines have now been extended by this Court, that issue will be overruled as moot.

# 110 at 2.)  Given his thorough review of the withheld documents, the Court finds that Plaintiff has failed to identify a clear error that would require the Court to reverse the Magistrate Judge's decision on this issue.  Accordingly, the Court will overrule this issue on appeal.

      B.    <u>Plaintiff's Privilege Log</u>

Plaintiff next appeals the Magistrate Judge's decision on his privilege log, arguing that his privilege logs supply far more information than do UT's logs, and that Plaintiff's logs meet the Rule 26 requirements.  (Dkt. # 116 at 9.)  Plaintiff contends that all of his entries supply sufficient information and the time and context also support this conclusion.  (<u>Id.</u> at 10.)  Plaintiff further asserts that Judge Howell did not consider his second argument that the Court should refuse to consider UT's second motion (Dkt. # 93) because UT did not confer in good faith prior to filing the motion.  (<u>Id.</u> at 11.)

The Magistrate Judge determined that Plaintiff's privilege log needed to be supplemented with: (1) a sufficient description of the content in order to assess the assertion of the privilege, and (2) an identification of the privilege asserted within 14 days of Defendants' identifying the specific communications from the present log for which the additional information is needed.  (Dkt. # 110 at 2–3.)  The Court finds that it is not clearly erroneous that Plaintiff's privilege log needs to be supplemented with more description, and in response to Defendant's

identification of the specific communications for which the information is needed.

Additionally, the Court will assume the Magistrate Judge—in considering

Plaintiff's argument that no conference was made before Defendants filed their

motion—carefully considered this argument in both the briefings to the Court and

while holding the hearing on the motion.  Accordingly, finding no clear error, the

Court will overrule Plaintiff's objections.

  C. <u>UT's Motion to Compel</u>

    Plaintiff appeals the Magistrate Judge's decision on UT's motion to

compel further responses to its Requests for Production's ("RFP") 6, 7, 13, and 29,

arguing that Judge Howell should have provided explicit criteria for Plaintiff to

implement the order, including focused search terms, date restrictions, or other

limitations.  (Dkt. # 116 at 12.)  Plaintiff contends that the Magistrate Judge's order

leaves Plaintiff "exposed to UT's unreasonable demands for communications about

his dissident activities."  (<u>Id.</u>)

    At the hearing, in considering the motion to compel, the Magistrate

Judge stated that he was granting in part and denying in part the motion as to

RFP's 6, 7, 13, and 29.  (Dkt. # 114 at 94.)  He stated that "it needs to be narrowed

to communications related to his public speech regarding the University of Texas

or other communications related to his claims in this case, " because it "is within

the universe of relevance and would exclude some of the other private

communications that have nothing to do with this case, but would otherwise be responsive to a very broadly worded discovery request." (Id. at 94–95.) The Magistrate Judge further stated that "I think to give you the cover you want in terms of ensuring that the scope of these communications has been properly reigned in, it may be that there's not anything else to produce. I don't know that I can provide much more clarity and that maybe you guys can benefit from a conversation on it." (Id. at 95.)

In considering the Magistrate Judge's ruling on the RFPs, the Court finds no clear error in Judge Howell's ruling. Instead, the record demonstrates he carefully reviewed the RFPs and made his decision that the communications requested needed to be narrowed and any further guidance on the issue should be communicated with opposing counsel. Accordingly, the Court will overrule this objection.

   D.   <u>Discovery into Nepotism</u>

Plaintiff next argues the Magistrate Judge erred in his decision on discovery related to allegations that UT President Jay Hartzell used state resources to advantage his son in admission to UT. (Dkt. # 116 at 14.) Plaintiff contends that such allegations are relevant to whether Lowery's statements about Hartzell are legally protected speech, or the truth of Lowery's public comments. (Id.) Plaintiff asserts that his public criticisms are protected. (Id.) Additionally,

8

Plaintiff maintains the discovery is also relevant to his allegations that UT was motivated to silence his speech and stifle his criticisms.  (Id. at 15.)

At the hearing on the motion, Judge Howell granted the motion for protective order, ruling that "discovery related to this nepotism theory is not relevant in balance with the burdensomeness of that discovery request, at least as the scope of discovery is presently defined by plaintiff's live complaint and U.T.'s defenses." (Dkt. # 114 at 97.)  Judge Howell further stated that he would grant the motion without prejudice in case Plaintiff's complaint was amended, although he noted that he still had "some question as [to] whether it would be relevant even if the hypocrisy remarks would be added to the Amended Complaint."  (Id.)

The Court finds no clear error in the Magistrate Judge's ruling on this issue, especially where he granted the motion on this issue without prejudice. Accordingly, the Court will overrule this issue.

E.    Failure to Attend Deposition

Plaintiff next takes issue with the Magistrate Judge's ruling on Plaintiff's motion to compel the deposition of Lillian Mills and for payment of expenses for her non-appearance.  (Dkt. # 116 at 18.)  Plaintiff contends that binding precedent holds that Mills' non-attendance at her properly noticed deposition was not substantially justified.  (Id.)

9

After carefully listening to argument on the motion, the Magistrate Judge denied as moot Plaintiff's motion to compel the Mills deposition and denied the request for sanctions.  (Dkt. # 114 at 98.)  Judge Howell determined that Mills' failure to attend the deposition was substantially justified and that the parties knew there was a conflict in the date and that the motion for protection was forthcoming. (Id.)  And, the Magistrate Judge noted that "even as plaintiff's counsel stated, expenses potentially could have been avoided, but they chose to incur them to make a point, but I think under the circumstances it's not appropriate to award Rule 37 sanctions here."  (Id.)  Given his detailed consideration, the Court finds the Magistrate Judge's ruling in this matter was not clearly erroneous.  Therefore, the Court will overrule this issue on appeal.

CONCLUSION

Based on the foregoing, the Court will **AFFIRM** the Magistrate Judge's Orders (Dkts. ## 110, 112) to which Plaintiff has objected (Dkt. # 116).  It is further **ORDERED** that this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, March 26, 2024.

_____
David Alan Ezra
Senior United States District Judge

10